IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

| | | |
|---|---|---|
| Hiram Patterson, Texas Division, Sons of Confederate Veterans, Inc., Plaintiffs, | § § § § § | |
| v. | § § | |
| Mike Rawlings, In His Official Capacity as Mayor of the City of Dallas, and Scott Griggs, Adam Medrano, Casey Thomas, II, Dwaine Caraway, Rickey Callahan, Omar Narvaez, Keven Felder, Tennell Atkins, Mark Clayton, Adam McGough, Lee Kleinman, Sandy Greyson, Jennifer Gates, Philip Kingston, In Their Official Capacities as Members of the Dallas City Council, Defendants. | § § § § § § § § § § § § § § § § | Civil Action No. 17-2361 |

PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER

A. INTRODUCTION

1.  Plaintiffs are HIRAM PATTERSON; and the TEXAS DIVISION, SONS of CONFEDERATE VETERANS, INC.; defendants are MIKE RAWLINGS, in his OFFICIAL CAPACITY as MAYOR of the CITY of DALLAS, and SCOTT GRIGGS, ADAM MEDRANO, CASEY THOMAS,

DWAINE CARAWAY, RICKEY CALLAHAN, OMAR NARVAEZ, KEVIN FELDER, TENNELL ATKINS, MARK CLAYTON, ADAM MCGOUCH, LEE KLEINMAN, SANDY GREYSON, JENNIFER GATES, and PHILIP KINGSTON, in their OFFICIAL CAPACITIES as MEMBERS of the DALLAS CITY COUNCIL.

2. Plaintiffs sued defendant for (1) abridgement of Free Speech and (2) abridgment of Due Process. A copy of the original complaint is attached as Exhibit A.

3. Plaintiffs allege that defendants have made concrete plans and have publicly announced that defendants plan to remove the Lee Monument in Lee Park immediately after the Dallas City Council meeting on Thursday, September 6, 2017, at 12 p.m.

4. An affidavit that proves the allegations in this motion for temporary restraining order is attached and incorporated by reference.

## B. ARGUMENT

5. Plaintiffs will likely suffer imminent injury, if defendants are not immediately restrained from removing the Lee Monument. Fed. R. Civ. P. 65(b)(1); *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008). Defendants have publicly announced that they plan to remove the Confederate Monument after their scheduled meeting. The removal of the Monument will abridge plaintiffs' free speech and create irreparable harm. *Elrod v. Burns,* 427 U.S. 347, 373 (1976).

6. Plaintiffs will suffer irreparable injury, because the defendants will remove the Confederate Monument. Fed. R. Civ. P. 65(b)(1); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "The loss of First Amendment interests were either threatened or in fact being impaired at the time relief was sought. The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). The Monument communicates minority political speech that the City has agreed to has been promoting for over a century. The removal would abridge plaintiffs' constitutional right to core political speech.

7. Defendants' removal of the Monument without procedural due process will abridge the political speech of the monument. Defendants are state actors who are ordaining the political meaning of political symbols in a public forum. This government determination of political symbols in a public forum without a showing of any compelling interest in making the determination and without due process is a continuing irreparable harm, as contemplated under *Texas v. Johnson*, 491 U.S. 397, 397-98 (1984) and *Elrod*, 427 U.S. at 373.

8. There is no adequate remedy at law, because any legal remedy would be merely illusory. *Northern Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306 (1984). The denial of free speech and due process cannot be readily reduced to monetary damages. The only adequate remedy

to the abridgment of free speech is the injunctive demand to resume the abridged free speech and to provide the denied due process.

9. There is a substantial likelihood that the plaintiffs will prevail on the merits. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975). Case law on this issue clearly shows that government actors may not enforce their own interpretation of political messages on political symbols in a public forum. *Johnson*, 491 U.S. at 415. In addition, the monuments are not government speech, as the case law in this area is easily distinguishable under the facts of this case. Plaintiffs are confident that the Court will agree defendants' abridging the long-standing tradition of political speech in a public forum should be remedied by the Court's authority.

10. The on-going harm to plaintiffs outweighs the harm that a temporary restraining order would inflict on defendant. *Winter*, 555 U.S. at 24; *Yakus v. United States*, 321 U.S. 414, 440 (1944). Plaintiffs will experience immediate and irreparable harm by the denial of political speech communicated by the Monument. *Elrod*, 427 U.S. at 373. Defendant will suffer no harm by allowing the Monument to stand.

11. Issuance of a temporary restraining order would not adversely affect the public interest and public policy, because issuance of the order would serve the public interest. *See Winter*, 555 U.S. at 24-26. Indeed, the benefit to third parties would be enormous, as the Monument to a historic event poses no actual harm. Indeed, the order would mark the end of the

Orwellian terror that defendants are attempting to inflict on the citizens of Dallas.

12. Plaintiffs are willing to post a bond in the amount the Court deems appropriate. However, plaintiffs are filing this cause in the public interest and request that the Court order no or a nominal bond. *Kaepa, Inc., v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996). Firstly, defendant stands in no financial risk by the issuance of the requested injunction. And secondly, plaintiffs are suing in the public interest and stand to recover no damages in this action.

13. The Court should enter this temporary restraining order without notice to defendant, because plaintiffs will likely suffer immediate and irreparable injury, loss, or damage if the order is not granted before defendant can be heard and there is no less drastic way to protect plaintiffs' interests. Fed. R. Civ. P. 65(b)(1); *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 106 (2d Cir. 2009); *see also Benchbook for U.S. District Court Judges,* at 239. Defendants have already secured a contractor and announced that the City Council will vote to remove the Lee Monument. Police and a construction crane are standing by Wednesday morning. The removal will occur shortly after the City Council vote.

14. Plaintiffs ask the Court to set the request for a preliminary injunction hearing at the earliest possible time.

## C. CONCLUSION

15. Defendants have publicly announced their plans to remove the Lee Monument this morning. In removing the Monument, defendants will abridge plaintiffs' constitutional guarantees of political speech and procedureal due process. Plaintiffs have serious concerns that defendant state actors' Orwellian agenda will continue without intervention of the Court.

## D. PRAYER

16. For these reasons, plaintiffs ask that the Court do the following:

   a. Order that the City of Dallas not remove the Lee-Park Confederate Monument;

   b. Enter judgment for plaintiffs;

   c. Award attorney costs to plaintiffs;

   d. Award costs of suit to plaintiffs; and,

   e. Grant any other relief the Court deems appropriate.

August 30, 2017

Respectfully submitted,

By: /s KIRK DAVID LYONS
Texas Bar No. 12743500
P.O. Box 1235
Black Mountain, N.C. 28711
E-mail kdl@slrc-csa.org
Tel. (828) 669-5189
Fax (828) 669-5191

CERTIFICATE OF SERVICE

I certify that on September 6, 2017, a copy of this Plaintiff's Motion for Temporary Restraining Order was hand delivered on all defendants at their offices in Dallas City Hall.

/s KIRK DAVID LYONS
Texas Bar No. 12743500
P.O. Box 1235
Black Mountain, N.C. 28711
E-mail kdl@slrc-csa.org
Tel. (828) 669-5189
Fax (828) 669-5191

STATE OF NORTH CAROLINA, §
§
BUNCOMBE COUNTY §

## AFFIDAVIT OF KIRK DAVID LYONS

Before me, the undersigned notary, on this day personally appeared Kirk David Lyons, affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is Kirk David Lyons. I am competent to make this affidavit. The facts stated in this complaint are within my personal knowledge and are true and correct.

2. I have been reading news articles, talking with witnesses, and reading statements made by the parties in this matter."

_____
KIRK DAVID LYONS

SWORN TO and SUBSCRIBED before me by Kirk David Lyons on September 6, 2017.

CHARLEEN TINSLEY
NOTARY PUBLIC
Burke County
North Carolina
My Commission Expires July 24, 2021

_____
Notary Public in and for
The State of North Carolina