IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIRAM PATTERSON and TEXAS DIVISION, SONS OF CONFEDERATE VETERANS, INC., | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Civil Action No. 3:17-CV-2361-D |
| MIKE RAWLINGS, In His Official Capacity as Mayor of the City of Dallas, et al., | § § § § | |
| Defendants. | § | |

## **ORDER**

On September 15, 2017 plaintiffs filed a second amended complaint that contains an application for a preliminary injunction.  Pursuant to Fed. R. Civ. P. 43(c), the court will decide the application on the basis of affidavits, declarations, deposition excerpts, and/or exhibits.  *See, e.g., FSLIC v. Dixon*, 835 F.2d 554, 558-59 (5th Cir. 1987); *E. E. Maxwell Co. v. Arti Decor, Ltd.*, 638 F. Supp. 749, 751 n.3 (N.D. Tex. 1986) (Fitzwater, J.).  The court will convene an evidentiary hearing only if necessary to resolve a controlling fact issue that involves a determination of witness credibility.  This order governs the timing and content of the required submissions.

I

Plaintiffs must file their supporting materials and a separate brief by electronic means.  Until these documents are filed, the court will not calendar the application internally for decision, and no opposing party is required to respond.

The brief must comply with local civil rule 7.2, except that the page limit of LR 7.2(c) is hereby enlarged to 50 pages.  Supporting materials must be contained in an appendix, in the form

prescribed by § IV of this order.  The brief must include citations to each page of the appendix that supports each assertion made concerning the evidence.

If a party against whom injunctive relief is sought has not yet appeared and is not a registered user of ECF in this case, the appendix and brief must be served on the party no later than the calendar day (including Saturdays and legal holidays) that follows the date they are filed with the clerk of court.  Otherwise, delivery of the notice of electronic filing that is automatically generated by ECF when the appendix and brief are filed by electronic means constitutes service under Fed. R. Civ. P. 5(b)(2)(E) on each party who is a registered user of ECF in this case.

II

Defendants must file their opposition materials, and a separate brief, no later than 21 days after the documents required in § I are filed with the clerk of court.

The brief must comply with local civil rule 7.2, except that the page limit of LR 7.2(c) is hereby enlarged to 50 pages.  Opposition materials must be contained in an appendix, in the form prescribed by § IV of this order.  The brief must include citations to each page of the appendix that supports each assertion made concerning the evidence.

If a party entitled to service of the opposition materials and brief has not yet appeared and is not a registered user of ECF in this case, the opposition materials and brief must be served on the party no later than the calendar day (including Saturdays and legal holidays) that follows the date they are filed with the clerk of court.  Otherwise, delivery of the notice of electronic filing that is automatically generated by ECF when the opposition materials and brief are filed by electronic means constitutes service under Fed. R. Civ. P. 5(b)(2)(E) on each party who is a registered user of ECF in this case.

III

Plaintiffs may file a reply brief, but not additional evidence (unless leave of court is first obtained), no later than 14 days after the documents required by § II of this order are filed with the clerk of court. The brief must comply with local civil rule 7.2, except that the page limit of LR 7.2(c) is hereby enlarged to 25 pages.

If a party against whom injunctive relief is sought has not yet appeared and is not a registered user of ECF in this case, the reply brief must be served on the party no later than the calendar day (including Saturdays and legal holidays) that follows the date they are filed with the clerk of court. Otherwise, delivery of the notice of electronic filing that is automatically generated by ECF when the reply brief is filed by electronic means constitutes service under Fed. R. Civ. P. 5(b)(2)(E) on each party who is a registered user of ECF in this case.

IV

Evidentiary materials must be contained in an appendix that meets the following requirements: (A) The appendix must be assembled as a self-contained document, separate from the brief. (B) Non-documentary exhibits (*e.g.*, videotapes and other physical exhibits) and oversized exhibits (*e.g.*, maps and schematic drawings) that are included in the appendix must be filed on paper, not by electronic means, and be placed in an envelope that measures 9 x 12 inches. (C) Each page of the appendix must be numbered legibly in the lower, right-hand corner. The first page must be numbered as "1," and succeeding pages must be numbered sequentially through the last page of the entire appendix (*i.e.,* the numbering system must not re-start with each succeeding document in the appendix). An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page of the appendix.

V

Plaintiffs are not required to serve a copy of this order on any party who has already appeared in this case and is a registered user of ECF in this case.  Otherwise, plaintiffs must promptly serve a copy of this order on every party against whom injunctive relief is sought.

**SO ORDERED**.

September 15, 2017.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 4 -