# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS,
# DALLAS DIVISION

| | |
|---|---|
| Hiram Patterson, Texas Division, Sons of Confederate Veterans, Inc., Plaintiffs, <br><br> v. <br><br> Mike Rawlings, In His Official Capacity as Mayor of the City of Dallas, and Scott Griggs, Adam Medrano, Casey Thomas, II, Dwaine Caraway, Rickey Callahan, Omar Narvaez, Keven Felder, Tennell Atkins, Mark Clayton, Adam McGough, Lee Kleinman, Sandy Greyson, Jennifer Gates, Philip Kingston, In Their Official Capacities as Members of the Dallas City Council, Defendants. | Civil Action No. 3:17-CV-02361-D |

## PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

### A. INTRODUCTION

1. Plaintiffs are HIRAM PATTERSON; and the TEXAS DIVISION, SONS of CONFEDERATE VETERANS, INC.; defendants are MIKE RAWLINGS, in his OFFICIAL CAPACITY as MAYOR of the CITY of DALLAS, and SCOTT GRIGGS, ADAM MEDRANO, CASEY THOMAS,

DWAINE CARAWAY, RICKEY CALLAHAN, OMAR NARVAEZ, KEVIN FELDER, TENNELL ATKINS, MARK CLAYTON, ADAM MCGOUCH, LEE KLEINMAN, SANDY GREYSON, JENNIFER GATES, and PHILIP KINGSTON, in their OFFICIAL CAPACITIES as MEMBERS of the DALLAS CITY COUNCIL.

2. Plaintiffs have sued defendants for violation of copyright, the right to free speech, to quiet title in Pioneer Park Cemetery, and to quiet title in Confederate Cemetery.

3. Plaintiffs allege that defendants have made concrete plans and have publicly announced that they may sell Proctor's Lee and Young Soldier Monument.

4. An affidavit that proves the allegations in this motion for temporary restraining order is attached and incorporated by reference.

## B. FACTS

5. The Mayor's Task Force on Confederate Monuments met on Friday, September 15, 2016, from 6 to 9 p.m. Dye Affidavit.

6. One of the Task Force's agenda items was Proctor's Lee and Young Soldier Monument. *Mayor's Task Force on Confederate Monuments Meeting Agenda*, DALLASCULTURE.ORG, http://s3-us-east-2.amazonaws.com/oca-media/wp-content/uploads/2017/09/12133225/2017-09-15-TFCM-Agenda-Revised.pdf, (last visited September 18, 2017).

7. The Task Force reported that Proctor's Lee had been appraised at $950,000.00. *Dye Affidavit.*

8. The Task Force considered voting on selling Proctor's Lee, and the vote on whether to sell was tabled until the next meeting. *Dye Affidavit.*

9. The Task Force's next meeting is scheduled for Tuesday, September 19, 2017, from 6 to 9 p.m. *Mayor's Task Force.*

## C. ARGUMENT

10. Plaintiffs will likely suffer imminent injury, if defendants are not immediately restrained from selling Proctor's Lee and Young Soldier. Fed. R. Civ. P. 65(b)(1); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Defendants have publicly announced that their task force will vote on whether to sell Proctor's Lee on this coming Tuesday. The sale of the Monument will permanently abridge plaintiffs' free speech and create irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). In addition, the sale of the Monument to a third party will make recovery of the Monument extraordinarily difficult, if not impossible.

11. Plaintiffs will suffer irreparable injury, if defendants sell Proctor's Lee. Fed. R. Civ. P. 65(b)(1); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "The loss of First Amendment interests were either threatened or in fact being impaired at the time relief was sought. The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347,

373 (1976). The Monument is a work of public art that communicates a minority political viewpoint. The City has been subsidizing this public art as part of its public-art collection that uses diversity as a standard in its internal appraisal in the value of public art. The sale would permanently abridge plaintiffs' constitutional right to subsidized, diverse political speech and make recovery of the Monument nearly impossible.

12. There is no adequate remedy at law, because any legal remedy would be merely illusory. *Northern Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306 (1984). The denial of free speech and sale of the Monument cannot be readily reduced to monetary damages. Proctor's Lee is a unique and internationally recognized sculpture. This uniqueness requires equitable relief, due to the difficulty in determining the Monument's actual market value. The only adequate remedy to the abridgment of free speech and the City's plan to sell the Monument is the order to enjoin any sale during the pendency of this suit.

13. There is a substantial likelihood that the plaintiffs will prevail on the merits. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975). Case law on this issue clearly provides that state actors are prohibited from disfavoring or impairing minority political viewpoints that they have subsidized and called forth through the state actor's invitation for diversity in public art projects. *National Endowment for the Arts*, 524 U.S. at 613-14 (quoting *Regan v. Taxation with Representation for Wash.*, 461 U.S. 540, 548 (1983)).

Plaintiffs are confident that the Court will agree that defendants' abridgment of free speech in subsidized public art programs due solely to political viewpoint will not stand.

14. The on-going harm to plaintiffs outweighs the harm that a temporary restraining order would inflict on defendant. *Winter*, 555 U.S. at 24; *Yakus v. United States*, 321 U.S. 414, 440 (1944). Defendants will suffer no harm in not selling Proctor's Lee; plaintiffs will suffer irreparable harm, if the Monument is sold and made irretrievable by defendants' agreement in asportation.

15. Issuance of a temporary restraining order would not adversely affect the public interest and public policy, because issuance of the order would serve the public interest. *See Winter*, 555 U.S. at 24-26. Indeed, the benefit to third parties would be inestimable, as Proctor's Lee and its communicative content would not be lost in the chain of commerce.

16. Plaintiffs are willing to post a bond in the amount the Court deems appropriate. However, plaintiffs are filing this cause in the public interest and request that the Court order no or a nominal bond. *Kaepa, Inc., v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996). Firstly, defendant stands in no financial risk by the issuance of the requested injunction. And secondly, plaintiffs are suing in the public interest and stand to recover no damages in this action.

17. Plaintiffs ask the Court to set the request for a temporary restraining hearing at the earliest possible time or to issue an order.

## D. CONCLUSION

18. Defendants have publicly announced their plans to sell Proctor's Lee. Sale will abridge plaintiffs' constitutional guarantee of free speech and likely make the Monument irretrievable.

## E. PRAYER

19. For these reasons, plaintiffs ask that the Court do the following:

   a. Order that the City of Dallas may not sell or otherwise dispose of Proctor's Lee and Young Soldier and must keep the Monument in good care for the duration of this suit;

   b. Allow plaintiffs to inspect Proctor's Lee for damage;

   c. Allow plaintiffs to inspect Proctor's Lee regularly (weekly) to ensure the City's good care and non-disposal;

   d. Enter judgment for plaintiffs;

   e. Award attorney costs to plaintiffs;

   f. Award costs of suit to plaintiffs; and,

   g. Grant any other relief the Court deems appropriate.

September 18, 2017

Respectfully submitted,

By: /s KIRK DAVID LYONS  
Texas Bar No. 12743500  
P.O. Box 1235  
Black Mountain, N.C. 28711  
E-mail kdl@slrc-csa.org  
Tel. (828) 669-5189  
Fax (828) 575-5290  

/s/ David D. Vandenberg  
Mo. Bar No. 69873  
3603D Las Colinas Drive  
Austin, Texas 78731  
E-mail davidvandenberg@hotmail.com  
Tel. (512) 373-8694  

## CERTIFICATE OF SERVICE

I certify that on September 18, 2017, a copy of this Plaintiff's Motion for Temporary Restraining Order was hand delivered on all defendants at their offices in Dallas City Hall.

/s/ David D. Vandenberg  
Mo. Bar No. 69873  
3603D Las Colinas Drive  
Austin, Texas 78731  
E-mail davidvandenberg@hotmail.com  
Tel. (512) 373-8694

| | |
|---|---|
| DALLAS COUNTY | § |
| | § |
| STATE OF TEXAS | § |

### AFFIDAVIT OF PATRICIA DYE

Before me, the undersigned notary, on this day did personally appear PATRICIA DYE, affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is Patricia Dye. I am competent to make this affidavit. The facts stated in this amended complaint are within my personal knowledge and are true and correct.

2. I attended the Mayor's Task Force on Confederate Monuments meeting on Friday, September 15, 2016, from 6 to 9 p.m.

3. The Cultural Arts Task Force reported that it had had the Lee statue appraised at $950,000.

4. The Task Force considered voting to sell the Lee statue with the restriction that it never be exhibited in public again.

5. The motion by Frederick Haynes to sell the statue was tabled by a motion from Larry Schoenbrun. The vote to table passed only by a very small margin.

6. The vote to sell the statue will come up again at the next Task Force meeting on the evening of Tuesday, September 19, 2017."

*Patricia M. Dye*
PATRICIA DYE

SWORN TO and SUBSCRIBED before me by Patricia Dye on September ___17___, 2017.

*R. Blanshard*
Notary Public in and for
The State of Texas

R. A. BLANSHARD
Notary Public
State of Texas
ID # 135379-7
My Comm. Expires 08-16-2020

| | |
|---|---|
| TRAVIS COUNTY | § § |
| STATE OF TEXAS` | § |

### AFFIDAVIT OF DAVID VANDENBERG

Before me, the undersigned notary, on this day personally appeared David Vandenberg, affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is David Vandenberg. I am competent to make this affidavit. The facts stated in this complaint are within my personal knowledge and are true and correct.

2. I have been reading news articles, talking with witnesses, and reading statements made by the parties in this matter."

*[signature]*
DAVID D. VANDENBERG

SWORN TO and SUBSCRIBED before me by David D. Vandenberg on September 18, 2017.

_____
Notary Public in and for
The State of Texas

JOSHUA RYAN RODRIGUEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. 05/17/2021
ID# 131135662