IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIRAM PATTERSON and TEXAS DIVISION, SONS OF CONFEDERATE VETERANS, INC., § § § § | | |
| Plaintiffs, § § § | Civil Action No. 3:17-CV-2361-D | |
| VS. § § | | |
| MIKE RAWLINGS, In His Official Capacity as Mayor of the City of Dallas, et al., § § § § | | |
| Defendants. § | | |

## ORDER

Plaintiffs' September 18, 2017 motion for temporary restraining order ("TRO") is denied.

"To obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Wright*, 1993 WL 13044458, at *1 (N.D. Tex. June 15, 1993) (Fitzwater, J.). A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief," and requires the party seeking such relief to establish the same four elements for obtaining a preliminary injunction. *Lee v. Verizon Commc'ns, Inc.*, 2012 WL 6089041, at *1 n.2 (N.D. Tex. Dec. 7, 2012) (Fitzwater, C.J.) (quoting *Hassani v. Napolitano*, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) (Fitzwater, C.J.)). Therefore, plaintiffs must establish four elements to obtain a TRO: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm to it if the TRO is not granted, (3) that the threatened harm outweighs any damage that the TRO might cause the opposing parties, and (4) that the TRO will not disserve the public interest. *See, e.g., Jones v. Bush*, 122 F.Supp.2d 713, 718 (N.D. Tex. 2000) (Fitzwater, J.) (addressing preliminary injunction standard) (citing *Ruscitto v. Merrill*

*Lynch, Pierce, Fenner & Smith, Inc.*, 777 F.Supp. 1349, 1353 (N.D. Tex. 1991) (Fitzwater, J.), *aff'd*, 948 F.2d 1286 (5th Cir.1991) (per curiam) (unpublished table decision)), *aff'd*, 244 F.3d 134 (5th Cir. 2000) (per curiam) (unpublished table decision).

"[T]his court has required that TRO applicants show that they face a substantial threat of irreparable harm between the time their TRO application is filed and when the court can address their preliminary injunction application." *Mktg. Investors Corp. v. New Millennium Bank*, 2011 WL 3157214, at *1 (N.D. Tex. July 26, 2011) (Fitzwater, C.J.). Because plaintiffs "ha[ve] not shown that [they] face[] a substantial threat of irreparable harm between the time [their] TRO application was filed and when the court can address [their] preliminary injunction application," *id.* at 2, the court denies the motion.

**SO ORDERED**.

September 19, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE