UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIRAM PATTERSON, TEXAS DIVISION SONS OF CONFEDERATE VETERANS, INC., | § | |
| Plaintiffs, | § | No. 3:17-CV-02361-D |
| v. | § | |
| MIKE RAWLINGS, et al., | § | |
| Defendants. | § | |

**APPENDIX TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION AND BRIEF FOR PRELIMINARY INJUNCTION AND DECLARATORY RELIEF**

LARRY E. CASTO
Dallas City Attorney

STACY JORDAN RODRIGUEZ
Executive Assistant City Attorney
Texas Bar No. 11016750
stacy.rodriguez@dallascityhall.com

CHARLES S. ESTEE
Assistant City Attorney
Texas Bar No. 17827020
charles.estee@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas 75201
Telephone: 214-670-3519
Telecopier: 214-670-0622

Attorneys for Defendants

Appendix in Support of Defendants' Response to
Plaintiffs' Motion for Preliminary Injunction Page 1
*Hiram Patterson, et al., v. Mike Rawlings, et al.,* Civil Action No. 3:17-CV-02361-D

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Larry E. Casto
Dallas City Attorney

*/s/ Charles S. Estee*
Stacy Jordan Rodriguez
Executive Assistant City Attorney
Texas Bar No. 11016750
stacy.rodriguez@dallascityhall.com
Charles Estee
Senior Assistant City Attorney
Texas Bar No. 06673600
charles.estee@dallascityhall.com
7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone: 214-670-3519
Facsimile: 214-670-0622

**CERTIFICATE OF SERVICE**

I certify that on the 12th day of October 2017, the foregoing document was served on counsel of record for Plaintiffs via the Court's electronic filing manager.

*/s/ Charles S. Estee*
Charles S. Estee

Appendix in Support of Defendants' Response to
Plaintiffs' Motion for Preliminary Injunction Page 2
*Hiram Patterson, et al., v. Mike Rawlings, et al.,* Civil Action No. 3:17-CV-02361-D

## TABLE OF CONTENTS

**Exhibits**

Ex. 1; Mayor's Task Force on Confederate Monuments ........ 1

Ex. 2; August 24, 2017 memorandum from the Mayor to City Council members ........ 3

Ex. 3; September 1, 2017, City Council Agenda notice and item........ 5

Ex. 4; September 6, 2017 Resolution ........ 11

Ex. 5; Task Force Question and Answer Page dated September 6, 2017........ 14

Ex. 6; Texas Secretary of State inquiry results ........ 37

Ex. 7; Authenticating Affidavit ........ 39

Ex. 8; Affidavit of Jennifer Scripps........ 40

Ex. 8A; Email from Ms. Laura Ames........ 42

Ex. 8B; Report on condition of Lee statute........ 44

Ex. 9; Certified copy of recorded warranty deed conveying Confederate Cemetery to the City.. 45

Ex. 10; Certified copy of Dallas City Council minutes accepting Confederate Cemetery........ 48

Ex. 11; Affidavit of David Dixon........ 50

Ex. 11A; Park Records of maintenance at Confederate Cemetery........ 53

Ex. 12; Texas Secretary of State records re Texas Division, Sons of Confederate Veterans, Inc. 73

Ex. 13; Texas Secretary of State records re Sterling Price Camp. ........ 85

Appendix in Support of Defendants' Response to
Plaintiffs' Motion for Preliminary Injunction Page 3
*Hiram Patterson, et al., v. Mike Rawlings, et al.,* Civil Action No. 3:17-CV-02361-D

Ex. 14; Schedule re Cultural Affairs Commission ........ 90

Ex. 15; Task Force recommendations ........ 92

Ex. 16; order from *Brewer v. Nirenberg*, No. 17-CV-837-DAE (W.D. Tex. Aug. 31, 2017) ..... 96

Ex. 17; Affidavit of Ashley Eubanks ........ 105

Ex. 18; Excerpt of Office of Cultural Affairs briefing ........ 107

Appendix in Support of Defendants' Response to
Plaintiffs' Motion for Preliminary Injunction Page 4
*Hiram Patterson, et al., v. Mike Rawlings, et al.,* Civil Action No. 3:17-CV-02361-D

# MAYOR'S TASK FORCE ON CONFEDERATE MONUMENTS

On August 24, 2017, Mayor Michael S. Rawlings appointed a task force to provide recommendations related to the removal and relocation of public Confederate monuments and symbols, and renaming of public places, including parks and streets. The Task Force will also provide recommendations related to the cost and process of disposal or relocation of monuments, suggesting additional standards for the naming of public places, suggesting replacements for Confederate monuments and symbols recommended for removal, and suggesting replacement names for public places.

All task force meetings will be publicly posted in accordance with the Texas Open Meetings Act and recorded/broadcasted. City Secretary's Office – Official Posted Public Meetings

Mayor's appointment memo

City of Dallas Cultural Policy

**Submit Written Comments**

**+ Confederate Monuments & Symbols**

**+ Task Force Members**

+ Task Force Questions and Responses

## Meeting Information:

+ August 31 2017

+ September 7 2017

+ September 15 2017

+ September 19 2017

+ September 22 2017

# Memorandum

CITY OF DALLAS

DATE August 24, 2017

TO Honorable Members of the City Council

SUBJECT Members of Mayor's Task Force on Confederate Monuments

I am pleased to present the members of the Mayor's Task Force on Confederate Monuments. It is critical that this task force be an independent, qualified and diverse panel. I appreciate you all for sending your recommendations to achieve this goal.

**Chair:**
Frances Waters, J.D., is the Chief Strategist of FCW Strategic Consulting with a particular focus on arts/culture, education and organizational strategic planning, and capacity-building. She has also served as a United Methodist pastor and church strategist. She is a graduate of Stanford University and Harvard Law School and is an involved, committed member of the Dallas community.

**Task Force Members:**
Buddy Apple, Attorney and Preservationist
Sara Mokuria, Associate Director for Leadership Initiatives, University of Texas at Dallas
Coy Murchison, Health Care Administration Professional
Jesse Hornbuckle, Photographer and Business owner
Terrance Perkins, Executive Director, Passage of Youth, Inc. and Pastor
Dr. Ervin Seamster, Jr., President, Southwestern Christian College and Pastor
Marilyn Mayse, Attorney
Dr. Frederick D. Haynes, Senior Pastor, Friendship-West Baptist Church
Norma Minnis, Mortgage Broker
Coy Poitier, Dallas County Historical Commission
Dr. Glynn Newman, Professor, Eastfield College
Jo Trizila, President & CEO, TrizCom Public Relations
Maggie Murchison, Executive Committee, The University of Texas Chancellor's Council
Barvo Walker, Sculptor
Rene Martinez, Education Consultant
Joli Robinson, Dallas Truth, Racial Healing & Transformation
Larry Schoenbrun, Attorney, Gardere Wyne Sewell LLP
Bryce Weigand, Architect, Weigand Art & Architecture
Arman Rupani, Managing Partner, Rupani & Matthew Group LLC

**Communications Advisor:**
Ken Luce, Founding Partner, LDWWgroup

EXHIBIT
tabbies
2

DATE August 24, 2017

SUBJECT Members of Mayor's Task Force on Confederate Monuments

Director of Cultural Affairs Jennifer Scripps will serve as the lead city staff liaison for the task force. The task force may also consult with relevant staff in Historic Preservation, Parks and Recreation and the City Attorney's Office.

The first task force meeting will be held on Thursday, August 31, at 6 p.m. in the Dallas City Council Chambers. All meetings will be publicly posted in accordance with the Texas Open Meetings Act and recorded/broadcasted.

If you have any questions, please contact Patricia Blasquez at patricia.blasquez@dallascityhall.com.

Best Regards,

Michael S. Rawlings
Mayor

c: Larry Casto, City Attorney
Craig D. Kinton, City Auditor
Rosa A. Rios, City Secretary
Daniel F. Solis, Administrative Judge
Kimberly Bizor Tolbert, Chief of Staff to the City Manager
Majed A. Al-Ghafry, Assistant City Manager
Jo M. (Jody) Puckett, Assistant City Manager (Interim)

Jon Fortune, Assistant City Manager
Joey Zapata, Assistant City Manager
M. Elizabeth Reich, Chief Financial Officer
Nadia Chandler Hardy, Chief of Community Services
Raquel Favela, Chief of Economic Development & Neighborhood Services
Theresa O'Donnell, Chief of Resilience
Directors and Assistant Directors

RECEIVED
2017 SEP -1 PM 9: 11
CITY SECRETARY
DALLAS, TEXAS

# COUNCIL BRIEFING AGENDA

Public Notice

170878

POSTED CITY SECRETARY DALLAS, TX

September 6, 2017
Date

EXHIBIT 3

(For General Information and Rules of Courtesy, Please See Opposite Side.)
(La Información General Y Reglas De Cortesía Que Deben Observarse Durante Las Asambleas Del Consejo Municipal Aparecen En El Lado Opuesto, Favor De Leerlas.)

## General Information

The Dallas City Council regularly meets on Wednesdays beginning at 9:00 a.m. in the Council Chambers, 6th floor, City Hall, 1500 Marilla. Council agenda meetings are broadcast live on WRR-FM radio (101.1 FM) and on Time Warner City Cable Channel 16. Briefing meetings are held the first and third Wednesdays of each month. Council agenda (voting) meetings are held on the second and fourth Wednesdays. Anyone wishing to speak at a meeting should sign up with the City Secretary's Office by calling (214) 670-3738 by 5:00 p.m. of the last regular business day preceding the meeting. Citizens can find out the name of their representative and their voting district by calling the City Secretary's Office.

If you need interpretation in Spanish language, please contact the City Secretary's Office at 214-670-3738 with a 48 hour advance notice.

Sign interpreters are available upon request with a 48-hour advance notice by calling (214) 670-3738 V/TDD. The City of Dallas is committed to compliance with the Americans with Disabilities Act. ***The Council agenda is available in alternative formats upon request***.

If you have any questions about this agenda or comments or complaints about city services, call 311.

## Rules of Courtesy

City Council meetings bring together citizens of many varied interests and ideas. To insure fairness and orderly meetings, the Council has adopted rules of courtesy which apply to all members of the Council, administrative staff, news media, citizens and visitors. These procedures provide:

- That no one shall delay or interrupt the proceedings, or refuse to obey the orders of the presiding officer.
- All persons should refrain from private conversation, eating, drinking and smoking while in the Council Chamber.
- Posters or placards must remain outside the Council Chamber.
- No cellular phones or audible beepers allowed in Council Chamber while City Council is in session.

"Citizens and other visitors attending City Council meetings shall observe the same rules of propriety, decorum and good conduct applicable to members of the City Council. Any person making personal, impertinent, profane or slanderous remarks or who becomes boisterous while addressing the City Council or while attending the City Council meeting shall be removed from the room if the sergeant-at-arms is so directed by the presiding officer, and the person shall be barred from further audience before the City Council during that session of the City Council. If the presiding officer fails to act, any member of the City Council may move to require enforcement of the rules, and the affirmative vote of a majority of the City Council shall require the presiding officer to act." Section 3.3(c) of the City Council Rules of Procedure.

## Información General

El Ayuntamiento de la Ciudad de Dallas se reúne regularmente los miércoles en la Cámara del Ayuntamiento en el sexto piso de la Alcaldía, 1500 Marilla, a las 9 de la mañana. Las reuniones informativas se llevan a cabo el primer y tercer miércoles del mes. Estas audiencias se transmiten en vivo por la estación de radio WRR-FM 101.1 y por cablevisión en la estación *Time Warner City Cable* Canal 16. El Ayuntamiento Municipal se reúne el segundo y cuarto miércoles del mes para tratar asuntos presentados de manera oficial en la agenda para su aprobación. Toda persona que desee hablar durante la asamblea del Ayuntamiento, debe inscribirse llamando a la Secretaría Municipal al teléfono (214) 670-3738, antes de las 5:00 pm del último día hábil anterior a la reunión. Para enterarse del nombre de su representante en el Ayuntamiento Municipal y el distrito donde usted puede votar, favor de llamar a la Secretaría Municipal.

Si necesita interpretación en idioma español, por favor comuníquese con la oficina de la Secretaria del Ayuntamiento al 214-670-3738 con notificación de 48 horas antes.

Intérpretes para personas con impedimentos auditivos están disponibles si lo solicita con 48 horas de anticipación llamando al (214) 670-3738 (aparato auditivo V/TDD). La Ciudad de Dallas está comprometida a cumplir con el decreto que protege a las personas con impedimentos, *Americans with Disabilties Act*. ***La agenda del Ayuntamiento está disponible en formatos alternos si lo solicita***.

Si tiene preguntas sobre esta agenda, o si desea hacer comentarios o presentar quejas con respecto a servicios de la Ciudad, llame al 311.

## Reglas de Cortesía

Las asambleas del Ayuntamiento Municipal reúnen a ciudadanos de diversos intereses e ideologías. Para asegurar la imparcialidad y el orden durante las asambleas, el Ayuntamiento ha adoptado ciertas reglas de cortesía que aplican a todos los miembros del Ayuntamiento, al personal administrativo, personal de los medios de comunicación, a los ciudadanos, y a visitantes. Estos reglamentos establecen lo siguiente:

- Ninguna persona retrasará o interrumpirá los procedimientos, o se negará a obedecer las órdenes del oficial que preside la asamblea.
- Todas las personas deben de abstenerse de entablar conversaciones, comer, beber y fumar dentro de la cámara del Ayuntamiento.
- Anuncios y pancartas deben permanecer fuera de la cámara del Ayuntamiento.
- No se permite usar teléfonos celulares o enlaces electrónicos (*pagers*) audibles en la cámara del Ayuntamiento durante audiencias del Ayuntamiento Municipal.

"Los ciudadanos y visitantes presentes durante las asambleas del Ayuntamiento Municipal deben de obedecer las mismas reglas de comportamiento, decoro y buena conducta que se aplican a los miembros del Ayuntamiento Municipal. Cualquier persona que haga comentarios impertinentes, utilice vocabulario obsceno o difamatorio, o que al dirigirse al Ayuntamiento lo haga en forma escandalosa, o si causa disturbio durante la asamblea del Ayuntamiento Municipal, será expulsada de la cámara si el oficial que esté presidiendo la asamblea así lo ordena. Además, se le prohibirá continuar participando en la audiencia ante el Ayuntamiento Municipal. Si el oficial que preside la asamblea no toma acción, cualquier otro miembro del Ayuntamiento Municipal puede tomar medidas para hacer cumplir las reglas establecidas, y el voto afirmativo de la mayoría del Ayuntamiento Municipal precisará al oficial que esté presidiendo la sesión a tomar acción." Según la sección 3.3(c) de las reglas de procedimientos del Ayuntamiento.

# Handgun Prohibition Notice for Meetings of Governmental Entities

"Pursuant to Section 30.06, Penal Code (trespass by license holder with a concealed handgun), a person licensed under Subchapter H, Chapter 411, Government Code (handgun licensing law), may not enter this property with a concealed handgun."

*"De acuerdo con la sección 30.06 del código penal (ingreso sin autorización de un titular de una licencia con una pistol oculta), una persona con licencia según el subcapítulo h, capítulo 411, código del gobierno (ley sobre licencias para portar pistolas), no puede ingresar a esta propiedad con una pistola oculta."*

"Pursuant to Section 30.07, Penal Code (trespass by license holder with an openly carried handgun), a person licensed under Subchapter H, Chapter 411, Government Code (handgun licensing law), may not enter this property with a handgun that is carried openly."

*"De acuerdo con la sección 30.07 del código penal (ingreso sin autorización de un titular de una licencia con una pistola a la vista), una persona con licencia según el subcapítulo h, capítulo 411, código del gobierno (ley sobre licencias para portar pistolas), no puede ingresar a esta propiedad con una pistola a la vista."*

# AGENDA
## CITY COUNCIL BRIEFING MEETING
## WEDNESDAY, SEPTEMBER 6, 2017
## CITY HALL
## 1500 MARILLA STREET
## DALLAS, TEXAS 75201
## 9:00 A.M.

9:00 am Invocation and Pledge of Allegiance 6ES

Special Presentations

Open Microphone Speakers

VOTING AGENDA 6ES

1. Approval of Minutes of the August 16, 2017 City Council Meeting

2. Consideration of appointments to boards and commissions and the evaluation and duties of board and commission members (List of nominees is available in the City Secretary's Office)

ITEMS FOR INDIVIDUAL CONSIDERATION

**Mayor and City Council**

3. A resolution **(1)** acknowledging that public Confederate monuments and the names of public places, including parks and streets, named for Confederate figures do not promote a welcoming and inclusive city; **(2)** supporting the Mayor's Task Force on Confederate Monuments, which is made up of a diverse group of city leaders who will provide various recommendations to the city council; **(3)** providing timelines for the Mayor's Task Force and the Cultural Affairs Commission, as well as requiring that the Task Force hold at least two public meetings to receive public input; **(4)** providing for the city council to take further action as needed, including authorizing the renaming of certain public places, on November 8, 2017, and directing city staff to take any and all appropriate actions to implement the city's policy in accordance with the Charter, City Code, and other rules, regulation, and policies as well as all applicable state and federal law; **(5)** directing the city manager to immediately remove and store the Alexander Phimster Proctor monument (of Robert E. Lee); **(6)** authorizing the city manager to transfer funds or appropriate funds from excess revenue, as necessary, to remove all public Confederate monuments; and **(7)** acknowledging that, consistent with City Council Rules of Procedure, Rule 6.2(b), the Mayor shall not place any item on the agenda that has been voted on by the city council within the one-year period preceding the date requested for placement of the item on the agenda - Financing: Current Funds

AGENDA
CITY COUNCIL BRIEFING MEETING
WEDNESDAY, SEPTEMBER 6, 2017

ITEMS FOR INDIVIDUAL CONSIDERATION (continued)

**Office of Financial Services**

4. First reading of the appropriation ordinances for the proposed FY 2017-18 City of Dallas Operating, Capital, and Grant & Trust Budgets - Financing: This action has no cost consideration to the City

PUBLIC HEARINGS AND RELATED ACTIONS

**Office of Financial Services**

5. A public hearing to receive comments on a $0.7825/$100 property tax rate for the 2017-18 fiscal year as discussed on August 16, 2017; City Council will vote to adopt a tax rate on Wednesday, September 20, 2017 at Dallas City Hall, 6ES at 9:00 a.m. - Financing: No cost consideration to the City

BRIEFINGS 6ES

A. FY 2017-18 Annual Budget: Council Amendments

Lunch

Closed Session 6ES
Attorney Briefings (Sec. 551.071 T.O.M.A.)

- Kenneth E. Albert, et al. v. City of Dallas, Cause No. 199-00697-94; Anthony Arredondo, et al. v. City of Dallas, Cause No. 199-1743-99; David L. Barber, et al. v. City of Dallas, Cause No. 199-624-95; David S. Martin, et al. v. City of Dallas, Cause No. 1-95-506; George G. Parker, et al. v. City of Dallas, Cause No. 1-95-107; Kevin Michael Willis, et al. v. City of Dallas, Cause No. 199-200-95.

Open Microphone Speakers 6ES

The above schedule represents an estimate of the order for the indicated briefings and is subject to change at any time. Current agenda information may be obtained by calling (214) 670-3100 during working hours.
Note: An expression of preference or a preliminary vote may be taken by the Council on any of the briefing items.

## EXECUTIVE SESSION NOTICE

**A closed executive session may be held if the discussion of any of the above agenda items concerns one of the following:**

1. seeking the advice of its attorney about pending or contemplated litigation, settlement offers, or any matter in which the duty of the attorney to the City Council under the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas clearly conflicts with the Texas Open Meetings Act. [Tex, Govt. Code §551.071]

2. deliberating the purchase, exchange, lease, or value of real property if deliberation in an open meeting would have a detrimental effect on the position of the city in negotiations with a third person. [Tex. Govt. Code §551.072]

3. deliberating a negotiated contract for a prospective gift or donation to the city if deliberation in an open meeting would have a detrimental effect on the position of the city in negotiations with a third person. [Tex. Govt. Code §551.073]

4. deliberating the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee; or to hear a complaint or charge against an officer or employee unless the officer or employee who is the subject of the deliberation or hearing requests a public hearing. [Tex. Govt. Code §551.074]

5. deliberating the deployment, or specific occasions for implementation, of security personnel or devices. [Tex. Govt. Code §551.076]

6. discussing or deliberating commercial or financial information that the city has received from a business prospect that the city seeks to have locate, stay or expand in or near the city and with which the city is conducting economic development negotiations; or deliberating the offer of a financial or other incentive to a business prospect. [Tex Govt. Code §551.086]

171385

September 6, 2017

**WHEREAS,** the enslavement of the then Africans was one of the causes of the Civil War, which divided our country over 150 years ago;

**WHEREAS,** the Confederacy lost its war against the United States and the "negro" slave was then freed from slavery, transferring names from "negro" to "colored";

**WHEREAS,** "colored" individuals continued to face discriminatory laws, legal practices, and unpunished violence specifically aimed at preventing them from achieving equality from Reconstruction through the Jim Crow Era;

**WHEREAS,** even after the economic, social, and legal gains made by the Civil Rights Movement, those now referred to as "blacks" were still denied equality by a society that discriminated against them even when hard-won laws call for equal treatment;

**WHEREAS,** through the progression of history, those African descendants who were formerly known as "negro" slaves, then "coloreds," and then "blacks" are now referred to as African Americans;

**WHEREAS,** in spite of every obstacle placed in their path, the African-American community has always persisted and has in the most fundamental way prevailed;

**WHEREAS,** now, we are faced with the decision of keeping, removing, or replacing public monuments, images, and symbols, as well as names of public places, including parks, and streets that may be continuous reminders of the Civil War;

**WHEREAS,** Confederate monuments, along with public places, including parks, and streets that are named for prominent Confederates may continue to be symbols of our country's division, and may create racial barriers in our city;

**WHEREAS,** these Confederate monuments, symbols, images, and public places, including parks, and streets named for Confederate figures may distort the violent and oppressive history of the Confederacy and may preserve the principles of white supremacy;

**WHEREAS,** for many years, leaders of diverse backgrounds have consistently called for the removal of Confederate monuments and symbols from public property;

**WHEREAS,** the city of Dallas strives to be a welcoming and inclusive city for all its residents and visitors, regardless of their cultural or ethnic backgrounds; and

EXHIBIT
tabbies
4

171385

**WHEREAS,** it is time for a robust public discussion of the history of the Confederate monuments and commemorations, and the city of Dallas' policy regarding the standards for public commemoration of persons, places, and historical events.

Now, Therefore, **BE IT RESOLVED BY THE CITY COUNCIL OF THE CITY OF DALLAS:**

**Section 1.** That the display of public Confederate monuments glorifying Confederate causes does not promote a welcoming and inclusive community ~~That the display of public Confederate monuments and the names of public places, including parks, and streets named for Confederate figures do not promote a welcoming and inclusive city and, thus, are against the public policy of the city of Dallas~~.

**Section 2.** That~~, to accomplish the removal of these public Confederate monuments and symbols and the renaming of public places, including parks, and streets,~~ the city council supports the Mayor's Task Force on Confederate Monuments ("Task Force"), which is a made up of a diverse group of city leaders who will provide recommendations to the city council:

a. regarding the costs associated with removal and relocation of public Confederate monuments and symbols and with the renaming of public places, including parks, and streets along with available options for private funding;

b. regarding the process of disposal or relocation of Confederate monuments and symbols if deemed necessary;

c. suggesting additional standards for the naming of public places, including parks, and streets going forward if deemed necessary;

d. suggesting replacements for Confederate monuments and symbols recommended for removal to promote a more welcoming and inclusive Dallas if deemed necessary; and

e. suggesting replacement names for public places, including parks, and streets that also promote a more welcoming and inclusive Dallas if deemed necessary.

**Section 3.** That the Task Force shall convene at least two public meetings to receive public input and shall work with, and make recommendations to, the Cultural Affairs Commission by October 12, 2017.

**Section 4.** That the Cultural Affairs Commission shall make a final presentation to city council on November 1, 2017, reporting its findings and making its recommendations.

**Section 5.** That the city council may take any further action, as needed, including authorizing the renaming of certain public places, including parks, and streets, on November 8, 2017, and directing city staff to take any and all appropriate actions to

implement the city's policy in accordance with the Charter, City Code, and other rules, regulation, and policies as well as all applicable state and federal law.

**Section 6.** That the city manager shall immediately remove the Alexander Phimster Proctor monument (of Robert E. Lee) at Lee Park and store it at a safe location until the conclusion of the recommendations of the Task Force as this monument is not a designated city landmark.

**Section 7.** That the city manager is hereby authorized to transfer funds or appropriate funds from excess revenue, as necessary, to remove the Alexander Phimster Proctor monument of Robert E. Lee at Lee Park ~~all public Confederate monuments~~. The city manager will take all appropriate actions to seek private funding to reimburse the expenses associated with this action.

**Section 8.** That, consistent with City Council Rules of Procedure, Rule 6.2(b), the Mayor shall not place any item on the agenda that has been voted on by the city council within the one-year period preceding the date requested for placement of the item on the agenda.

**Section 9.** That this resolution shall take effect on September 6, 2017, and it is accordingly so resolved.

APPROVED BY
CITY COUNCIL
SEP 06 2017
[signature]
Interim City Secretary

***GENERAL QUESTIONS:***

***Does city staff receive anti-racist training and/or racial equity training?***

HR offers diversity, ethics, workplace discrimination and workplace violence training. All City of Dallas employees receive diversity and ethics training as part of our new employee orientation. Discrimination, workplace violence and workplace harassment trainings are part of supervisor development training and are also offered on demand.

The Dallas Police Department training is as follows:

Recruit officers receive the following in the Academy:

- Professionalism and Ethics – 8 hours
- Multiculturalism and Human Relations Courses covering topics regarding the African-American Community, Asian Community, Hispanic Community, Native American Community, GLBT Community, and Hearing/Visually/Mobility Impaired – 19 hours
- Racial Profiling – 4 hours
- Penal Code – to include hate crimes / racial profiling
- General Order / Code of Conduct – training regarding treatment of the citizens we serve

In-service officers received the following training during our last Core training cycle:

- Procedural Justice & Police Legitimacy – 8 hours
    - 8 hour block of instruction based upon the process by which the police and community groups interact with each other. The procedural justice perspective argues that the legitimacy of the police is linked to public judgement about fairness of the processes through which the police make decisions and exercise authority. It is a procedural justice based approach to police allowing the police to focus on controlling crime without alienating the public.
- Personal Perspectives
    - 2 hour block of instruction that provides information that enables officers to recognize their own personal bias and perspectives. This allows officer's effectiveness to create a safer environment for citizens and the officer.

In the next Core cycle to start in October, 2017 we will include:

- Ethics training as required by Ordinance amending Ch12A
- Section 1701.253, Occupations Code training regarding Senate Bill 30 – creating additional requirements for law enforcement training regarding the role of law enforcement and duties of a police officer during traffic stops, proper behavior for police officers during interactions, laws regarding questioning and detention by police officers, etc.

We do not offer a topic titled "anti-racist training" and/or "racial equity training".

***Do appointed board members receive anti-racist and/or racial equity training?***

No.

EXHIBIT
tabbies
5

***What is the current ethnic and racial composition of the city of Dallas?***

| Citywide | Ethnicity | Count | % |
|---|---|---|---|
| | African American | 4251 | 33.75% |
| | American Indian | 101 | 0.80% |
| | Asian | 376 | 2.99% |
| | Causian | 4421 | 35.10% |
| | Hispanic | 3326 | 26.41% |
| | Other | 120 | 0.95% |
| | **Grand Total** | **12595** | **100.00%** |

***Please provide a briefing on the Daughters of the Confederacy and the Lost Cause movement.***

A briefing on the historical context of the Dallas monuments will be presented.

***Please provide details of all forms of segregation in policy and practice for the City of Dallas. (Specifically in the 1930's)***

The briefing mentioned above will delve into on our city's history from this period, although it likely will not provide "details on all forms of segregation in policy and practice for the City of Dallas" due to the vast nature of this request and the limited time available to this Task Force work.

***For further context for the time periods of the two Confederate Monuments***

Texas History online is a respected source:
Antebellum Texas- https://tshaonline.org/handbook/online/articles/npa01
Civil War in Texas- https://tshaonline.org/handbook/online/articles/qdc02
Slavery- https://tshaonline.org/handbook/online/articles/yps01
Late 19th Century Texas https://tshaonline.org/handbook/online/articles/npl01
Texas Centennial- https://tshaonline.org/handbook/online/articles/lkt01
Fair Park- https://tshaonline.org/handbook/online/articles/gqf03
Hall of Negro Life https://tshaonline.org/handbook/online/articles/pkh01
African Americans in Texas https://tshaonline.org/handbook/online/articles/wmafr
Segregation https://tshaonline.org/handbook/online/articles/pks01
Civil Rights https://tshaonline.org/handbook/online/articles/pkcfl

Additional information
American Historical Association
AHA statement: http://blog.historians.org/2017/08/aha-statement-confederate-monuments/

The Lost Cause Movement
http://civil-war-journeys.org/the_lost_cause.htm
https://www.nps.gov/resources/story.htm%3Fid%3D217
History of Jim Crow
http://www.crf-usa.org/black-history-month/a-brief-history-of-jim-crow

Daughters of the Confederacy:
https://tshaonline.org/handbook/online/articles/vsu01

**What input did people of color, specifically Black people have in the naming of the streets associated with the confederacy, naming of Lee park and the erection of the monuments?**

It is safe to say that the input from Black citizens was minimal to non-existent due to the disenfranchisement and segregation that predominated our City when these monuments were erected and Lee Park was named.

***As all of the recommendations we will provide have financial implications, please provide detailed budgets for each department impacted by possible recommendations from this Task Force as well as rules governing private donations.***

We will develop estimated costs once we have guidance from the Task Force as to the areas of recommendations and which options are being considered. This is clearly in the scope of the work and something staff has already done for the Lee Statue vote on September 6th.

With respect to private donations, those are governed by City of Dallas Administrative Directive 2-13 which can be found in ATTACHMENT A.

***STREETS:***

***How many streets have been named for abolitionist and/or the formally enslaved?***
+ Wheatley Place is named for an enslaved African poet, Phillis Wheatley.
+ Bonton Street is named for the former freedman's community – now neighborhood, Bon Ton.

***Are there any streets named to commemorate emancipation and or Juneteenth?***
+ We have not been able to identify any.

***Which streets are considered historic street names?***
An historic street name commemorates:

- A person who significantly contributed to the cultural, economic, social, religious, or political heritage of the city
- A site or area where there occurred historic events which significantly contributed to the cultural, economic, social, religious, or political heritage of the city
- A person or family founding or traditionally associated with the area where the street is located

If the street name meets one of the criteria above, the street is deemed an historic street. An historic street requires three-fourths vote of City Council to rename.

***Do we have any written policies around ethical standards for street names?***
The guidelines for street names are:

- A street name may be based upon physical, political, or historic features of an area.
- The name of a subdivision and names thematically related to the name of a subdivision may be given to a street within the subdivision.

Other rules regarding street name changes relate to similarity to an existing street, configuration of the roadway, the length of the name of the street.

***On average, how many streets are renamed in Dallas annually?***

- City Council approved 47 street name changes in the past 20 years.
- On average, two street name changes per year.

***How expensive was it to name Central Expressway and George Bush Expressway? Or is it just another name for Central Expressway?***
The "George W. Bush Expressway" moniker for Central Expressway was implemented by TxDOT and is ceremonial in nature. The official name, as far as the City is concerned, remains "North Central Expressway".

***Street Naming: Please provide further clarity on Jefferson and Davis. Stonewall St and Junius and Peak are not on the list, please explain why and/or add them to the list to be discussed.***
Please see the updated list of streets that have been researched as part of this ongoing effort to document any Confederate ties.

| Street Name | Named for (or presumed) | On Plat | Renamed | Notes |
|---|---|---|---|---|
| Beauregard | Pierre G.T. Beaurgard | 1/22/1948 | | Confederate General |
| Cabell | William L. Cabell | | 1923 | Confederate General *"For General W.L (Old Tige) Cabell, Confederate commander, mayor" |
| Clark | Edward Clark | | | *"For Edward Clark, governor of Texas, 1861-63" Need to verify if Confederate Colonel |
| Coit | | | | Still researching - D Magazine article not verified |
| Davis (Oak Cliff) | A.E. Davis | | | *"For A.E. Davis, developer of an addition in 1890" |
| Forest | Suggested as variant of FORREST, for Nathan B. Forrest. | | | Forest Avenue renamed Martin Luther King, Jr. Blvd in 1981; "Believed to have been named originally for the Confederate General Nathan B. Forrest. Present spelling, adopted sometime during the 1880s, suggested by the trees which lined the street." Archivist not convinced named for NB Forrest |
| Gano | Richard Montgomery Gano | | | Confederate Brigadier General *For General R.M. Gano, rancher, physician, and noted Conderate soldier" |
| Gaston | William Henry Gaston | 1885 | | Confederate Captain; purported model for Confederate Memorial; moved to Dallas after the Civil War. *"For Captain W.H. Gaston, early-day banker and developer. Originally Wallace Street, for Wallace W. Peak" |
| Good | John Jay Good | | | *For John J. Good, lawyer, landowener, mayor, 1880-81" need to verify Confederate Captain |
| Jefferson (Oak Cliff) | Thomas Jefferson | | | *"For U.S. President Thomas Jefferson" Considered an extension of the Jefferson Street in CBD named by John Neely Bryan. (Ord 866, 1922) |

| | | | | |
|---|---|---|---|---|
| Junius | | | | "one of the earliest residents/land owners of the area/town of East Dallas. They moved to the area in the mid-1850s. The Peaks had several children, whose names, including Junius, are reflected in street names. In his lifetime, Junius served as City Marshal and as superintendent of White Rock Lake." |
| Lee Parkway | Lee Park - and by extension, Robert E Lee | | 1904 | Confederate General |
| Lemmon | William H. Lemmon | 1886 and 1887 | | Confederate Captain *"For W.H. Lemmon, realty developer" |
| Peak | Jefferson Peak | | | "one of the earliest residents/land owners of the area/town of East Dallas. They moved to the area in the mid-1850s. The Peaks had several children, whose names, including Junius, are reflected in street names. In his lifetime, Junius served as City Marshal and as superintendent of White Rock Lake." |
| Stonewall | | | | Still researching |
| Young | | | | *For the Reverend William C. Young, district clerk, 1867-68: Still researching - D Magazine article not verified |
| | | | | |

*The WPA Dallas Guide and History, published by the Dallas Public Library and the University of North Texas Press, 1992 (written and compiled from 1936 to 1942 by the workers of the Writers' Program of the Work Projects Administration in the City of Dallas)
**City Archives staff

***Please also see Attached estimate for cost of renaming streets with Confederate names [ATTACHMENT B]***

***PARKS:***

***Question: What is the process for changing the plaques and narrative associated with artwork in Fair Park?***
Any new signage at Fair Park would need a Certificate of Appropriateness approved by the Landmark Commission and approval from the Park and Recreation Board.

***Are there Confederates buried at Pleasant Mount Cemetery?***
The Park and Recreation Department does not have any records on whether individuals buried at the Pleasant Mound Cemetery served in the Confederate Army. Records in the file indicate that there are 741 bodies interred in this cemetery.

***What is the green space next to Confederate Cemetery?***
The park adjacent to Confederate Cemetery is considered part of Opportunity Park. An aerial map of both Opportunity Park and Confederate Cemetery are enclosed with these responses [ATTACHMENT C].

***What documentation is available regarding the naming of Lee Park?***
A timeline of the actions taken by the Park and Recreation Board and City Council is enclosed with these responses [ATTACHMENT D].

***What documentation is available regarding the City's ownership of Confederate Cemetery?***
Staff researched the records of the Park and Recreation Department. In 1901, J. A. Crawford and his wife Mattie sold six acres adjacent to Oakland Cemetery to Dallas County. In 1907, the Dallas County Commissioners Court set aside .75 acres of the tract for the burial of ex-Confederate soldiers "under the direction and the control of Sterling Price Camp [United Confederate Veterans] No. 31." In 1936 the Sterling Price Camp wrote to the Park and Recreation Department giving the cemetery to the Park and Recreation Department to operate and maintain. While there is mention in the board minutes of the Confederate Cemetery being given to the Park and Recreation Department on November 17, 1936, there is no official board action accepting this cemetery. Staff has reached out to Dallas County to determine if the county has any records pertaining to the transfer of the Confederate Cemetery to the Park and Recreation Department. Attached to this document is the 1907 deed [ATTACHMENT E].

***Please provide the Department's O&M cost for Lee Park. Please also identify the responsibilities of the Park and Recreation Department and the Lee Park/Arlington Hall Conservancy.***
In FY15-16 the Park and Recreation Department's O&M costs for Lee Park was $36,674.
The Lee Park/Arlington Hall Conservancy performs the following at Lee Park:

- Manages and maintains Arlington Hall
- Maintains developed portions of the park to the west and north of Arlington Hall
- Manages reservations and events at Lee Park and Arlington Hall
- Performs enhance maintenance on horticulture beds at Lee Park

The Park and Recreation Department:

- Mows open lawn areas and performs litter pick up
- Performs Turtle Creek clean up and maintenance
- Maintains the historic roque courts
- Performs forestry work at Lee Park

A map of Lee Park is included with these responses [ATTACHMENT F].

***What rules govern structural changes to Arlington Hall?***
Since 1998, Arlington Hall has been managed by the Lee Park/Arlington Hall Conservancy per agreement with the Park and Recreation Board. Any structural changes to Arlington Hall would be require approval from the Park and Recreation Board.

***LANDMARKS:***

***If monuments were removed, will Fair Park lose its historic status?***
More than likely not. Even though the Confederate statue along the Esplanade and other allegorical representations in the Hall of State are part of a larger narrative and context, the removal or changes to just those particular items wouldn't necessitate the removal of the Local, SAL, or National Historic Landmark status.

***What would be the economic impact if it were to lose that status?***
The historic status of Fair Park is a main selling point in promotional materials and source of pride for the City of Dallas, so any loss of historic status would certainly affect that prestige factor. Loss of National Landmark status could possibly impact the ability to apply for grants for maintenance, etc. since that status is sometimes required.

***Clarification on Timing for Landmark Commission:***
To clarify when a Certificate for Appropriateness or a Certificate for Demolition or Removal could be applied, since the Council will give the final direction and recommendations, OCA would apply after Council has given that final direction and recommendations. If Council is expected to make those on November 8th, then the next submittal date would be NOON, Thursday, December 7th for the January 8th Landmark Commission meeting.

***PUBLIC ART:***

***Which states have laws prohibiting the removal of Confederate Art?***

| | |
|---|---|
| Alabama | Monument Preservation Law |
| Georgia | Monument Preservation Law |
| Louisiana | Louisiana Military Memorial Conservation Act, the bill bars all structures, plaques, statues or monuments that mark certain US wars, including the Civil War, from being altered or removed. It allows local governments to take down a memorial only if voters approve the action at "an election held for that purpose." The bill also allows for the state to take action to protect, preserve or repair a memorial. |
| Mississippi | State law prohibiting removal or alterations of statues or memorials honoring military including civil war |
| North Carolina | State law passed two years ago barring governments from removing any "object of remembrance" on public property. |
| South Carolina | Heritage Act: 2/3 vote in legislature to remove |
| Tennessee | State historical commission control and State Heritage Act |
| Virginia | In Virginia, where a lawsuit is proceeding over the Charlottesville City Council's proposal to remove the Robert E. Lee statue, a state law bans cities that attempt to "disturb or interfere" with historic monuments and memorials. |

***When was the last piece of public art for the City of Dallas commissioned?***
The Public Art commissioning process is on-going and there are currently 30 projects in various stages from development, community input, artist selection through fabrication and installation.

***How many works of art have been donated by African Americans?***

Freedman's Memorial, Martin Luther King Jr. sculpture, Murals at the Martin Luther King library. No works were commissioned by African Americans prior to 1990.

***Who funded Fair Park?*** The State of Texas and the federal government. See https://tshaonline.org/handbook/online/articles/ggf03

***What role did African Americans play in the selection of art at the Hall of Negro Life at Fair Park?***

The Hall of Negro Life was funded by the federal government at the urging of the Dallas Negro Chamber of Commerce and other black groups. The Negro Advisory Committee, chaired by Eugene K. Jones who planned the exhibition and Jesse O. Thomas of the National Urban League. Other involved included Antonio Maceo Smith, leader of the Dallas Negro Chamber of Commerce; Willette Rutherford Banks, Samuel Walker Houston, and A.E. Holland. https://tshaonline.org/handbook/online/articles/pkh01 see also: http://hallofnegrolife.org/

Hall of Negro Life was lead by high profile members of the Dallas African American Community and the work was not only notable, but highly prominent in its time and by current evaluation.

The works by Aaron Douglas stand as high points in the Harlem Renaissance and the other artists are also of art historical note. Two of the murals by Aaron Douglas are in prominent American Art Museums.

This link has images of the Hall of Negro Life and work by Aaron Douglas:
https://flashbackdallas.com/2014/06/19/juneteenth-at-the-texas-centennial-1936/

Juneteenth at the Texas Centennial — 1936 | Flashback : Dallas

flashbackdallas.com

The federally-funded Hall of Negro Life was dedicated Juneteenth, 1944 at Fair Park.

***What is the process for contextualizing the works containing Confederate imagery?***

The Park and Recreation Department will develop specifications for new signage and will issue a request for proposals to vendors for wayfinding and information signage

***Who has to approve changes at Fair Park?***

Park Board

11

# Administrative Directive 2-13

**SUBJECT: GIFT AND TRUST ADMINISTRATION**

## 1. POLICY

Gifts of money, artifacts, tangible assets, and real estate will be administratively managed in accordance with this Directive. All donations received by the City will be managed in conformance with the City's budget and accounting systems.

## 2. PURPOSE

To establish policies and procedures for the acceptance and proper investment and accounting of gifts and trusts by City departments.

## 3. SCOPE

This directive applies to all City departments. It does not apply to the Employees Retirement Fund and the Police and Fire Pension Fund.

## 4. DEFINITIONS

4.1 Endowment. See Nonexpendable Trust.

4.2 Expendable Trust. A trust in which all money (principal and interest) is spent in the course of the designated operation.

4.3 Nonexpendable Trust. Funds whose principal must be preserved intact. (Interest and dividend earnings are appropriated and spent for the intended purpose.)

## 5. RESPONSIBILITIES

5.1 Budget and Management Services is responsible for:

Establishing appropriations based on estimated revenues and ORG numbers for trust funds and maintaining centralized files of all trust documents and this directive.

5.2 Finance is responsible for:

Providing investment assistance to maximize the earnings on trust funds, counseling with departments regarding most advantageous methods for establishing new trust fund management, and providing support for the disposition of donated stocks and bonds.

# Administrative Directive 2-13

**SUBJECT: GIFT AND TRUST ADMINISTRATION**

Assigning fund numbers, recording accounting transactions and reporting on trust activities in conformance with Governmental Auditing Accounting and Financial Reporting (GAAFR) requirements.

***Effective Date: 7/1/84*** ***Latest Revision Date: 10/2/95***
***Issuing Department: Budget & Management Servuces*** ***Page 2 of 4***

**DEFS' APPX 26**

Receiving and disposing of tangible assets, such as stocks and bonds. Entering donated artifacts and their fixed assets on the fixed asset inventory and assigning departmental responsibility.

5.3 Property Management is responsible for:

Processing all gifts of real estate for all departments, conferring with the City Attorney as needed regarding real estate donations, and notifying the Finance Department/Controller so that appropriate accounting for taxes may be made.

5.4 Departments (recipients of gifts) are responsible for:

Accepting for gifts, preparing budgets for submission to Budget and Management Services, securing trust documents, expending in compliance with the terms of the trust fund provisions and requirements, and coordinating with Finance and Property Management, as required.

## 6. PROCEDURES

6.1 Expendable Trusts

6.1.1 Each department receiving miscellaneous monetary gifts shall establish a general gift fund though the Department of Finance. Generally, gifts of less than $10,000 will be placed in the general gift fund.

Gifts over $10,000 may also be placed in a general gift fund if no departmental need exists to separately manage such gifts. Only when necessary will a separate fund be established for large gifts. ORG numbers may be established if needed, to budget and account for separate activities.

6.1.2 To the extent possible, departments shall estimate gift revenues and request appropriations of gifts as part of the annual budget process. No additional action by the City Council is required for departments to accept gifts. An exception requiring City Council approval is gifts establishing contractual or large purchase obligations. A second exception would be actions of the Park Board required under Chapter 17, Section 4 of the City Charter.

6.1.3 For gifts in excess of the appropriation, the expenditure of such gifts can be deferred under the next year, or an appropriation adjustment can be made for expenditure in the current year.

6.1.4 At any time, the recipient department may only expend to the amount of the cash balance in any trust fund.

6.1.5 Gift revenues will not be used to reduce operating budgets for the services for which the gift was given or for related services except as specified by the donor.

6.1.6 The expenditure of appropriated gift revenues should comply with regular City procurement and contracting procedures.

6.1.7 At the department's discretion and for purposes of public recognition, the City Council may be asked to accept any gift. However, there is no requirement that Council approve acceptance of gifts and donations, as long as a contractual relationship is not created. An exception should be Park Board actions subject to Chapter 17, Section 4 of the City Charter.

6.1.8 Expendable trusts should be set up as City funds to ease transference of money to expenditure accounts and to insure having funds to cover encumbrances for large construction projects.

6.1.9 To fully disclose responsibilities, liabilities, and continuing maintenance costs, gifts which may create a burden to the City should be approved in advance by the City Attorney and appropriate City management. Council approval will be required where a donation results in the need for expenditure of other City funds or where some contractual obligation is incurred by the City.

6.2 Endowments

6.2.1 Departments wishing to establish an endowment will consult with the Finance Department which will provide guidance on the type of investments available and the most appropriate type of investment for any particular trust fund.

The Finance Department can assist in inclusion in suggesting appropriate investment guidelines for the trust document. Proper instruction to the trustee regarding types of investments and income needs of the trust can maximize benefits to the City.

6.2.2 Endowments can be established with the City as trustee or with an outside trustee. In any case, the City must account for the trust in its annual financial statement.

6.3 Other Gifts

6.3.1 Upon receipt of tangible assets such as stocks and bonds, the receiving department shall immediately contact the Finance Department to properly accept such assets and liquidate, as appropriate.

6.3.2 Artifacts and other fixed assets are frequently donated to the City and need to be properly managed and accounted for. For all gifts with as assumed value in excess of $100.00, the receiving department or official will contact the Finance Department which will place the artifact or fixed asset on the fixed asset inventory and will assign departmental responsibility

for custody and maintenance of the item. If the item is presented to the City Council, the City Secretary shall notify the Finance Department.

6.3.3 Gifts of services only, which do not result in financial or fixed asset transactions with the City, need not be accounted for under this directive.

6.3.4 All gifts of real estate, without exception, will be processed through Property Management so that accurate records are kept of the ownership. Property Management will check the surveys and field notes and will examine all deeds, liens, and other title records in consultation with the City Attorney and will file all County recordings. Property Management will be responsible for notifying the Department of Finance so that appropriate accounting may be made.

6.3.5 Where donor anonymity is necessary, an appropriate method for acceptance of the gift is through a nonprofit organization associated with the particular City service. The nonprofit organization can then donate the funds to the City, thus protecting donor anonymity.

6.3.6 Original Trust Agreement documents will be maintained in the recipient department, and a copy will be provided to Budget and Management Services which will maintain the complete City file.

**7. PRIOR ACTION**

7.1 Latest Revision Date: October 2, 1995
Effective Date of Revised AD: October 2, 1995

7.2 Revisions made to reflect departmental re-organizations.

**8. ISSUING DEPARTMENT**: Budget & Management Services

ATTACHMENT B

**Confederate Street Names Estimate**

| City of Dallas Streets | Street Type | Street Segments | Cross-Streets | Signalized Intersection | Highway Signs | | | | | | Ground-Mounted Street Name Signs | | Signal-Mounted Street Name Signs | | Total Cost |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | # of Overhead Guide Signs | Cost @ $25,000 | # of Ornamental Bridge Identifier | Cost @ $10,000 | # of Service Rd Gantry Sign | Cost @ $500 | # of | Cost @ $100 | # of | Cost @ $500 | |
| Beauregard | DR | 1 | 2 | 0 | | $0 | | $0 | | $0 | 4 | $400 | 0 | $0 | $400 |
| Cabell | DR | 12 | 12 | 0 | | $0 | | $0 | | $0 | 24 | $2,400 | 0 | $0 | $2,400 |
| Clark | RD/ST/Ramp | 78 | 78 | 1 | 8 | $200,000 | | $0 | | $0 | 154 | $15,400 | 2 | $1,000 | $216,400 |
| Gano | ST | 8 | 19 | 0 | | $0 | | $0 | | $0 | 38 | $3,800 | 0 | $0 | $3,800 |
| Gaston | AVE/PKWY | 111 | 123 | 21 | | $0 | | $0 | | $0 | 204 | $20,400 | 42 | $21,000 | $41,400 |
| Lemmon | AVE | 242 | 219 | 27 | 11 | $275,000 | 2 | $20,000 | 2 | $1,000 | 384 | $38,400 | 54 | $27,000 | $361,400 |
| Lee | PKWY | 2 | 2 | 0 | | $0 | | $0 | | $0 | 4 | $400 | 0 | $0 | $400 |
| Goode* | | | | | | NA | | NA | | NA | NA | NA | 0 | NA | NA |
| Total # Signs | | | | | 19 | | 2 | | 2 | | 812 | | 98 | | |
| Total Cost | | | | | | $475,000 | | $20,000 | | $1,000 | | $81,200 | | $49,000 | $626,200 |
| | | | | | | | | | | | | | | With 25% Contingency | $782,750 |

*In Wilmer/Hutchins and Unincorporated Dallas County

ATTACHMENT C

DATHE ST
HAVANA ST
MEYERS ST
Wheatley
METROPOLITAN AVE
CASEY ST
MCDERMOTT AVE
OAKLAND CEMETERY NW
OAKLAND CEMETERY SW
Opportunity Cemetery
ROBERTS AVE
COOLIDGE ST
SPRING AVE
Mildred L. Dunn
ELECTRA ST
MALCOLM X BLVD
OAKLAND CEMETERY
Confederate Cemetery
CARPENTER AVE
ROMINE AVE
RUSKIN ST
MYRTLE ST
Opportunity
PINE ST
BERTRAND AVE
MEADOW ST
WILDER ST
KYNARD ST
EUGENE ST
REED LN
MEYERS ST
CARPENTER FWY
YORK ST
MARBURG ST
0 125 250 500 750 Feet
N
S
E
W

# Opportunity Park & Opportunity Cemetery

## 3105 Pine St

46 Y

District 7

6/23/2014

dallas Park & Recreation

DEFS' APPX 31

ATTACHMENT D

*Lee Park Timeline*

*9/6/2017*

| Event/Subject/Site | Notes | Date | Source |
|---|---|---|---|
| Lee Statue | DMN reports that Dallas Southern Association (DSA) may campaign for a Lee statue to give to the City. | 4/13/1928 | DMN |
| Lee Statue | As of this date, the DSA had raised over $22K for the statue DMN | 10/24/1929 | DMN |
| Lee Statue | Committee requested that the "laying of the foundation for the REL Memorial in Oak Lawn Park be included in the program of park development under the Civil Works Administration. Park Board agrees to "cooperate with the Robert E. Lee Memorial Association in this project insofar as possible provided funds are secured through the CWA for park improvement projects." | 12/29/1933 | Park Board Minutes Book 8 page 223 |
| Lee Statue | Committee requests Park Board's cooperation in acquiring an $18K grant for the base of the statue, which is proposed for Oak Lawn Park. Park Board suggests a downtown location (Dealey Plaza). Funds will be secured. | 5/28/1935 | Park Board Minutes Book 8 page 362 |
| Lee Statue | "Robert E. Lee Memorial will be erected on one of the plazas on the east side of the Commerce-Main-Elm underpass " [Dealey Plaza] | 6/19/1935 | DMN |
| Lee Statue | Park Board tells committee WPA funds were secured to put the monument in Dealey Plaza and asked the committee to agree to change in location. | 1/13/1936 | Park Board Minutes Book 8 page 577 |
| Lee Statue | Recommendation from Park Board that Lee Memorial be located in Oak Lawn Park at corner of Turtle Cree and Lemmon. | 1/16/1936 | Park Board Minutes; Vol 45 - page 577 |
| Lee Statue | City ratifies purchase of plant materials for Oak Lawn Park | 1936 | Council Minutes Vol 46 -page 174 |
| Lee Statue | City ratifies action to pay JW Cearley and Sons $500 for work on the Lee Statue | 1936 | Council Minutes Vol 45 - page 931 |
| Lee Park | Park Board votes to change name from Oak Lawn Park to Lee Park | 5/5/1936 | Council Minutes Vol 45- page 106 |
| Lee Statue | Program: Dedication of The Lee Memorial | 6/12/1936 | Archives Collection 1995-039 |
| Lee Statue | Southern Memorial Association requested that the wording on the bronze name plate on the Lee statue be changed to specifically designate that the Park Board sponsored the erection of the base of the monument instead of the entire project. | 10/27/1936 | Park Board Minutes Book 9 page 233 |

**Lee Park Timeline**

**9/6/2017**

| Event/Subject/Site | Notes | Date | Source |
|---|---|---|---|
| Lee Statue | Park Board discussion with Southern Memorial Association about the wording on the statue's plaque. Board unanimously carried that the wording be "Honoring General Robert E Lee, and in recognition of the gift of this statue to the City of Dallas, by the Dallas Southern Memorial Association, the Dallas Park Board has provided the location and erected this base." WPA Project No 4017 | 11/24/1936 | Park Board Minutes Book 9 page 246 |
| Lee Park/Arlington Hall | Replica Arlington Hall opened at Lee Park | Groundbreaking January 19, 1938, dedicated October 24, 1939 | |
| Lee Park/Arlington Hall | Park Board requests that Southern Memorial Association be requested to officially dedicate all furniture, fixtures, rugs, drapes, and all other exhibits now on display in the Arlington house to the Park Board for the benefit of the public to be retained for exhibit and museum purposes. | 7/9/1941 | Park Board Minutes Book 10 page 288 |
| Lee Statue | Park Board grants Southern Memorial Association permission to place plaque to read as follows: The soldier accompanying General Lee in this statue represents the entire youth of the South to whom General Lee became a great inspiration. He was not intended by the sculptor to be an aide-de-camp." | 6/6/1955 | Park Board Minutes Book 12 page 212 |

M. Dickson his heirs and assigns forever. Witness my hand this 12 day of February A.D. 1907.

R. Fenley

The State of Texas }
County of Dallas } Before me, H.C. Jarral a Notary Public in and for said County On this day personally appeared R. Fenley known to me to be the person whose name is subscribed to the forgoing instrument and acknowledged to me that he executed and delivered the same for the purposes and Consideration therein expressed. Given under my hand and seal of Office, this 12th day of Feburary A.D. 1907.
{SS}
H.C. Jarrel
Notary Public, Dallas Co. Texas

Filed for record Sept 25th 1907 at 3 30 P.M.

Jack M. Gaston County Clerk
By J.E. Record Deputy

Recorded Sept. 28-1907

Jack M Gaston County Clerk
By J.D. Humphreys Deputy

Dallas County
23425 to Certified Copy of Order
Sterling Price Camp No 31 U.C.V. }

Wednesday July 20th 1904
Be it Ordered by the Commissioners Court of Dallas County, that the following parcel of land be set aside for the burial of Ex-Confederate soldiers under the direction and control of Sterling Price Camp No. 31 and the County Surveyor is hereby directed to survey and stake off the same. To-wit: 112 feet off of the south end of the six acres land conveyed by J.A. Crawford and wife of the county of Dallas on May 17 1901 and recorded in Book 265, Page 208 Deed Records of Dallas County and being a part of the Lagow League. The land here set aside being 112 feet 430 feet and containing about 3/4 of an acre. I J.M. Gaston Clerk of the County Court in and for the County of Dallas in the state of Texas do hereby Certify that the foregoing is a true Copy of an Order made by the Commissioners Court of said Dallas County on the 20th day of July, A.D. 1904 as appears of Record in my Office on page 204 Book 10 Commissioners Court Minutes, Dallas County. Given under my hand and seal of Office at Dallas Texas this 9th day of August A.D. 1907
{SS}
Jack M. Gaston Clerk.
County Court, Dallas County Texas
By D.C. McCutchen Deputy

Filed for Record Sept 25th 1907 at 9 35 o'clock P.M.

Jack M. Gaston County Clerk
By J.E. Record Deputy

Recorded Sept 28 1907.

Jack M. Gaston County Clerk
By J.O. Humphrys Deputy

G.C. Fuqua et ux
23488 20) General warranty Deed } The State of Texas }
W.T. Strong } County of Dallas } Know All Men By These

Presents, That we, G.C. Fuqua and Maggie Fuqua his wife of the County of Dallas State of Texas, for and in consideration of the sum of Eleven Thousand Four Hundred & Twenty-seven Dollars ($11427.00) in hand paid to us by W.T. Strong of the City and County of Dallas the receipt of which is hereby acknowledged, have granted, bargained, sold and conveyed and by these presents do Grant, bargain, sell and convey unto the said W.T. Strong, his heirs and assigns forever, the following described property lying and being situated in the County of Dallas, State of Texas, being more particularly described as follows: Lying and being situated in Dallas County, Texas, being about three miles North 84 West from the County Court House in the City of Dallas and being part of the J.P. Cole Original 480 acre survey, beginning at a stake on the West line of said survey 407 feet North of its original S.W. Corner and 397 feet North of Dallas and Eagle-ford County wagon road Center said stake being where the middle of Crawford Avenue if produced or extended West would intersect the West line of said Cole Survey according to the record map of Fuqua's West Dallas Addition; thence East with Center of said Crawford Avenue 180 feet to its intersection with Center of Senschal Avenue of said Addition; thence South with center line of said avenue 220 feet to stake on a straight line between the N.W. Corner of lot 1, block 2, and N.E. Corner of lot 3 Block 1, of said Addition. Thence East at 335 feet past the N.E. Corner of lot 6, block 2 of said addition in all 355 feet to Center of Horton street; thence South with Center of said Street 150 feet to stake 20 feet East of the S.E. Corner of said street 150 feet to stake 20 feet East of the S.E. Corner of said lot 6, Block 2: thence East 465 feet to stake, which stake is 27 feet North of said County Wagon road Center, this stake being 1000 feet East of the West line of said Cole Original Survey: Thence North parallel with the

ATTACHMENT F

William B. Dean
LEMMON AVE
LEMMON BLVD
LEMMON BLVD
RAWLINS ST
WELBORN ST
HALL ST
HALL ST
LEE PKWY
Turtle Creek Trail
LEMMON AVE
Robert E. Lee
Katy Trail
TRAVIS ST
Turtle Creek Blvd. Median
HOOD ST
TURTLE CREEK BLVD
TURTLE CREEK BLVD
Katy Trail
CEDAR SPRINGS RD
SALE ST
CARLISLE PL
CARLISLE ST
Turtle Creek Parkway
0 70 140 280 420 Feet
N W E S

@allas Park & Recreation

# Robert E. Lee Park
# 3400 Turtle Creek Blvd

35 X

District 14

6/24/2014

DEFS' APPX 36

**TEXAS SECRETARY of STATE**
**ROLANDO B. PABLOS**

UCC | Business Organizations | Trademarks | Notary | Account | Help/Fees | Briefcase | Logout

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 566901 | **Entity Type:** | Domestic Nonprofit Corporation |
| **Original Date of Filing:** | July 30, 1892 | **Entity Status:** | Expired |
| **Formation Date:** | N/A | **Non-Profit Type:** | N/A |
| **Tax ID:** | 00000000000 | **FEIN:** | |
| **Duration:** | Perpetual | | |

**Name:** STERLING PRICE CAMP CONFEDERATE VETERANS OF DALLAS TEXAS
**Address:** [ADDRESS NOT PROVIDED]

REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES

| View Image | Document Number | Filing Type | Filing Date | Effective Date | Eff. Cond | Page Count |
|---|---|---|---|---|---|---|
| N/A | 2533509 | Articles Of Incorporation | July 30, 1892 | July 30, 1892 | No | N/A |

Order | Return to Search

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

EXHIBIT
tabbies
6

**TEXAS SECRETARY of STATE**
**ROLANDO B. PABLOS**

UCC | Business Organizations | Trademarks | Notary | Account | Help/Fees | Briefcase | Logout

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

**Filing Number:** 566901
**Original Date of Filing:** July 30, 1892
**Formation Date:** N/A
**Tax ID:** 00000000000
**Duration:** Perpetual

**Entity Type:** Domestic Nonprofit Corporation
**Entity Status:** Expired
**Non-Profit Type:** N/A
**FEIN:**

**Name:** STERLING PRICE CAMP CONFEDERATE VETERANS OF DALLAS TEXAS
**Address:** [ADDRESS NOT PROVIDED]

REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES

| Name | Name Status | Name Type | Name Inactive Date | Consent Filing # |
|---|---|---|---|---|
| STERLING PRICE CAMP CONFEDERATE VETERANS OF DALLAS TEXAS | Inactive | Legal | July 30, 1917 | |

Order | Return to Search

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

**AFFIDAVIT OF LISA PENNEY**

STATE OF TEXAS §
COUNTY OF DALLAS §

BEFORE ME, the undersigned authority, on this day personally appeared Lisa Penney, who, being by me first duly sworn, deposed and stated as follows:

"My name is Lisa Penney. I am over 21 years of age and have never been convicted of any felony or crime involving dishonesty or moral turpitude. I am an employee of the City of Dallas City Attorney's Office and I have been employed by the City Attorney's office since February 6, 2002. I have personal knowledge of all the facts stated herein and they are true and correct.

I reviewed "Plaintiffs' Second Amended Complaint, Application for Injunctive Relief, & Motion for Declaratory Judgment" filed as ECF Number 10 in the lawsuit styled and numbered *Patterson et al. v. Rawlings, et al.*, Civil Action Number 3: 17-CV-02361-D pending in the United States Federal District Court for the Northern District of Texas. In the pleading are references to websites and internet addresses. I visited those internet sites on September 22, 2017. Attached as Exhibits 1 to 5 are true and correct copies of documents located on those websites and appear to be the documents referenced in the above-referenced pleading. I also visited the Texas Secretary of State website. I inquired about the name Sterling Price Camp 31. Attached as Exhibit 6 is a true and correct copy of the results of the inquiry. It reflects that Sterling Price Camp Confederate Veterans of Dallas Texas was incorporated in 1892 and became inactive in 1917.

Attached as Exhibits 14, 15, and 18 are true and correct copies of excerpts of documents located on the City of Dallas website for the Office of Cultural Affairs concerning Confederate monuments visited on October 11, 2017.

Further Affiant Sayeth Not."

Lisa Penney
LISA PENNEY

SUBSCRIBED AND SWORN TO BEFORE ME on October 11th, 2017 to certify which witness my hand and seal of office.

Krueger
NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

NOTARY PUBLIC
STATE OF TEXAS
J KRUEGER
Notary Public
STATE OF TEXAS
ID#12434363-8
My Comm. Exp. Oct. 13, 2018

EXHIBIT
7

**AFFIDAVIT**

THE STATE OF TEXAS
COUNTY OF DALLAS

BEFORE ME, the undersigned authority, a notary public in and for the State of Texas, on this day appeared Jennifer Scripps, who is personally known to me, and who, after being duly sworn according to law, upon oath deposed and said:

"My name is Jennifer Scripps. I am the Director of the Office of Cultural Affairs ("OCA") for the City of Dallas and have been employed by the City since May 25, 2016. I am competent to testify, I have personal knowledge of the matters stated herein, and they are true and correct.

As part of my duties and responsibilities, I am aware that the City of Dallas owns and has on its properties various statutes, monuments, of memorials of Confederate symbols and leaders. After the violence in Charlottesville, Virginia, on August 24, 2017 the Mayor of the City Dallas created and appointed a task force to consider whether to remove symbols of the Confederacy on City property and to rename streets and other public places named for Confederate figures. Attached as Exhibit 1 is a true and correct copy of the web-page concerning the Task Force that appears on OCA's public website. It is updated with information regarding the Task Force's meeting. Attached as Exhibit 2 is the Mayor's memorandum appointing the members of the Task Force. On September 1, 2017, the agenda for the September 6, 2017 City Council was posted and a true and correct copy as attached as Exhibit 3. At the September 6, 2017 meeting, City Council approved a resolution with a vote of 13 to 1, with one member not participating. A true and correct of the Resolution is attached as Exhibit 4. On the OCA's web-page, the Task Force has published information and responded to questions. Attached as Exhibit 5 is a true and correct copy of the questions and responses dated September 6, 2017.

EXHIBIT
tabbies
8

The City of Dallas is the owner of the land property know as Lee Park. Located within the Lee Park was a statue depicting Robert E. Lee and an unnamed individual on horseback that was mounted to a pedestal. The sculptor of the statue was Alexander Phimister Proctor. The City owns the statute and base on which it sits. Included within the September 6, 2017 Resolution was a directive that the City Manager remove the Lee statute and store it in a safe place until City Council determines what is an appropriate disposition. On September 14, 2017, the City caused the safe removal of the Lee statue and it is currently safely in storage.

Prior to and after the passage of the Resolution, I have had communications with the Proctor Foundation representative which include heirs of Alexander Phimister Proctor. Attached as Exhibit A is a true and correct copy of an email exchange I had with representatives of the Proctor Foundation, including Ms. Laura Ames.

Attached as Exhibit B is a true and correct copy of a report regarding the condition of the statue after removal from Lee Park and transporting to storage.

Further, Affiant sayeth not."

Jennifer Scripps

Jennifer Scripps

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 27th day of September 2017.

Notary Public In And For The State Of Texas

CLIFTON GILLESPIE
Notary Public, State of Texas
Comm. Expires 06-20-2020
Notary ID 129029059

-------- Original message --------
From: Laura Ames <lauraames@comcast.net>
Date: 9/16/17 4:38 PM (GMT-06:00)
To: "Scripps, Jennifer" <jennifer.scripps@dallascityhall.com>
Cc: Sandy Church <sschurch@sprynet.com>, "Strother, Jack G." <Jack.Strother@millernash.com>
Subject: Re: Lee Statue Copy Rights

Jennifer,

I just left you a phone message, and am following up to inform you the Proctor Foundation is not involved with any legal complaint against the City of Dallas. We have just become aware that we were included in a complaint, without our approval, and are not in any way connected to the attorney who prepared it, or the organization filing the complaint. We have communicated this with the attorney who prepared the complaint, and he acknowledged we were included without our approval and agreed to remove us immediately.

Furthermore, I've made it clear that you have been completely responsive to me and answered my call immediately, both times I reached out to you. We look forward to further conversations with you and the City of Dallas.

Regards,
Laura

Laura Proctor Ames
The Proctor Foundation
A. Phimister Proctor, Sculptor (1860 - 1950)
www.proctormuseum.com
425-281-2022

On Sep 16, 2017, at 12:41 PM, Scripps, Jennifer <jennifer.scripps@dallascityhall.com> wrote:

Sandy –
Thank you for your email. I was notified at the end of yesterday that The Proctor Foundation is now involved in a legal complaint with the City of Dallas. I have also been very responsive to Ms. Ames and have spoken with her twice and left our last conversation saying that I wanted to continue our conversation.
However, I am sure you can understand that given the present legal issues, this is no longer possible.
Regards,
Jennifer Scripps

EXHIBIT
tabbies
8A

**From:** Sandy Church [mailto:sschurch@sprynet.com]
**Sent:** Saturday, September 16, 2017 9:27 AM
**To:** Scripps, Jennifer <jennifer.scripps@dallascityhall.com>
**Cc:** 'Strother, Jack G.' <Jack.Strother@millernash.com>; 'Laura Ames' <lauraames@comcast.net>
**Subject:** Lee Statue Copy Rights

Hello Ms Scripps,

I would like to discuss the Copy Rights on the Robert E Lee monumental statue created by my Grandfather Alexander Phimister Proctor. My daughter Laura and I have had trouble contacting you and I realize you may be having some challenges after the hurricane.

As you know this is an urgent issue that needs to be handled before any other damage is done to the statue.
I will call you and hope to get in-touch by phone or email.

The Proctor Foundation
Phimister Proctor Church

# Condition Report

**van Enter Studio Ltd.**
1415 Fairview Ave. Dallas TX
75223

Studio van Enter for Fine Art and Conservation. 214 515-9948

September 27, 2017

**Attention:**

**Kay Kallos, Ph.D.** | Public Art Program Manager
CITY OF DALLAS, OFFICE OF CULTURAL AFFAIRS
1925 Elm Street, Suite 400 | Dallas, TX | 75201
tel 214.670.3281
fax 214.670.1404
email kay.kallos@dallascityhall.com

**Robert E Lee Statuary**
**At the Hensley field Location**

This is to confirm that I have inspected the bronze after its removal from Lee Park after being transported to Hensley Field. This was done post transportation and after removal from the transport trailer.

I observed no visible damage occurred in the process of removal or transporting the bronze. I have additional photo documentation on file to verify this.

As the bronze has not had a cleaning for some considerable time I would recommend a cleaning and wax treatment to prevent further deterioration of the surface while in storage.

Michael van Enter
President van Enter Studio Ltd.

EXHIBIT
tabbies
8B

VOL. 1986 Pg. 42

son whose name is subscribed to the foregoing instrument and having been examined by me privily apart from her husband and having the same fully explained to her she the said Gertrude Powell acknowledged such instrument to be her act and deed and she declared that she had willingly signed the same for the purposes and consideration therein expressed and that she did not wish to retract it.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 18 day of November A.D.1936

O.B. Schwethelm Notary Public

L.S. Kerr County, Texas.

Filed for record this the 5 day of December A.D.1936 at 10:40 A.M.

Ed H Steger County Clerk by Sam Nesbit Deputy

Recorded Dec 17,1936 Ed H Steger County Clerk by Mrs Kathryn Keeton Deputy K.

ooooooo

126547-- $.75

JUDGE ROBERT OGDEN COUNTY JUDGE, DALLAS CO. : TO: WARRANTY DEED : CITY OF DALLAS :

THE STATE OF TEXAS:

KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF DALLAS :

That I, Robert Ogden, County Judge of the County of Dallas, Texas, under and by virtue of an order of the Commissioner's Court of Dallas County, Texas made and entered on the 16th day of March A.D.1936 and recorded in Vol.25 page 150 Minutes of the Commissioners Court, Dallas County, Texas, of the County of Dallas, State of Texas, for and in consideration of the sum of ($10.00) Dollars to me in hand paid by the City of Dallas, Texas, and other good and valuable considerations, for and in behalf of Dallas County, Texas, have Granted, Sold and Conveyed and by these presents do Grant, Sell and Convey unto the said City of Dallas, Texas, of the County of Dallas State of Texas all that certain lot, tract or parcel of land described as follows:

112 ft. off the South end of the six acres of land conveyed by J.A Crawford and wife to the County of Dallas, State of Texas on May 17,1901 and recorded in Book 265 page 208 of the Deed Records of Dallas County, Tand being a part of the Lagow League. The land set aside being 112 ft by 311 ft containing about 3/4 of an acre, and being the same tract of land heretofore set aside by the Commissioner's Court of Dallas County, Texas for the burial of Confederate Soldiers, by virtue of an order of said Commissioner's Court made and entered on the 20th day of July A.D.1904 and recorded in Vol.410 page 470 Minutes of the Commissioner's Court of Dallas County, Texas.

TO HAVE AND TO HOLD the above described premises together with all and singular the rights and appurtenances thereto in anywise belonging unto the said County of Dallas, Texas, its successors and assigns forever and I do hereby bind the County of Dallas, Texas, its successors and assigns to Warrant and Forever Defend all and singular the said premises unto the said City of Dallas, its successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

Witness my hand at Dallas, Texas this 17th day of November 1936

Robert Ogden County Judge

Dallas County, Texas.

EXHIBIT 9

THE STATE OF TEXAS:

COUNTY OF DALLAS : BEFORE ME the undersigned a Notary Public in and for said County and State on this day personally appeared Robert Ogden County Judge of the County of Dallas, Texas, known to

me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 17th day of November A.D.1936

R.S.Quillen Notary Public in and for

L.S. Dallas County,Texas

Filed for record this the 5 day of December A.D.1936 at 10:40 A.M.

Ed H Steger County Clerk by Sam Nesbit Deputy

Recorded Dec 18,1936 Ed H Steger County Clerk by Mrs Katheryne Stevens Deputy

oooooooooo

126548-- $1.00

LINCOLN NATIONAL LIFE INS.CO.: THE STATE OF INDIANA:

TO: RELEASE : SS KNOW ALL MEN BY THESE PRESENTS

A.N.LANDES : COUNTY OF ALLEN :

WHEREAS on the 1st day of May A.D.1934 A.N.Landes and wife Lillian Margaret Landes of the County of Dallas,State of Texas did execute,acknowledge and deliver to W.A.McKinley Trustee,of the County of Dallas,State of Texas,a certain deed of trust on the following described real estate,lying and being situated in the County of Dallas,State of Texas,to-wit:

Being known as Lot Number Fourteen (14) in Block Number Four(4) of Walker's Addition to University Heights,an addition to the City of Dallas,Texas,according to the Plat thereof recorded in the Map Records of Dallas County,Texas,and being further known as No.3448 Normandy Street,University Park,Texas.

to secure the prompt payment of one certain promissory note executed by the said A.N.Landes and Lillian Margaret Landes and payable to the order of The Lincoln National Life Insurance Company as follows:

Note dated May 1,1934 in the principal sum of $6500.00 due and payable as follows:

| | | |
|---|---|---|
| $325.00 due 11-1-34; | $325.00 due 5-1-36; | $325.00 due 11-1-37; |
| $325.00 due 5-1-35; | $325.00 due 11-1-36; | $325.00 due 5-1-38; |
| $325.00 due 11-1-35; | $325.00 due 5-1-37; | $325.00 due 11-1-38; |
| | | $3575.00 due 5-1-39; |

AND WHEREAS said note with accrued interest thereon,has been fully paid to The Lincoln National Life Insurance Company,the legal and equitable holder and owner of such note;

NOW THEREFORE KNOW ALL MEN BY THESE PRESENTS That The Lincoln National Life Insurance Company of Allen County,State of Indiana,in consideration of the premises and of the full and final payment of said note,the receipt of which is hereby acknowledged has this day and does by these presents RELEASE,DISCHARGE AND QUIT CLAIM unto the said George I McGee,his heirs or assigns all the right,title,interest and estate in and to the property above described,which it has or may be entitled to by virtue of said deed of trust and does hereby declare the same fully released and discharged from any and all liens created by virtue of said deed of trust above mentioned.

Witness its hand this 19th day of November A.D.1936

The Lincoln National Life Insurance Company

ATTEST: C.S. By R.F.Baird Vice President

T.A.Murphy Asst.Secretary

STATE OF INDIANA:

SS

COUNTY OF ALLEN : On this 19th day of November 1936 before me,Vera Pfeiffer a duly

STATE OF TEXAS }
COUNTY OF DALLAS }

I, JOHN F. WARREN, County Clerk in and for said County and State, do hereby certify that the above and foregoing is a true and correct copy of the instrument filed for record on the 5th day of Dec. 1936 and duly recorded on the 18th day of Dec. 1936 in Volume 1986 Page 42 of the Records of Dallas County, Texas

WITNESS my hand and seal of office at Dallas, Texas this 20th day of September 20 17.

JOHN F. WARREN, COUNTY CLERK
DALLAS COUNTY, TEXAS

By ______________________ Deputy



City of Dallas

**STATE OF TEXAS**

**COUNTY OF DALLAS**

**CITY OF DALLAS**

I, **BILIERAE JOHNSON,** Interim City Secretary of the City of Dallas, Texas, do hereby certify that the attached is a true and correct copy of:

**Dallas City Council Minutes**
**Volume 45, Page 599**
**November 20, 1936**

filed in my office as official records of the City of Dallas, and that I have custody and control of said records.

WITNESS MY HAND AND THE SEAL OF THE CITY OF DALLAS, TEXAS, this the **20th** day of **September, 2017.**

**BILIERAE JOHNSON**
**INTERIM CITY SECRETARY**
**CITY OF DALLAS, TEXAS**

CITY OF DALLAS TEXAS

**PREPARED BY: jhs**

EXHIBIT
tabbies
10

PERSONAL SERVICES

| | | | |
|---|---|---|---|
| A-1 | Supervision | | |
| | Director | 5 months @ $350 | $1,750 |
| A-2 | Clerk Hire | | |
| | Senior Stenographer | 5 months @ $100 | 500 |
| | Total Personal Services | | $2,250 |

Section 3. That the City Attorney be and he is hereby instructed to prepare an ordinance for the establishment of the Department of Traffic Safety and creation of the position of Director of Traffic Education.

Section 4. That this resolution shall take effect from and after its passage as in the Charter in such cases made and provided.

-----RESOLUTION UNANIMOUSLY ADOPTED-----

WHEREAS, the County of Dallas, acting by and through Robert Ogden, its County Judge, by deed dated November 17, A. D. 1936, has conveyed to the City of Dallas the following described property known as the Confederate Cemetery, and more particularly described as follows:

112 ft. off the South end of the six acres of land conveyed by J. A. Crawford and wife, of the County of Dallas, State of Texas, on May 17, 1901, and recorded in Book 265, page 208 of the Deed Records of Dallas County, and being a part of the Lagow League; the land here set aside being 112 ft. by 311 ft., containing about 3/4 of an acre, and being the same tract of land heretofore set aside by the Commissioners' Court of Dallas County, Texas for the burial of Confederate Soldiers by virtue of an order of said Commissioners' Court made and entered on the 20th day of July, A. D. 1904, and recorded in Vol. 410, page 470, Minutes of the Commissioners' Court of Dallas County, Texas; and

WHEREAS, such deed and conveyance should be accepted by the City of Dallas, now, therefore,

BE IT RESOLVED BY THE CITY COUNCIL OF THE CITY OF DALLAS:

Section 1. That the deed and conveyance of the above described tract of land by the County of Dallas to the City of Dallas, executed by Robert Ogden as County Judge thereof, acting under authority and by virtue of an order of the Commissioners' Court of Dallas County, Texas made and entered on the 16th day of March, A. D. 1936 and recorded in Vol. 25, page 150, Minutes of the Commissioners' Court, Dallas County, Texas, be and the same is hereby accepted by the City of Dallas, Texas.

Section 2. That this resolution shall take effect from and after its passage as in the Charter in such cases made and provided.

-----RESOLUTION UNANIMOUSLY ADOPTED-----

WHEREAS, application of Miss Winnifred Fair for a permit to conduct a school of dancing at Brook Mays Studio, 1005 Elm Street, to be known as the Winnifred Fair School of the Dance, has been investigated and approved by the Department of Public Welfare; Now, Therefore

BE IT RESOLVED BY THE CITY COUNCIL OF THE CITY OF DALLAS:

Section 1. That the application of Miss Winnifred Fair be and the same is hereby approved; and

Section 2. That this resolution shall take effect from and after its passage as in the charter made and provided.

-----RESOLUTION UNANIMOUSLY ADOPTED-----

WHEREAS, the five years' maintenance contract in connection with the pavement on Carroll Avenue, from Parry Avenue to Haskell Avenue, expired October 27, 1936; and

WHEREAS, said pavement has been examined by the Department of Public Works and found to be in first-class condition: Now, Therefore:

BE IT RESOLVED BY THE CITY COUNCIL OF THE CITY OF DALLAS:

Section 1. That the Contractor, Uvalde Construction Company, and the Sureties, National Surety Company, and Paul C. Whitley, be released from the five years' maintenance contract and bond, all conditions of which have been complied with.

**AFFIDAVIT**

THE STATE OF TEXAS

COUNTY OF DALLAS

BEFORE ME, the undersigned authority, a notary public in and for the State of Texas, on this day appeared David Dixon, who is personally known to me, and who, after being duly sworn according to law, upon oath deposed and said:

"My name is David Dixon. I am an employee of the City of Dallas Park and Recreation Department and have been employed by the City since March 28, 2007. I am competent to testify, I have personal knowledge of the matters stated herein, and they are true and correct. I am currently a compliance manager and part of my duties include managing, supervising, inspecting, and monitoring the performance of contractors who have contracts with the City of Dallas. The City has entered into contracts for mowing and for ground maintenance of various parks and other properties owned by the City of Dallas. In addition to the contracted work, City forces also work at the City owned properties. The City employees will perform tree trimming, provide extra grounds maintenance after severe storms, and other work not encompassed within the contracts with the contractors. This includes fence repair, construction, inspections, installation of concrete pads, benches or tables, litter barrels, signage installation, and bollard installation.

The property known as the Confederate Cemetery has been under contract for grounds maintenance and litter maintenance since at least 2011. I did not research the maintenance history before that date.

The cemetery has an average 14-day mowing cycle between March 15th and November 15th which is considered our primary mowing season with litter scheduled to be picked up by a

contractor at least twice per week annually. The mowing operations generally stop around the middle of November and do not resume until the middle of April and the litter maintenance is year-round with a reduced schedule during December thru February. Through its contractors the City has been providing routine and scheduled maintenance to the cemetery since at least 2011. For the last several years and currently, Good Earth, Inc. has been providing the lawn services related to the Confederate Cemetery. Currently, T. Smith Lawn Service is performing the litter removal. In addition, City employees have performed maintenance and related work at the cemetery. Attached as Exhibit A is a true and correct copy of completed work order cost and charge listing since October 2014 to August 2017 that reflects the work performed and the costs incurred related to maintaining the grounds of the Confederate Cemetery. The listing includes work performed by Good Earth, Inc.; T. Smith Lawn Services; and City employees at the Confederate Cemetery. The contractors' time is always listed in the system as 0 hours but their total cost for the work is entered as a lump sum at the end of each month. The City has not abandoned the Confederate Cemetery and the City has maintained and is currently maintaining the property.

I have never received a request by the Texas Division, Sons of the Confederate Veterans, Inc. ("TDSCV") to perform any maintenance or restoration work at the Confederate Cemetery. I have inquired of others within the Park and Recreation Department and no one is aware of any notification or request by TDSCV to perform maintenance or restoration work at the Confederate Cemetery. Any maintenance or restoration work at the Confederate Cemetery by TDSCV would have been unauthorized.

I am one of the custodians of records for the City of Dallas Parks and Recreation Department. It was the regular course of business for the City's Parks and Recreation Department for an employee with knowledge of the act, event, or condition to make a record or to transmit

information thereof to be included in such record, and that such records be made at or near the time, or reasonably soon thereafter. The attached and referenced exhibits are true and correct copies of excerpts of the City's records and the above referenced items.

Further, Affiant sayeth not."

David Dixon

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 26th day of September 2017.

Notary Public In And For The State Of Texas

NOTARY PUBLIC
STATE OF TEXAS
LISA TATE PENNEY
Notary Public
STATE OF TEXAS
My Comm. Exp. 10-24-2018



City of Dallas

Dallas Park and Recreation
1500 Marilla, 6FN
Dallas, Texas 75201
Phone: 214-670-4100 Fax: 214-670-3205

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # / Completed | Service / Detail Type / Detail Name | | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|
| 147934 | Mowing | Property: District 2 | | | |
| 10/1/2014 | | Asset: 02-Confederate Cemetery | | | |
| | Labor | | | | |
| | Good Earth | | 3.00 | 160.50 | 160.50 |
| | | | **Total** | **160.50** | **160.50** |
| 155080 | Litter | Property: District 2 | | | |
| 10/31/2014 | | Asset: 02-Confederate Cemetery | | | |
| | Labor | | | | |
| | Good Earth | | 9.00 | 52.65 | 52.65 |
| | | | **Total** | **52.65** | **52.65** |
| 155631 | Mowing | Property: District 2 | | | |
| 11/30/2014 | | Asset: 02-Confederate Cemetery | | | |
| | Labor | | | | |
| | Good Earth | | 2.00 | 107.00 | 107.00 |
| | | | **Total** | **107.00** | **107.00** |
| 161779 | Litter | Property: District 2 | | | |
| 11/30/2014 | | Asset: 02-Confederate Cemetery | | | |
| | Labor | | | | |
| | Good Earth | | 8.00 | 46.80 | 46.80 |
| | | | **Total** | **46.80** | **46.80** |
| 168190 | Litter | Property: District 2 | | | |
| 12/31/2014 | | Asset: 02-Confederate Cemetery | | | |
| | Labor | | | | |
| | Good Earth | | 9.00 | 52.65 | 52.65 |
| | | | **Total** | **52.65** | **52.65** |
| 176492 | Litter | Property: District 2 | | | |
| 1/31/2015 | | Asset: 02-Confederate Cemetery | | | |
| | Labor | | | | |
| | Good Earth | | 9.00 | 52.65 | 52.65 |
| | | | **Total** | **52.65** | **52.65** |

EXHIBIT
tabbies
11 A

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # Completed | Service / Detail Type / Detail Name | | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|
| **182721** | **Litter** | **Property:** | **District 2** | | |
| **2/28/2015** | | **Asset:** | **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 40.95 | 40.95 |
| | | | **Total** | **40.95** | **40.95** |
| **183698** | **Mowing** | **Property:** | **District 2** | | |
| **3/1/2015** | | **Asset:** | **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 53.50 | 53.50 |
| | | | **Total** | **53.50** | **53.50** |
| **191975** | **Litter** | **Property:** | **District 2** | | |
| **3/31/2015** | | **Asset:** | **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 52.65 | 52.65 |
| | | | **Total** | **52.65** | **52.65** |
| **192558** | **Mowing** | **Property:** | **District 2** | | |
| **4/30/2015** | | **Asset:** | **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Good Earth | | 2.00 | 107.00 | 107.00 |
| | | | **Total** | **107.00** | **107.00** |
| **200888** | **Amenities** | **Property:** | **District 2** | | |
| **4/28/2015** | | **Asset:** | **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Mendoza-Pina Manuel | | 0.50 | 8.44 | 11.48 |
| | Montoya-De La Rosa Luis | | 0.50 | 9.29 | 11.89 |
| | Ramos Guillermo | | 0.50 | 6.78 | 9.21 |
| | **Parts** | | | | |
| | 02-3/4 Ton Pickup | | 0.5 | 1.14 | 1.20 |
| | | | **Total** | **25.65** | **33.78** |
| **201329** | **Litter** | **Property:** | **District 2** | | |
| **4/30/2015** | | **Asset:** | **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Good Earth | | 80.00 | 46.80 | 46.80 |
| | | | **Total** | **46.80** | **46.80** |

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # / Completed | Service / Detail Type / Detail Name | | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|
| **202241** | **Mowing** | **Property:** | **District 2** | | |
| **5/31/2015** | | **Asset:** | **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Good Earth | | 2.00 | 107.00 | 107.00 |
| | | | **Total** | **107.00** | **107.00** |
| **210823** | **Litter** | **Property:** | **District 2** | | |
| **5/31/2015** | | **Asset:** | **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Good Earth | | 9.00 | 52.65 | 52.65 |
| | | | **Total** | **52.65** | **52.65** |
| **211258** | **Forestry** | **Property:** | **District 2** | | |
| **5/27/2015** | | **Asset:** | **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Escamilla Xavier | | 3.00 | 41.79 | 56.00 |
| | Mendoza Jose | | 3.00 | 46.37 | 62.13 |
| | **Parts** | | | | |
| | 04-2 Ton Truck | | 0 | 0.00 | 0.00 |
| | 22-Small Equipment | | 0 | 0.00 | 0.00 |
| | | | **Total** | **88.16** | **118.13** |
| **211386** | **Mowing** | **Property:** | **District 2** | | |
| **6/30/2015** | | **Asset:** | **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 107.00 | 107.00 |
| | | | **Total** | **107.00** | **107.00** |
| **214208** | **Storm Damage** | **Property:** | **District 2** | | |
| **6/5/2015** | | **Asset:** | **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Escamilla Xavier | | 0.50 | 6.97 | 9.33 |
| | **Parts** | | | | |
| | 02-3/4 Ton Pickup | | 1 | 2.28 | 2.39 |
| | | | **Total** | **9.25** | **11.73** |
| **215466** | **Storm Damage** | **Property:** | **District 2** | | |
| **6/15/2015** | | **Asset:** | **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Escamilla Xavier | | 3.50 | 48.76 | 65.33 |
| | Mendoza Jose | | 3.50 | 54.09 | 72.49 |
| | Mills James | | 1.00 | 20.32 | 25.20 |

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # Completed | Service / Detail Type / Detail Name | | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|
| | **Other Costs** | | | | |
| | Dump trip | | | 0.00 | 0.00 |
| | **Parts** | | | | |
| | 02-3/4 Ton Pickup | | 3.5 | 7.98 | 8.38 |
| | 12-Skid Steer Loader / Bobcat | | 3.5 | 12.15 | 12.75 |
| | 15-3 Ton truck | | 3.5 | 22.51 | 23.63 |
| | 22-Small Equipment | | 3.5 | 5.29 | 5.55 |
| | 23-Trailer | | 3.5 | 3.08 | 3.23 |
| | 52-10,(4)22 | | 3.5 | 44.45 | 46.67 |
| | | | **Total** | **218.62** | **263.24** |
| **215980** **6/19/2015** | **Storm Damage** | **Property:** District 2 **Asset:** 02-Confederate Cemetery | | | |
| | **Labor** | | | | |
| | Escamilla Xavier | | 1.00 | 13.93 | 18.67 |
| | Mendoza Jose | | 1.00 | 15.46 | 20.71 |
| | **Parts** | | | | |
| | 10-Winch Truck | | 1 | 6.66 | 6.99 |
| | 12-Skid Steer Loader / Bobcat | | 1 | 3.47 | 3.64 |
| | 15-3 Ton truck | | 1 | 6.43 | 6.75 |
| | | | **Total** | **45.95** | **56.76** |
| **218413** **6/30/2015** | **02-Confederate Cemetery-Contract Litter-Monthly, 6/30/2015** | **Property:** District 2 **Asset:** 02-Confederate Cemetery | | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 52.65 | 52.65 |
| | | | **Total** | **52.65** | **52.65** |
| **220872** **7/31/2015** | **02-Confederate Cemetery-Contract Mowing-Monthly, 7/1/2015** | **Property:** District 2 **Asset:** 02-Confederate Cemetery | | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 160.50 | 160.50 |
| | | | **Total** | **160.50** | **160.50** |
| **224097** **7/7/2015** | **Mowing** | **Property:** District 2 **Asset:** 02-Confederate Cemetery | | | |
| | **Labor** | | | | |
| | Mendoza-Pina Manuel | | 0.50 | 8.44 | 11.48 |
| | Montoya-De La Rosa Luis | | 0.50 | 9.29 | 11.89 |
| | Ramos Guillermo | | 0.50 | 6.78 | 9.21 |
| | **Parts** | | | | |
| | 02-3/4 Ton Pickup | | 0.5 | 1.14 | 1.20 |

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # / Completed | Service / Detail Type / Detail Name | | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|
| | | | **Total** | **25.65** | **33.78** |
| **227824** **7/31/2015** | **02-Confederate Cemetery-Contract Litter-Monthly, 7/31/2015** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 52.65 | 52.65 |
| | | | **Total** | **52.65** | **52.65** |
| **229365** **7/22/2015** | **Forestry** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Escamilla Xavier | | 0.50 | 6.97 | 9.33 |
| | Mendoza Jose | | 0.50 | 7.73 | 10.36 |
| | Mills James | | 0.50 | 10.16 | 12.60 |
| | **Parts** | | | | |
| | 12-Skid Steer Loader / Bobcat | | 0.5 | 1.74 | 1.82 |
| | 23-Trailer | | 0.5 | 0.44 | 0.46 |
| | 52-10,(4)22 | | 0.5 | 6.35 | 6.67 |
| | 55-05,(2)22 | | 0.5 | 5.73 | 6.02 |
| | 56-04,18,(2)22 | | 0.5 | 4.47 | 4.69 |
| | | | **Total** | **43.58** | **51.95** |
| **229957** **8/31/2015** | **02-Confederate Cemetery-Contract Mowing-Monthly, 8/1/2015** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 107.00 | 107.00 |
| | | | **Total** | **107.00** | **107.00** |
| **231393** **8/4/2015** | **02-Confederate Cem. Inspection-ST1, 8/4/2015** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Mendoza-Pina Manuel | | 0.50 | 8.44 | 11.48 |
| | Montoya-De La Rosa Luis | | 0.50 | 9.29 | 11.89 |
| | Ramos Guillermo | | 0.50 | 6.78 | 9.21 |
| | **Parts** | | | | |
| | 02-3/4 Ton Pickup | | 0.5 | 1.14 | 1.20 |
| | | | **Total** | **25.65** | **33.78** |
| **236984** **8/31/2015** | **02-Confederate Cemetery-Contract Litter-Monthly, 8/31/2015** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 52.65 | 52.65 |

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # / Completed | Service / Detail Type / Detail Name | | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|
| | | | **Total** | **52.65** | **52.65** |
| **239225** **9/30/2015** | **02-Confederate Cemetery-Contract Mowing-Monthly, 9/1/2015** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 107.00 | 107.00 |
| | | | **Total** | **107.00** | **107.00** |
| **240750** **9/1/2015** | **02-Confederate Cem. Inspection-ST1, 9/1/2015** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Mendoza-Pina Manuel | | 0.50 | 8.44 | 11.48 |
| | Montoya-De La Rosa Luis | | 0.50 | 9.29 | 11.89 |
| | Ramos Guillermo | | 0.50 | 6.78 | 9.21 |
| | **Parts** | | | | |
| | 02-3/4 Ton Pickup | | 0.5 | 1.14 | 1.20 |
| | | | **Total** | **25.65** | **33.78** |
| **247344** **9/30/2015** | **02-Confederate Cemetery-Contract Litter-Monthly, 9/30/2015** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 46.80 | 46.80 |
| | | | **Total** | **46.80** | **46.80** |
| **247927** **10/31/2015** | **02-Confederate Cemetery-Contract Mowing-Monthly, 10/1/2015** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 107.00 | 107.00 |
| | | | **Total** | **107.00** | **107.00** |
| **251067** **10/6/2015** | **02-Confederate Cem. Inspection-ST1, 10/6/2015** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Justice Wendell | | 0.20 | 2.61 | 2.61 |
| | Ramos Guillermo | | 0.20 | 2.85 | 3.87 |
| | Vargas Estanislao | | 0.20 | 3.42 | 4.65 |
| | **Parts** | | | | |
| | 02-3/4 Ton Pickup | | 0.2 | 0.46 | 0.48 |
| | | | **Total** | **9.33** | **11.61** |
| **256209** **10/31/2015** | **02-Confederate Cemetery-Contract Litter-Monthly, 10/31/2015** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # / Completed | Service / Detail Type / Detail Name | | | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|---|
| | **Labor** | | | | | |
| | Good Earth | | | 0.00 | 52.65 | 52.65 |
| | | | | **Total** | **52.65** | **52.65** |
| **258132** **12/2/2015** | **02-Confederate Cemetery-Contract Mowing-Monthly, 11/1/2015** | **Property:** **Asset:** | **District 2** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | | |
| | Good Earth | | | 0.00 | 53.50 | 53.50 |
| | | | | **Total** | **53.50** | **53.50** |
| **265882** **11/30/2015** | **02-Confederate Cemetery-Contract Litter-Monthly, 11/30/2015** | **Property:** **Asset:** | **District 2** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | | |
| | Good Earth | | | 0.00 | 52.65 | 52.65 |
| | | | | **Total** | **52.65** | **52.65** |
| **270446** **12/31/2015** | **02-Confederate Cemetery-Contract Litter-Monthly, 12/31/2015** | **Property:** **Asset:** | **District 2** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | | |
| | Good Earth | | | 0.00 | 46.80 | 46.80 |
| | | | | **Total** | **46.80** | **46.80** |
| **277230** **1/5/2016** | **02-Confederate Cem. Inspection-ST1, 1/5/2016** | **Property:** **Asset:** | **District 2** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | | |
| | 01-Temporary Labor | | | 0.50 | 5.31 | 5.31 |
| | Still Mark E | | | 0.50 | 6.93 | 9.43 |
| | Williams Gerald L | | | 0.50 | 5.98 | 8.14 |
| | **Parts** | | | | | |
| | 02-3/4 Ton Pickup | | | 0.5 | 1.14 | 1.20 |
| | | | | **Total** | **19.37** | **24.07** |
| **281450** **1/31/2016** | **02-Confederate Cemetery-Contract Litter-Monthly, 1/31/2016** | **Property:** **Asset:** | **District 2** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | | |
| | Good Earth | | | 0.00 | 52.65 | 52.65 |
| | | | | **Total** | **52.65** | **52.65** |
| **286772** **2/16/2016** | **Off Season Grounds Mowing** | **Property:** **Asset:** | **District 2** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | | |
| | Johnson Kevin | | | 1.10 | 13.73 | 17.02 |

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # / Completed | Service / Detail Type / Detail Name | | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|
| | Mendoza-Pina Manuel | | 1.10 | 16.56 | 22.52 |
| | Ramos Guillermo | | 1.10 | 16.56 | 22.52 |
| | Segura Jose C | | 1.10 | 16.56 | 23.02 |
| | Vargas Estanislao | | 1.10 | 16.56 | 22.52 |
| | **Parts** | | | | |
| | 29-02-21,(4) 22, 23 | | 1.1 | 11.47 | 12.05 |
| | 70-Tractor Diesel | | 1.1 | 3.41 | 3.58 |
| | | | **Total** | **94.85** | **123.23** |
| **288459** | **02-Confederate Cemetery-Contract Litter-Monthly, 2/29/2016** | **Property:** **District 2** | | | |
| **3/31/2016** | | **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 52.65 | 52.65 |
| | | | **Total** | **52.65** | **52.65** |
| **290841** | **Off Season Grounds Mowing** | **Property:** **District 2** | | | |
| **3/1/2016** | | **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Montoya-De La Rosa Luis | | 2.50 | 48.22 | 61.72 |
| | Pena Daniel | | 2.50 | 37.64 | 51.19 |
| | Ramos Guillermo | | 2.50 | 37.64 | 51.19 |
| | Vargas Estanislao | | 2.50 | 37.64 | 51.19 |
| | **Parts** | | | | |
| | 29-02-21,(4) 22, 23 | | 2.5 | 26.08 | 27.38 |
| | 70-Tractor Diesel | | 2.5 | 7.75 | 8.14 |
| | | | **Total** | **194.96** | **250.80** |
| **290842** | **02-Confederate Cemetery-Contract Grounds Maintenance 14-days, 3/1/2016** | **Property:** **District 2** | | | |
| **3/31/2016** | | **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 60.00 | 60.00 |
| | | | **Total** | **60.00** | **60.00** |
| **302192** | **02-Confederate Cemetery-Contract Litter-Monthly, 3/31/2016** | **Property:** **District 2** | | | |
| **3/31/2016** | | **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Terence Smith Smith Lawn Service | | 0.00 | 57.50 | 57.50 |
| | | | **Total** | **57.50** | **57.50** |
| **303994** | **02-Confederate Cemetery-Contract Grounds Maintenance 14-days, 4/1/2016** | **Property:** **District 2** | | | |
| **4/30/2016** | | **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 120.00 | 120.00 |

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # Completed | Service | Detail Type / Detail Name | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|
| | | | **Total** | **120.00** | **120.00** |
| **305238** **5/3/2016** | **02-Confederate Cem. Inspection-ST1, 4/5/2016** | **Property: District 2** **Asset: 02-Confederate Cemetery** | | | |
| | | **Labor** | | | |
| | | Mendoza-Pina Manuel | 0.00 | 0.00 | 0.00 |
| | | Montoya-De La Rosa Luis | 0.00 | 0.00 | 0.00 |
| | | Ramos Guillermo | 0.00 | 0.00 | 0.00 |
| | | | **Total** | **0.00** | **0.00** |
| **312239** **5/31/2016** | **02-Confederate Cemetery-Contract Grounds Maintenance 14-days, 5/1/2016** | **Property: District 2** **Asset: 02-Confederate Cemetery** | | | |
| | | **Labor** | | | |
| | | Good Earth | 0.00 | 120.00 | 120.00 |
| | | | **Total** | **120.00** | **120.00** |
| **312240** **4/30/2016** | **02-Confederate Cemetery-Contract Litter-Monthly, 4/30/2016** | **Property: District 2** **Asset: 02-Confederate Cemetery** | | | |
| | | **Labor** | | | |
| | | Terence Smith Smith Lawn Service | 0.00 | 74.75 | 74.75 |
| | | | **Total** | **74.75** | **74.75** |
| **314858** **5/3/2016** | **02-Confederate Cem. Inspection-ST1, 5/3/2016** | **Property: District 2** **Asset: 02-Confederate Cemetery** | | | |
| | | **Labor** | | | |
| | | Montoya-De La Rosa Luis | 0.50 | 9.64 | 12.35 |
| | | Ramos Guillermo | 0.50 | 7.53 | 10.24 |
| | | Vargas Estanislao | 0.50 | 7.53 | 10.24 |
| | | **Parts** | | | |
| | | 02-3/4 Ton Pickup | 0.5 | 1.14 | 1.20 |
| | | | **Total** | **25.84** | **34.02** |
| **320138** **5/31/2016** | **02-Confederate Cemetery-Contract Litter-Monthly, 5/31/2016** | **Property: District 2** **Asset: 02-Confederate Cemetery** | | | |
| | | **Labor** | | | |
| | | Terence Smith Smith Lawn Service | 0.00 | 74.75 | 74.75 |
| | | | **Total** | **74.75** | **74.75** |
| **324435** **6/30/2016** | **02-Confederate Cemetery-Contract Grounds Maintenance 14-days, 6/1/2016** | **Property: District 2** **Asset: 02-Confederate Cemetery** | | | |
| | | **Labor** | | | |
| | | Good Earth | 0.00 | 180.00 | 180.00 |

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # / Completed | Service / Detail Type / Detail Name | | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|
| | | | **Total** | **180.00** | **180.00** |
| **332649** **7/31/2016** | **02-Confederate Cemetery-Contract Grounds Maintenance 14-days, 7/1/2016** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 120.00 | 120.00 |
| | | | **Total** | **120.00** | **120.00** |
| **332650** **6/30/2016** | **02-Confederate Cemetery-Contract Litter-Monthly, 6/30/2016** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Terence Smith Smith Lawn Service | | 0.00 | 74.75 | 74.75 |
| | | | **Total** | **74.75** | **74.75** |
| **345255** **7/31/2016** | **02-Confederate Cemetery-Contract Litter-Monthly, 7/31/2016** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Terence Smith Smith Lawn Service | | 0.00 | 74.75 | 74.75 |
| | | | **Total** | **74.75** | **74.75** |
| **346203** **8/31/2016** | **02-Confederate Cemetery-Contract Grounds Maintenance 14-days, 8/1/2016** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 120.00 | 120.00 |
| | | | **Total** | **120.00** | **120.00** |
| **347800** **8/11/2016** | **02-Confederate Cemetary Amenities 1, 8/9/2016** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Frazier Joseph R | | 0.30 | 4.52 | 4.52 |
| | Vanegas Humberto | | 0.30 | 4.52 | 6.14 |
| | **Parts** | | | | |
| | 02-3/4 Ton Pickup | | 0.3 | 0.68 | 0.72 |
| | 73-Pressure Washer | | 0.3 | 0.39 | 0.41 |
| | | | **Total** | **10.10** | **11.78** |
| **354638** **8/24/2016** | **02-Confederate Cemetary Amenities 1, 8/23/2016** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Frazier Joseph R | | 0.40 | 6.02 | 6.02 |
| | Vanegas Humberto | | 0.40 | 6.02 | 8.19 |
| | **Parts** | | | | |

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # / Completed | Service / Detail Type / Detail Name | | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|
| | 02-3/4 Ton Pickup | | 0.4 | 0.91 | 0.96 |
| | 73-Pressure Washer | | 0.4 | 0.52 | 0.54 |
| | | | **Total** | **13.47** | **15.71** |
| **356746** **8/31/2016** | **02-Confederate Cemetery-Contract Litter-Monthly, 8/31/2016** | **Property:** District 2 **Asset:** 02-Confederate Cemetery | | | |
| | **Labor** | | | | |
| | Terence Smith Smith Lawn Service | | 0.00 | 80.50 | 80.50 |
| | | | **Total** | **80.50** | **80.50** |
| **359188** **9/30/2016** | **02-Confederate Cemetery-Contract Grounds Maintenance 14-days, 9/1/2016** | **Property:** District 2 **Asset:** 02-Confederate Cemetery | | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 120.00 | 120.00 |
| | | | **Total** | **120.00** | **120.00** |
| **359327** **9/12/2016** | **Forestry** | **Property:** District 2 **Asset:** 02-Confederate Cemetery | | | |
| | **Labor** | | | | |
| | Cerda Rodolfo C | | 1.50 | 28.93 | 37.03 |
| | Chimney Andre | | 1.50 | 18.72 | 26.02 |
| | Montoya-De La Rosa Luis | | 1.50 | 28.93 | 37.03 |
| | Ramos Guillermo | | 1.50 | 22.58 | 30.71 |
| | Segura Jose C | | 1.50 | 22.58 | 31.39 |
| | Vargas Estanislao | | 1.50 | 22.58 | 30.71 |
| | Williams Gerald L | | 1.50 | 22.58 | 30.71 |
| | **Parts** | | | | |
| | 02-3/4 Ton Pickup | | 1.5 | 3.42 | 3.59 |
| | 02-3/4 Ton Pickup | | 1.5 | 3.42 | 3.59 |
| | 29-02-21,(4) 22, 23 | | 0 | 0.00 | 0.00 |
| | 70-Tractor Diesel | | 0 | 0.00 | 0.00 |
| | | | **Total** | **173.75** | **230.79** |
| **365753** **9/30/2016** | **02-Confederate Cemetery-Contract Litter-Monthly, 9/30/2016** | **Property:** District 2 **Asset:** 02-Confederate Cemetery | | | |
| | **Labor** | | | | |
| | Terence Smith Smith Lawn Service | | 0.00 | 74.75 | 74.75 |
| | | | **Total** | **74.75** | **74.75** |
| **370314** **10/6/2016** | **02-Confederate Cemetary Amenities 1, 10/4/2016** | **Property:** District 2 **Asset:** 02-Confederate Cemetery | | | |
| | **Labor** | | | | |
| | Frazier Joseph R | | 0.30 | 4.52 | 4.52 |

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # / Completed | Service / Detail Type / Detail Name | | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|
| | Vanegas Humberto | | 0.30 | 4.52 | 6.14 |
| | **Parts** | | | | |
| | 02-3/4 Ton Pickup | | 0.3 | 0.68 | 0.72 |
| | 73-Pressure Washer | | 0.3 | 0.39 | 0.41 |
| | | | **Total** | **10.10** | **11.78** |
| **370315** **10/31/2016** | **02-Confederate Cemetery-Contract Grounds Maintenance 14-days, 10/1/2016** | **Property: District 2** **Asset: 02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 120.00 | 120.00 |
| | | | **Total** | **120.00** | **120.00** |
| **376215** **10/19/2016** | **02-Confederate Cemetary Amenities 1, 10/18/2016** | **Property: District 2** **Asset: 02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Frazier Joseph R | | 0.60 | 9.03 | 9.03 |
| | **Parts** | | | | |
| | 02-3/4 Ton Pickup | | 0.6 | 1.37 | 1.44 |
| | 73-Pressure Washer | | 0.6 | 0.77 | 0.81 |
| | | | **Total** | **11.17** | **11.28** |
| **376216** **10/31/2016** | **02-Confederate Cemetery-Contract Litter-Monthly, 10/31/2016** | **Property: District 2** **Asset: 02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | T. Smith Lawn Service | | 0.00 | 74.75 | 74.75 |
| | | | **Total** | **74.75** | **74.75** |
| **380409** **11/28/2016** | **02-Confederate Cemetary Amenities 1, 11/1/2016** | **Property: District 2** **Asset: 02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Frazier Joseph R | | 0.50 | 7.53 | 7.53 |
| | Vanegas Humberto | | 0.50 | 7.53 | 10.24 |
| | **Parts** | | | | |
| | 02-3/4 Ton Pickup | | 0.5 | 1.14 | 1.20 |
| | 73-Pressure Washer | | 0.5 | 0.65 | 0.68 |
| | | | **Total** | **16.84** | **19.64** |
| **380410** **11/30/2016** | **02-Confederate Cemetery-Contract Grounds Maintenance 14-days, 11/1/2016** | **Property: District 2** **Asset: 02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 120.00 | 120.00 |

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # / Completed | Service / Detail Type / Detail Name | | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|
| | | | Total | 120.00 | 120.00 |
| 386908 / 11/28/2016 | 02-Confederate Cemetary Amenities 1, 11/15/2016 | Property: District 2; Asset: 02-Confederate Cemetery | | | |
| | Labor | | | | |
| | Frazier Joseph R | | 0.20 | 3.01 | 3.01 |
| | Vanegas Humberto | | 0.20 | 3.01 | 4.09 |
| | Parts | | | | |
| | 02-3/4 Ton Pickup | | 0.2 | 0.46 | 0.48 |
| | 73-Pressure Washer | | 0.2 | 0.26 | 0.27 |
| | | | Total | 6.74 | 7.86 |
| 389632 / 11/30/2016 | 02-Confederate Cemetery-Contract Litter-Monthly, 11/30/2016 | Property: District 2; Asset: 02-Confederate Cemetery | | | |
| | Labor | | | | |
| | T. Smith Lawn Service | | 0.00 | 74.75 | 74.75 |
| | | | Total | 74.75 | 74.75 |
| 395724 / 12/16/2016 | 02-Confederate Cemetary Amenities 1, 12/13/2016 | Property: District 2; Asset: 02-Confederate Cemetery | | | |
| | Labor | | | | |
| | Frazier Joseph R | | 0.10 | 1.51 | 1.51 |
| | Vanegas Humberto | | 0.00 | 0.00 | 0.00 |
| | | | Total | 1.51 | 1.51 |
| 399363 / 12/27/2016 | 02-Confederate Cemetary Amenities 1, 12/27/2016 | Property: District 2; Asset: 02-Confederate Cemetery | | | |
| | Labor | | | | |
| | Frazier Joseph R | | 0.20 | 2.96 | 2.96 |
| | Vanegas Humberto | | 0.20 | 2.96 | 4.02 |
| | Parts | | | | |
| | 02-3/4 Ton Pickup | | 0.2 | 0.46 | 0.48 |
| | 73-Pressure Washer | | 0.2 | 0.26 | 0.27 |
| | | | Total | 6.62 | 7.72 |
| 399364 / 12/31/2016 | 02-Confederate Cemetery-Contract Litter-Monthly, 12/31/2016 | Property: District 2; Asset: 02-Confederate Cemetery | | | |
| | Labor | | | | |
| | T. Smith Lawn Service | | 0.00 | 46.00 | 46.00 |
| | | | Total | 46.00 | 46.00 |

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # / Completed | Service / Detail Type / Detail Name | | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|
| **402605** **1/10/2017** | **02-Confederate Cemetary Amenities 1, 1/10/2017** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Frazier Joseph R | | 0.20 | 2.96 | 2.96 |
| | Vanegas Humberto | | 0.20 | 2.96 | 4.02 |
| | **Parts** | | | | |
| | 02-3/4 Ton Pickup | | 0.2 | 0.46 | 0.48 |
| | 73-Pressure Washer | | 0.2 | 0.26 | 0.27 |
| | | | **Total** | **6.62** | **7.72** |
| **406711** **1/24/2017** | **02-Confederate Cemetary Amenities 1, 1/24/2017** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Frazier Joseph R | | 0.20 | 2.96 | 2.96 |
| | Vanegas Humberto | | 0.20 | 2.96 | 4.02 |
| | **Parts** | | | | |
| | 02-3/4 Ton Pickup | | 0.2 | 0.46 | 0.48 |
| | | | **Total** | **6.37** | **7.45** |
| **406712** **1/31/2017** | **02-Confederate Cemetery-Contract Litter-Monthly, 1/31/2017** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | T. Smith Lawn Service | | 0.00 | 57.50 | 57.50 |
| | | | **Total** | **57.50** | **57.50** |
| **414222** **2/21/2017** | **02-Confederate Cemetary Amenities 1, 2/21/2017** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | Frazier Joseph R | | 0.20 | 2.96 | 2.96 |
| | Vanegas Humberto | | 0.20 | 2.96 | 4.02 |
| | **Parts** | | | | |
| | 02-3/4 Ton Pickup | | 0.2 | 0.46 | 0.48 |
| | 73-Pressure Washer | | 0.2 | 0.26 | 0.27 |
| | | | **Total** | **6.62** | **7.72** |
| **414223** **2/28/2017** | **02-Confederate Cemetery-Contract Litter-Monthly, 2/28/2017** | **Property:** **District 2** **Asset:** **02-Confederate Cemetery** | | | |
| | **Labor** | | | | |
| | T. Smith Lawn Service | | 0.00 | 46.00 | 46.00 |
| | | | **Total** | **46.00** | **46.00** |

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # / Completed | Service / Detail Type / Detail Name | | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|
| **417082** | **Off Season Grounds Mowing** | **Property:** | **District 2** | | |
| **2/10/2017** | | **Asset:** | **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Alvarez Martin | | 2.00 | 38.32 | 49.05 |
| | Mendoza-Pina Manuel | | 2.00 | 29.55 | 40.19 |
| | Still Mark E | | 2.00 | 29.55 | 40.19 |
| | **Parts** | | | | |
| | 02-3/4 Ton Pickup | | 2 | 4.56 | 4.79 |
| | | | **Total** | **101.99** | **134.22** |
| **417948** | **02-Confederate Cemetary Amenities 1, 3/7/2017** | **Property:** | **District 2** | | |
| **3/7/2017** | | **Asset:** | **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Frazier Joseph R | | 0.00 | 0.00 | 0.00 |
| | Vanegas Humberto | | 0.40 | 5.91 | 8.04 |
| | | | **Total** | **5.91** | **8.04** |
| **417949** | **02-Confederate Cemetery-Contract Grounds Maintenance 14-days, 3/1/2017** | **Property:** | **District 2** | | |
| **3/31/2017** | | **Asset:** | **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 120.00 | 120.00 |
| | | | **Total** | **120.00** | **120.00** |
| **418159** | **Grounds Maintenance** | **Property:** | **District 2** | | |
| **2/28/2017** | | **Asset:** | **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Cerda Rodolfo C | | 2.50 | 47.90 | 61.32 |
| | Segura Jose C | | 2.50 | 36.94 | 51.35 |
| | Williams Gerald L | | 2.50 | 36.94 | 50.24 |
| | **Parts** | | | | |
| | 29-02-21,(4) 22, 23 | | 2.5 | 26.08 | 27.38 |
| | 70-Tractor Diesel | | 2.5 | 7.75 | 8.14 |
| | | | **Total** | **155.61** | **198.42** |
| **421264** | **02-Confederate Cemetary Amenities 1, 3/21/2017** | **Property:** | **District 2** | | |
| **3/21/2017** | | **Asset:** | **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Frazier Joseph R | | 0.20 | 2.96 | 2.96 |
| | Vanegas Humberto | | 0.20 | 2.96 | 4.02 |
| | | | **Total** | **5.91** | **6.97** |

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # Completed | Service / Detail Type / Detail Name | | | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|---|
| 427523<br>3/31/2017 | **02-Confederate Cemetery-Contract Litter-Monthly, 3/31/2017** | **Property:**<br>**Asset:** | **District 2**<br>**02-Confederate Cemetery** | | | |
| | **Labor** | | | | | |
| | Johnson-Boyd Linda | | | 0.00 | 0.00 | 0.00 |
| | T. Smith Lawn Service | | | 0.00 | 80.50 | 80.50 |
| | | | | **Total** | **80.50** | **80.50** |
| 430081<br>4/4/2017 | **02-Confederate Cemetary Amenities 1, 4/4/2017** | **Property:**<br>**Asset:** | **District 2**<br>**02-Confederate Cemetery** | | | |
| | **Labor** | | | | | |
| | Frazier Joseph R | | | 0.30 | 4.43 | 4.43 |
| | Vanegas Humberto | | | 0.30 | 4.43 | 6.03 |
| | | | | **Total** | **8.87** | **10.46** |
| 430082<br>4/30/2017 | **02-Confederate Cemetery-Contract Grounds Maintenance 14-days, 4/1/2017** | **Property:**<br>**Asset:** | **District 2**<br>**02-Confederate Cemetery** | | | |
| | **Labor** | | | | | |
| | Good Earth | | | 0.00 | 120.00 | 120.00 |
| | | | | **Total** | **120.00** | **120.00** |
| 435229<br>3/29/2017 | **Storm Damage** | **Property:**<br>**Asset:** | **District 2**<br>**02-Confederate Cemetery** | | | |
| | **Labor** | | | | | |
| | Cerda Rodolfo C | | | 0.20 | 3.83 | 4.91 |
| | Segura Jose C | | | 0.20 | 2.96 | 4.11 |
| | Williams Gerald L | | | 0.20 | 2.96 | 4.02 |
| | **Parts** | | | | | |
| | 02-3/4 Ton Pickup | | | 0.2 | 0.46 | 0.48 |
| | | | | **Total** | **10.20** | **13.51** |
| 436597<br>4/18/2017 | **02-Confederate Cemetary Amenities 1, 4/18/2017** | **Property:**<br>**Asset:** | **District 2**<br>**02-Confederate Cemetery** | | | |
| | **Labor** | | | | | |
| | Frazier Joseph R | | | 0.20 | 2.96 | 2.96 |
| | Vanegas Humberto | | | 0.20 | 2.96 | 4.02 |
| | | | | **Total** | **5.91** | **6.97** |
| 436599<br>5/31/2017 | **02-Confederate Cemetery-Contract Grounds Maintenance 14-days, 5/1/2017** | **Property:**<br>**Asset:** | **District 2**<br>**02-Confederate Cemetery** | | | |
| | **Labor** | | | | | |
| | Good Earth | | | 0.00 | 120.00 | 120.00 |

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # / Completed | Service / Detail Type / Detail Name | | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|
| | | | **Total** | **120.00** | **120.00** |
| **436600** **4/30/2017** | **02-Confederate Cemetery-Contract Litter-Monthly, 4/30/2017** | **Property:** District 2 **Asset:** 02-Confederate Cemetery | | | |
| | **Labor** | | | | |
| | T. Smith Lawn Service | | 0.00 | 69.00 | 69.00 |
| | | | **Total** | **69.00** | **69.00** |
| **444251** **5/16/2017** | **02-Confederate Cemetary Amenities 1, 5/16/2017** | **Property:** District 2 **Asset:** 02-Confederate Cemetery | | | |
| | **Labor** | | | | |
| | Frazier Joseph R | | 0.20 | 2.96 | 2.96 |
| | Vanegas Humberto | | 0.20 | 2.96 | 4.02 |
| | | | **Total** | **5.91** | **6.97** |
| **454491** **5/30/2017** | **02-Confederate Cemetary Amenities 1, 5/30/2017** | **Property:** District 2 **Asset:** 02-Confederate Cemetery | | | |
| | **Labor** | | | | |
| | Frazier Joseph R | | 0.05 | 0.74 | 0.74 |
| | Vanegas Humberto | | 0.05 | 0.74 | 1.00 |
| | **Parts** | | | | |
| | 62-03,23 | | 0.05 | 0.21 | 0.22 |
| | | | **Total** | **1.68** | **1.96** |
| **454492** **6/30/2017** | **02-Confederate Cemetery-Contract Grounds Maintenance 14-days, 6/1/2017** | **Property:** District 2 **Asset:** 02-Confederate Cemetery | | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 180.00 | 180.00 |
| | | | **Total** | **180.00** | **180.00** |
| **454493** **5/31/2017** | **02-Confederate Cemetery-Contract Litter-Monthly, 5/31/2017** | **Property:** District 2 **Asset:** 02-Confederate Cemetery | | | |
| | **Labor** | | | | |
| | T. Smith Lawn Service | | 0.00 | 80.50 | 80.50 |
| | | | **Total** | **80.50** | **80.50** |
| **465995** **6/28/2017** | **02-Confederate Cemetary Amenities 1, 6/27/2017** | **Property:** District 2 **Asset:** 02-Confederate Cemetery | | | |
| | **Labor** | | | | |
| | Frazier Joseph R | | 0.20 | 2.96 | 2.96 |
| | Vanegas Humberto | | 0.20 | 2.96 | 4.02 |

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # / Completed | Service / Detail Type / Detail Name | | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|
| | | | **Total** | **5.91** | **6.97** |
| **465996** **6/30/2017** | **02-Confederate Cemetery-Contract Litter-Monthly, 6/30/2017** | **Property:** **Asset:** | **District 2** **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | T. Smith Lawn Service | | 0.00 | 74.75 | 74.75 |
| | | | **Total** | **74.75** | **74.75** |
| **470151** **7/31/2017** | **02-Confederate Cemetery-Contract Grounds Maintenance 14-days, 7/1/2017** | **Property:** **Asset:** | **District 2** **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Good Earth | | 0.00 | 120.00 | 120.00 |
| | | | **Total** | **120.00** | **120.00** |
| **470203** **6/29/2017** | **Grounds Maintenance** | **Property:** **Asset:** | **District 2** **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Cerda Rodolfo C | | 1.50 | 28.74 | 36.79 |
| | Gulley James | | 1.50 | 18.72 | 26.02 |
| | Segura Jose C | | 1.50 | 22.16 | 30.81 |
| | Williams Gerald L | | 1.50 | 22.16 | 30.14 |
| | **Parts** | | | | |
| | 02-3/4 Ton Pickup | | 1.5 | 3.42 | 3.59 |
| | 23-Trailer | | 1.5 | 1.32 | 1.39 |
| | | | **Total** | **96.53** | **128.74** |
| **475735** **7/11/2017** | **02-Confederate Cemetary Amenities 1, 7/11/2017** | **Property:** **Asset:** | **District 2** **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Frazier Joseph R | | 0.00 | 0.00 | 0.00 |
| | Vanegas Humberto | | 0.30 | 4.43 | 6.03 |
| | | | **Total** | **4.43** | **6.03** |
| **480184** **7/25/2017** | **02-Confederate Cemetary Amenities 1, 7/25/2017** | **Property:** **Asset:** | **District 2** **02-Confederate Cemetery** | | |
| | **Labor** | | | | |
| | Frazier Joseph R | | 0.30 | 4.43 | 4.43 |
| | Vanegas Humberto | | 0.30 | 4.43 | 6.03 |
| | **Parts** | | | | |
| | 03-1 Ton Pickup or Truck | | 0.3 | 0.98 | 1.02 |
| | | | **Total** | **9.84** | **11.49** |

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # / Completed | Service / Detail Type / Detail Name | | Qty/Hours | Cost | Charge |
|---|---|---|---|---|---|
| 483052 / 8/31/2017 | 02-Confederate Cemetery-Contract Grounds Maintenance 14-days, 8/1/2017 | Property: District 2 / Asset: 02-Confederate Cemetery | | | |
| | Labor | | | | |
| | Good Earth | | 0.00 | 120.00 | 120.00 |
| | | | **Total** | **120.00** | **120.00** |
| 483053 / 7/31/2017 | 02-Confederate Cemetery-Contract Litter-Monthly, 7/31/2017 | Property: District 2 / Asset: 02-Confederate Cemetery | | | |
| | Labor | | | | |
| | T. Smith Lawn Service | | 0.00 | 74.75 | 74.75 |
| | | | **Total** | **74.75** | **74.75** |
| 485470 / 8/21/2017 | 02-Confederate Cemetary Amenities 1, 8/8/2017 | Property: District 2 / Asset: 02-Confederate Cemetery | | | |
| | Labor | | | | |
| | Frazier Joseph R | | 0.20 | 2.96 | 2.96 |
| | Vanegas Humberto | | 0.20 | 2.96 | 4.02 |
| | Parts | | | | |
| | 02-3/4 Ton Pickup | | 0.2 | 0.46 | 0.48 |
| | | | **Total** | **6.37** | **7.45** |
| 491621 / 8/31/2017 | 02-Confederate Cemetery-Contract Litter-Monthly, 8/31/2017 | Property: District 2 / Asset: 02-Confederate Cemetery | | | |
| | Labor | | | | |
| | T. Smith Lawn Service | | 0.00 | 80.50 | 80.50 |
| | | | **Total** | **80.50** | **80.50** |
| 499585 / 4/5/2017 | City Wide Forestry | Property: District 2 / Asset: 02-Confederate Cemetery | | | |
| | Labor | | | | |
| | Escamilla Xavier | | 2.00 | 39.59 | 53.05 |
| | Escamilla Xavier | | 3.00 | 59.39 | 79.58 |
| | Garcia Martin | | 2.00 | 30.50 | 40.88 |
| | Garcia Martin | | 3.00 | 45.76 | 61.31 |
| | Jackson Adrian | | 2.00 | 30.50 | 41.49 |
| | Jackson Adrian | | 3.00 | 45.76 | 62.23 |
| | Mandujano Enor | | 2.00 | 30.50 | 40.88 |
| | McCoy Byron | | 2.00 | 30.50 | 40.88 |
| | McCoy Byron | | 3.00 | 45.76 | 61.31 |
| | Mills James | | 2.00 | 39.59 | 49.10 |
| | Parts | | | | |
| | 83-(81 and 82) | | 2 | 87.78 | 92.17 |
| | 83-(81 and 82) | | 3 | 131.67 | 138.25 |

# Completed Work Order Cost and Charge Listing

Between 10/1/2014 and 8/31/2017
Filter: Asset = '02-Confederate Cemetery'

| WO # / Completed | Service / Detail Type / Detail Name | Qty/Hours | Cost | Charge |
|---|---|---|---|---|
| | | **Total** | **617.32** | **761.13** |
| | | **Totals** | **7,332.49** | **7,898.69** |

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

Rolando B. Pablos
Secretary of State

# Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the attached is a true and correct copy of each document on file in this office as described below:

TEXAS DIVISION, SONS OF CONFEDERATE VETERANS, INC.
Filing Number: 162656901

| | |
|---|---|
| Articles Of Incorporation | May 03, 2001 |
| Nonprofit Periodic Report | April 28, 2008 |
| Nonprofit Periodic Report | March 19, 2012 |
| Change of Name or Address by Registered Agent | December 02, 2013 |
| Nonprofit Periodic Report | August 10, 2017 |

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on September 21, 2017.

Rolando B. Pablos
Secretary of State

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555 Fax: (512) 463-5709 Dial: 7-1-1 for Relay Services
Prepared by: DROGERS TID: 10266 Document: 762628680002



000007081710 1

FILED
In the Office of the
Secretary of State of Texas
MAY 03 2001
Corporations Section

**ARTICLES OF INCORPORATION**

**TEXAS DIVISION SONS OF CONFEDERATE VETERANS Inc**

We the undersigned natural person of the age of twenty one (21) years or more a citizen of the State of Texas acting as incorporator of a corporation under the Texas Non profit Corporation Act do hereby adopt the following Articles of Incorporation for such corporation

Article I

The name of the corporation is Texas Division Sons of Confederate Veterans Inc

Article II

The corporation is a non profit corporation

Article III

The period of the corporation s duration is perpetual

Article IV

The purposes for which the corporation is organized is to promote interest in and perpetuate the memory of the Southern Confederacy and of the soldiers sailors and statesmen of the Confederacy To cultivate the ties of friendship among those whose ancestors were in the service of the Confederacy and to perpetuate the ideals for which they struggled and suffered To encourage the writing of accounts narratives memoirs

00324# 2076

historic episodes and occurrences of the war between the States and to gather authentic statistics documents reports plans maps and other materials for an impartial history of services rendered by the soldiers sailors and statesmen of the Confederacy and to erect monuments over the graves of the Confederate dead To vindicate the charge of Lt General Stephen Dill Lee CSA This corporation may own land hold property both real and personal and borrow money and issue bonds notes mortgages or other securities or evidence of debt

Article V

The street address of the initial registered office of the Corporation is 347 Ridgewood Drive Ferris Texas 75125 and the initial registered agent at such address is Denne A Sweeney

Article VI

The number of directors constituting the initial Board of Directors is three (3) and the names addresses of the persons who are to serve as the initial directors are

Denne A Sweeney
347 Ridgewood
Ferris TX 75125

Steve Lucas
11 Highview Court
Denton TX 76205

George Perry
954 South Weathered
Richardson TX 75080

These directors shall serve until the first annual meeting or until their successors are elected and qualified

00541 * 2077

## Article VII

The corporation will have members

## Article VIII

Said corporation is organized exclusively for charitable religious educational or scientific purposes including for such purposes the making of distributions to organizations that qualify as exempt organizations under Section 501c(3) of the Internal Revenue Code of 1954 (or the corresponding provisions of any future Internal Revenue Law) Upon dissolution of the corporation the Board of Directors shall after paying or making provisions for the payment of all liabilities of the corporation dispose of all assets of the corporation exclusively for the purpose of the corporation in such manner or to such organization or organizations organized and operated exclusively for charitable religious educational or scientific purposes as shall at the time qualify as an exempt organization or organizations under Section 501c(3) of the Internal Revenue Code of 1954 (or the corresponding provisions of any future Internal Revenue Law) as the Board of Directors may determine

Any such assets not so disposed of shall be disposed of by a State District Court of the State of Texas of the county in which the principal office of which the corporation is then located exclusively for such purposes or to such organization or organizations as said court determines which are organized or operated exclusively for such purposes

Article IX

The internal affairs of the corporation shall be governed by by laws which shall be as adopted and amended from time to time by the members of the corporation a copy of which will be on file with the Secretary of the corporation

Article X

The name and address of the incorporator is

Denne A Sweeney
347 Ridgewood Drive
Ferris TX 75125

The undersigned incorporator signs these articles of incorporation subject to the penalty imposed article 9 03A Texas Non Profit Corporation Act for the submission of a false or fraudulent document

signed this 30 day of April 2001 by

Denne A Sweeney

DENNE A SWEENEY

00324 1 * 2079

Reports Unit
P O Box 12028
Austin, Texas 78711-2028

THE STATE OF TEXAS

Phil Wilson
Secretary of State

# Office of the Secretary of State

## PERIODIC REPORT - NONPROFIT CORPORATION

File Number: **162656901**
Filing Fee: **$5**

Page 1 of 2

1. The corporation name is:
**TEXAS DIVISION, SONS OF CONFEDERATE VETERANS, INC.**

FILED
In the Office of the
Secretary of State of Texas
APR 28 2008
Corporations Section

2. It is incorporated under the laws of: *(set forth state or foreign country)*
**Texas**

3. The name of the registered agent is.
**C T Corporation System**
*(Make changes here)*

4. The registered office address, which is identical to the business office address of the registered agent in Texas, is:
**350 North St. Paul St.**
**Dallas, TX 75201**

*(Make changes here-use street or building address, see Instructions)*

5. If the corporation is a foreign corporation, the address of its principal office in the state or country under the laws of which it is incorporated is:

*(Make changes here-use street or building address; see Instructions).*

6. The names and addresses of all directors of the corporation are: (A Texas corporation must have at least 3 directors )
*(If additional space is needed, include the information as an attachment to this form for item 6 )*

| Name | Address | City/ State/Zip |
|---|---|---|
| H. GREGORY MANNING | 5390 FM 2484 | SALADO TEXAS 76571 |
| DR. RAY W. JAMES | 1501 FROST DRIVE | COLLEGE STATION TX 77845 |
| CODY MARSHALL | P.O. BOX 2618 | ABILENE TEXAS 79604 |

*Come visit us on the Internet @ http //www sos.state tx us/*
Phone 512-475-2705 Fax 512-463-1423 Dial. 7-1-1 for Relay Services

DEFS' APPX 78

Nonprofit Periodic Report
File Number: 162656901
Page 2 of 2

7. The names, addresses, and titles of all officers of the corporation are: (A Texas corporation must include a president and a secretary and the same person cannot hold both offices)
*(If additional space is needed, include the information as an attachment to this form for item 7)*

| Name | Address | City/State/Zip | Title |
|---|---|---|---|
| H. GREGORY MANNING | 5390 FM 2484 | SALADO TEXAS 76571 | PRESIDENT |
| DR. RAY W. JAMES | 1501 FROST DRIVE | COLLEGE STATION, TX 77845 | VICE PRESIDENT |
| CODY MARSHALL | P.O. BOX 2618 | ABILENE TEXAS 79604 | SECRETARY |
| JIM FARRAR | 116 N. SEAMAN ST. | EASTLAND TEXAS 76448 | ASST. SECRETARY |

Execution: The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument.

Date: 4/28/2008

Jim Farrar
Signature of authorized officer



Office of the Secretary of State
Reports Unit
P.O. Box 12028
Austin, Texas 78711-2028
(Form 802)

Filed in the Office of the
Secretary of State of Texas
Filing #: 162656901 03/19/2012
Document #: 413258930002
Image Generated Electronically
for Web Filing

## PERIODIC REPORT - DOMESTIC NONPROFIT CORPORATION

File Number: **162656901**

1. The name of the corporation is: **TEXAS DIVISION, SONS OF CONFEDERATE VETERANS, INC.**

2. It is incorporated under the laws of: **TEXAS, USA**

3. The name of the registered agent is: **C T Corporation System**

4. The registered office address, which is identical to the business office address of the registered agent in Texas, is:
**350 N. St. Paul St., Ste. 2900, Dallas, TX, USA 75201-4234**

**Consent of Registered Agent**

☐ A. A copy of the consent of registered agent is attached.

**OR**

☑ B. The consent of the registered agent is maintained by the entity.

5. If the corporation is a foreign corporation, the address of its principal office in the state or country under the laws of which it is incorporated, is:
____________________

6. The names and addresses of all directors of the corporation are:

| Director 1: (Individual Name) **Granvel J. Bolck** |
|---|
| Address: **1604 Buckingham Drive Orange, TX, USA 77632-0487** |

| | |
|---|---|
| Director 2: (Individual Name) **Jared Michael Hurley** | |
| Address: **116 Buckingham Street Victoria, TX, USA 77904** | |
| Director 3: (Individual Name) **William Ray Wainner** | |
| Address: **505 Dresden Wood Drive Boerne, TX, USA 78006-5878** | |

7. The names, addresses and titles of all officers of the corporation are:

| | |
|---|---|
| Officer 1: (Individual Name) **Joseph G. Ginn** | Title: **Assistant Secretary** |
| Address: **504 Cross Mountain Drive Fredericksburg, TX, USA 78624-2717** | |
| Officer 2: (Individual Name) **Granvel J. Block** | Title: **President** |
| Address: **1604 Buckingham Drive Orange, TX, USA 77632-0487** | |
| Officer 3: (Individual Name) **William Ray Wainner** | Title: **Secretary** |
| Address: **505 Dresden Wood Drive Boerne, TX, USA 78006-5878** | |
| Officer 4: (Individual Name) **Jared Michael Hurley** | Title: **Vice-President** |
| Address: **116 Buckingham Street Victoria, TX, USA 77904** | |

**Execution:**

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

Date: **March 19, 2012**

**William Ray Wainner**

Signature of authorized officer

**FILING OFFICE COPY**



Office of the Secretary of State
Corporations Section
P.O. Box 13697
Austin, Texas 78711-3697
(Form 408)

Filed in the Office of the
Secretary of State of Texas
Filing #: 162656901 12/02/2013
Document #: 518496773346
Image Generated Electronically

## STATEMENT OF CHANGE OF ADDRESS OF REGISTERED AGENT

1. The name of the entity represented is
   TEXAS DIVISION, SONS OF CONFEDERATE VETERANS, INC.

   The entity's filing number is 162656901

2. The address at which the registered agent has maintained the registered office address for such entity is: (Please provide street address, city, state and zip code presently shown in the records of the Secretary of State.)

   350 N. St. Paul Street, Suite 2900, Dallas, TX, 75201-4234

3. The address at which the registered agent will hereafter maintain the registered office address for such entity is: (Please provide street address, city, state and zip code. The address must be in Texas.)

   1999 Bryan St., Ste. 900, Dallas , TX, 75201 - 3136

4. Notice of the change of address has been given to said entity in writing at least 10 business days prior to the submission of this filing.

Date: 12/02/2013

C T Corporation System

**Name of Registered Agent**

Marie Hauer

**Signature of Registered Agent**

**FILING OFFICE COPY**



**Form 802**
**(Revised 08/12)**
Submit in duplicate to:
Secretary of State
Reports Unit
P.O. Box 12028
Austin, TX 78711-2028
Phone: (512) 475-2705
FAX: (512) 463-1423
Dial: 7-1-1 for Relay Services
**Filing Fee: See Instructions**

**Periodic Report of a Nonprofit Corporation**

This space reserved for filing office use.
FILED
In the Office of the Secretary of State of Texas
AUG 10 2017
Corporations Section

**File Number:** 0162656901

1. The name of the corporation is: *(A name change requires an amendment; see Instructions)*

Texas Division, Sons of Confederate Veterans,Inc.

2. It is incorporated under the laws of: (Set forth state or foreign country) Texas, USA

3. The name of the registered agent is:

RECEIVED
AUG 10 2017
Secretary of State

☐ A. The registered agent is a corporation (cannot be entity named above) by the name of:

CT Corporation

OR

☐ B. The registered agent is an individual resident of the state whose name is:

| *First Name* | *MI* | *Last Name* | *Suffix* |
|---|---|---|---|
| | | | |

4. The registered office address, which is identical to the business address of the registered agent in Texas, is: *(Only use street or building address; see Instructions)*

| *Street Address* | *City* | *State* | *Zip Code* |
|---|---|---|---|
| 1999 Bryan Ste 900 | Dallas | TX | 75201 |

5. If the corporation is a foreign corporation, the address of its principal office in the state or country under the laws of which it is incorporated is:

| *Street or Mailing Address* | *City* | *State* | *Zip Code* | *Country* |
|---|---|---|---|---|
| | | | | |

6. The names and addresses of all directors of the corporation are: (A minimum of three directors is required.)
*(If additional space is needed, include the information as an attachment to this form for item 6.)*

| *First Name* | *MI* | *Last Name* | | | *Suffix* |
|---|---|---|---|---|---|
| David | P | McMahon | | | |
| ***Street or Mailing Address*** | | ***City*** | ***State*** | ***Zip Code*** | ***Country*** |
| P.O. Box 3311 | | San Angelo | TX | 76902 | USA |

| *First Name* | *MI* | *Last Name* | | | *Suffix* |
|---|---|---|---|---|---|
| John | F. | McCammon | | | |
| ***Street or Mailing Address*** | | ***City*** | ***State*** | ***Zip Code*** | ***Country*** |
| 103 Elm Springs | | Boerne | TX | 78006 | USA |

| *First Name* | *MI* | *Last Name* | | | *Suffix* |
|---|---|---|---|---|---|
| John | | Dickey | | | |
| ***Street or Mailing Address*** | | ***City*** | ***State*** | ***Zip Code*** | ***Country*** |
| 3121 Sturgis LN | | Waco | TX | 76708 | USA |

7. The names, addresses, and titles of all officers of the corporation are: (The offices of president and secretary must be filled, but both may not be held by the same officer.)

*(If additional space is needed, include the information as an attachment to this form for item 7.)*

| First Name | MI | Last Name | Suffix | Officer Title |
|---|---|---|---|---|
| David | p | McMahon | | President |

| Street or Mailing Address | City | State | Zip Code | Country |
|---|---|---|---|---|
| P.O. Box 3311 | San Angelo | Tx | 76902 | USA |

| First Name | MI | Last Name | Suffix | Officer Title |
|---|---|---|---|---|
| John | | Dickey | | Secretary |

| Street or Mailing Address | City | State | Zip Code | Country |
|---|---|---|---|---|
| 3121 Sturgis Ln. | Waco | TX | 76708 | USA |

| First Name | MI | Last Name | Suffix | Officer Title |
|---|---|---|---|---|
| John | F | McCammon | | Vice-President |

| Street or Mailing Address | City | State | Zip Code | Country |
|---|---|---|---|---|
| 103 Elm Springs | Boerne | TX | 78006 | USA |

**Execution:**

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

Date: 7/12/2017

Signature of authorized officer

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

Rolando B. Pablos
Secretary of State

# Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the attached is a true and correct copy of each document on file in this office as described below:

STERLING PRICE CAMP CONFEDERATE VETERANS OF DALLAS TEXAS
Filing Number: 566901

Articles Of Incorporation July 30, 1892

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on September 27, 2017.

Rolando B. Pablos
Secretary of State

EXHIBIT
13

DEFS' APPX 85

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555 Fax: (512) 463-5709 Dial: 7-1-1 for Relay Services
Prepared by: HMAROS TID: 10266 Document: 763618090002

-:C H A R T E R:-

STERLING PRICE CAMP CONFEDERATE VETERANS OF DALLAS TEXAS.

---

Filed in Dept. of State
July 30, 1892.
J. W. Ward
Office Secty. State

---

File box 108

MV-117

-:C H A R T E R:-

Be it known that we, W. L. Cabell, Wm. L. Thompson, Dr. S. D. Thruston, H. W. Graber, S. P. Mendez, W. H. Gaston, F. Waltman, J. L. Miller, Ben Melton, A. T. Watts, J. Pink Thomas, F. N. Tucker D. M. Stewart, Jno. N. Simpson, Hu F. Ewing, H. M. Bryan, R. E. Burke and Thomas B. Trotman, all residents of the State of Texas and County of Dallas, have, and do, by these presents associate and form ourselves, and our associates and successors, into a private corporation, under the name of "STERLING PRICE CAMP CONFEDERATE VETERANS OF DALLAS TEXAS".

ARTICLE FIRST:

The object of this corporation shall be for social purposes; to perpetuate the memory of our comrades, living and dead; to preserve and maintain that sentiment of fraternity born of hardships and dangers shared in the march, the bivouac, and the battlefield, and to erect a monument in the city of Dallas to the Confederate dead of all armies, commemorative of their heroic deeds; to aid indigent comrades, their widows and orphans; to give to our children a true history of the incidents on the march, life in camp, and deeds done on the battlefield; to avoid everything that partakes of partisanship in religion and politics, but to extend courtesies on every fitting occasion to our late adversaries in arms, and to aid and assist in the maintenance of law and preservation of order.

ARTICLE SECOND:

The domicile of this corporation shall be in the city of Dallas, County of Dallas, State of Texas.

ARTICLE THIRD:

This corporation shall exist for twenty-five years.

ARTICLE FOURTH:

This corporation shall have power to sue and be sued in its corporate name. It may make contracts, acquire and transfer property, possessing all the powers in such respects as private individuals. It may establish by-laws and make all rules and regulations necessary for the management of its affairs, not inconsistent with the laws of this State or of the United States. It shall have all the powers authorized by the laws of the State of Texas pertaining to the objects and purposes for which it is formed.

ARTICLE FIFTH:

The officers of the corporation shall consist of five directors, one of whom shall be elected president, and such other officers and agents as the directors may name and appoint. Such directors shall be elected by ballot on the first day of June, and annually thereafter by the enrolled members of the Camp, provided, no person shall be entitled to vote who is in arrears for dues to the Camp, as fixed by the by-laws of said Camp.

ARTICLE SIXTH:

A majority of the directors shall constitute a quorum to transact business. In case a quorum should not attend those present may adjourn from time to time until a quorum shall be present, or may adjourn sine die. The following named gentlemen are appointed and shall serve as directors for twelve months, beginning June 1st, 1892: Dr. S. D. Thruston, S. P. Mendez, H. W. Graber, F. Waltman, W. H. Gaston. T. B. Trotman.

ARTICLE SEVENTH:

No member of STERLING PRICE CAMP, or of this corporation shall be liable to pay debts of the Camp, or corporation, beyond the amount of his dues to said Camp, as fixed by article fifth of the by-

laws of said Camp. This corporation has neither Capitol Stock nor assets of any kind whatever.

| | |
|---|---|
| W. H. Gaston, | F. Waltman, |
| W. L. Cabell, | W. L. Thompson, |
| J. J. Miller, | Dr. S. D. Thruston, |
| B. M. Melton, | H. W. Graber, |
| A. T. Watts, | S. P. Mendez, |
| Jno. N. Simpson, | J. Pink Thomas, |
| Hu. F. Ewing, | F. N. Tucker, |
| H. M. Bryan, | D. B. Stewart, |
| R. E. Burke, | T. B. Trottman. |

-----0-----

W L Cabell
John N Simpson
F Waltman
H W Graber

S D Thruston MD
S. P. Mendez.
Thos B Trotman

State of Texas } Before me W L Thompson a Notary
County of Dallas } Public in and for said County of Dallas
on this day personally appeared W. L. Cabell Jno N. Simpson S D Thruston S. P. Mendez F. Waltman H W Graber and Thos B. Trotman known to me to be the persons whose names are subscribed to the foregoing instrument and acknowledged to me that they executed the same for the purposes and considerations therein expressed
Given under my hand Officially and my Seal of Office this the 18th day of May 1892

W. L. Thompson
Notary Public
Dallas County



City of Dallas

RECEIVED
2017 OCT -6 PM 3:32
CITY SECRETARY
DALLAS, TEXAS

# CULTURAL AFFAIRS COMMISSION MEETING AGENDA

Thursday, October 12, 2017
4:30 p.m.
Dallas City Hall, Council Briefing Room (6ES)
1500 Marilla Street
Dallas, Texas 75201

Call to Order

Public Speakers

Briefings, Discussion, and Recommendations Related to Confederate Monuments

- a. Robert E. Lee Monument and base
- b. Confederate Monument
- c. Fair Park Confederate Symbols

Director Report

- a. Bond Program Update
- b. Upcoming Council Agenda Items
- c. Cultural Planning Update

Chair Report

New Business

Adjournment

Public Notice
171024
POSTED CITY SECRETARY DALLAS, TX

NOTE: Public speakers must register with the Commission Coordinator by 5 p.m., Wednesday, September 20, 2017. Contact: Jessica Trevizo at (214) 670-7952 or jessica.trevizo@dallascityhall.com.

## EXECUTIVE SESSION NOTICE

A closed executive session may be held if the discussion of any of the above agenda items concerns one of the following:

1. seeking the advice of its attorney about pending or contemplated litigation, settlement offers, or any matter in which the duty of the attorney to the City Council under the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas clearly conflicts with the Texas Open Meetings Act. [Tex. Govt. Code §551.071]
2. deliberating the purchase, exchange, lease, or value of real property if deliberation in an open meeting would

EXHIBIT
14

have a detrimental effect on the position of the city in negotiations with a third person. [Tex. Govt. Code §551.072]

3. deliberating a negotiated contract for a prospective gift or donation to the city if deliberation in an open meeting would have a detrimental effect on the position of the city in negotiations with a third person. [Tex. Govt. Code §551.073]
4. deliberating the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee; or to hear a complaint or charge against an officer or employee unless the officer or employee who is the subject of the deliberation or hearing requests a public hearing. [Tex. Govt. Code §551.074]
5. deliberating the deployment, or specific occasions for implementation, of security personnel or devices. [Tex. Govt. Code §551.076]
6. discussing or deliberating commercial or financial information that the city has received from a business prospect that the city seeks to have locate, stay or expand in or near the city and with which the city is conducting economic development negotiations; or deliberating the offer of a financial or other incentive to a business prospect. [Tex Govt. Code §551.087]
7. deliberating security assessments or deployments relating to information resources technology, network security information, or the deployment or specific occasions for implementations of security personnel, critical infrastructure, or security devices. [Tex. Govt. Code §551.089]

**"HANDGUN PROHIBITION NOTICE FOR MEETING OF GOVERNMENT ENTITIES"**

"Pursuant to Section 30.06, Penal Code (trespass by license holder with a concealed handgun), a person licensed under Subchapter H, Chapter 411, Government Code (handgun licensing law), may not enter this property with a concealed handgun."

"De acuerdo con la sección 30.06 del código penal (ingreso sin autorización de un titular de una licencia con una pistola oculta), una persona con licencia según el subcapítulo h, capítulo 411, código del gobierno (ley sobre licencias para portar pistolas), no puede ingresar a esta propiedad con una pistola oculta."

"Pursuant to Section 30.07, Penal Code (trespass by license holder with an openly carried handgun), a person licensed under Subchapter H, Chapter 411, Government Code (handgun licensing law), may not enter this property with a handgun that is carried openly."

"De acuerdo con la sección 30.07 del código penal (ingreso sin autorización de un titular de una licencia con una pistola a la vista), una persona con licencia según el subcapítulo h, capítulo 411, código del gobierno (ley sobre licencias para portar pistolas), no puede ingresar a esta propiedad con una pistola a la vista."

# Memorandum

CITY OF DALLAS

DATE September 29, 2017

TO Honorable Mayor and Members of the City Council
Members of the Cultural Affairs Commission
Members of the Park and Recreation Board
Members of the Public Art Committee of the Cultural Affairs Commission

SUBJECT Recommendations of the Mayor's Task Force on Confederate Monuments

On August 24, 2017, Mayor Michael S. Rawlings appointed a task force charged with providing recommendations related to the removal and relocation of public Confederate monuments and symbols, and renaming of public places, including parks and streets. The task force received further instructions related to this charge from the City Council through Council Resolution No. 17-1385, approved on September 6, 2017. Specifically, the Task Force was instructed to provide recommendations to the City Council:

1. regarding the costs associated with removal and relocation of public Confederate monuments and symbols and with the renaming of public places, including parks, and streets along with available options for private funding;
2. regarding the process of disposal or relocation of Confederate monuments and symbols if deemed necessary;
3. suggesting additional standards for the naming of public places, including parks, and streets going forward if deemed necessary;
4. suggesting replacements for Confederate monuments and symbols recommended for removal to promote a more welcoming and inclusive Dallas if deemed necessary; and
5. suggesting replacement names for public places, including parks, and streets that also promote a more welcoming and inclusive Dallas if deemed necessary.

The Task Force held five public meetings between August 31, 2017 and September 22, 2017. City staff provided briefings on City processes related to public art, historic preservation and landmarks, park and street naming. Additional briefings were provided on the historical context of Confederate monuments, symbols and names, as well as a presentation by author Joyce King on the historical context of Dallas in the 1890s and 1930s. All briefing materials, handouts and other information presented to the Task Force were immediately published online at DallasCulture.org/ConfederateMonuments. Additionally, public comments were heard at two meetings of the Task Force, and written comments were received throughout the process and entered into the record of the Task

DATE          September 29, 2017
SUBJECT       Recommendations of the Mayor's Task Force on Confederate Monuments

Force's proceedings. A total of 160 public comments were recorded on this matter. The public's position on this issue is summarized below.

| Residency | Manner Received | In Favor of removal | Opposed to removal | General Information | TOTAL |
|---|---|---|---|---|---|
| Dallas | In Person | 6 | 21 | 5 | 32 |
| Dallas | Written | 14 | 49 | 6 | 69 |
| **Total Dallas** | | **20** | **70** | **11** | **101** |
| | | | | | |
| Outside Dallas | In Person | 0 | 2 | 0 | 2 |
| Outside Dallas | Written | 1 | 51 | 5 | 57 |
| **Total Outside Dallas** | | **1** | **53** | **5** | **59** |
| | | | | | |
| **GRAND TOTAL** | | **21** | **123** | **16** | **160** |

Following briefings and discussions of each of these matters, the Task Force adopted the following recommendations and submits them to the City Council and other boards, commissions and City departments, as each recommendation may appertain.

**Confederate Monuments**

1. The Task Force recommends that the City of Dallas seek to place the statue of Robert E. Lee designed by Alexander Phimister Proctor, which was recently removed from Oak Lawn Park (formerly Robert E. Lee Park), and the base of said statue, designed by Mark Lemmon and currently remaining in Oak Lawn Park, as well as the Confederate Monument designed by Frank Teich currently located within Pioneer Cemetery, on long-term loan or by donation to a museum, educational institution, or educational site located within North Texas so that they may be preserved and used for educational purposes through display within the full historical context of the Civil War, Reconstruction, 'Lost Cause' mythology, and the 'Jim Crow' era. If the City is unsuccessful in its efforts and the statues remain in storage after three years, the City Council should revisit this issue.

**Fair Park**

2. Recognizing that Fair Park is a local, state, and national landmark, the Task Force recommends that the historic art and architecture of Fair Park which contains symbols of, or references to, the Confederate States of America or persons associated therewith, remain in place as a piece of the history of Texas as presented at Fair Park. However, the Task Force recommends that appropriate

signage, markers, digital tour guides, public art, educational programming, and/or exhibitions be added as necessary to provide the full context of the Civil War, Reconstruction, "Lost Cause" mythology, the "Jim Crow" era, and the creation of Fair Park for the 1936 Texas Centennial. Historical context should include reference to the many contributions of Mexicans, Tejanos and indigenous peoples made during the colonization of Texas, the Texas Revolution, and during and after the Mexican War leading to the 20th Century, to also include the participation or exclusion of various communities in those historic events.

3. The Task Force further recommends that the City of Dallas Park and Recreation Department and Landmark Commission work with the Dallas Historical Society concerning the foregoing, as well as with the African American Museum and the Public Art Committee in adding a substantive commemoration of the Hall of Negro Life, which was built for the 1936 Texas Centennial, recognition of the "Jim Crow" era and South Dallas bombings, and that the City of Dallas should allocate funding and seek additional private and grant funding for the accomplishment of this work.

4. The Task Force further recommends that attempts be made by the City to return to Dallas, or recreate, the murals which previously occupied the Hall of Negro Life at Fair Park.

**Park Names**

5. The Task Force recommends removal of the Robert E. Lee Park name. (The Park Board subsequently approved the name change to Oak Lawn Park on September 22, 2017.)

6. The Task Force recommends removal of the Confederate Cemetery name and requests the Park Board rename it in a proper context.

7. The Task Force recommends that a citywide engagement process be initiated to consider renaming City parks with placeholder names for historical abolitionists, the formerly enslaved, civil and human rights leaders, people from marginalized and underrepresented communities, and victims of police brutality.

**Street Names**

8. The Task Force recommends that streets named after a Confederate leader and/or general, who made a significant contribution to the Confederacy, specifically Gano, Lee and Cabell, be changed.

9. The Task Force further recommends that the street names Stonewall and Beauregard be changed.

10. The Task Force further recommends that the renaming of these streets be accomplished on a priority basis within 90 days and the comment process be expanded to include the voices of people throughout the city whose ideas and testimony shall be given equal weight with those of adjacent property owners.

**Other Recommendations**

11. The Task Force recommends that this process be directed and led by paid local and regional artists, architects, preservationists, and historians.

12. The Task Force recommends that the City erect a marker at Akard and Main streets memorializing the lynching of Allen Brooks.

13. The Task Force recommends that the City of Dallas create a racial equity policy after public acknowledgement and apology for the policies and practices of the City that have furthered institutional racism and segregation.

Much thought and deliberation went into each recommendation submitted. All briefing materials, handouts, and other information presented to the Task Force, as well as video recordings will remain published online for public review at DallasCulture.org/ConfederateMonuments.

On behalf of the Task Force, I thank you for the opportunity to serve and represent the residents of Dallas on this important matter. Sincere gratitude is also expressed to the dedicated staff from each City department who participated in this process.

Frances Cudjoe Waters, J.D.

Frances Cudjoe Waters, J.D., Chair
Mayor's Task Force on Confederate Monuments

c: Members of the Mayor's Task Force on Confederate Monuments
T.C. Broadnax, City Manager
Larry Casto, City Attorney
Craig D. Kinton, City Auditor
Bilierae Johnson, City Secretary (Interim)
Daniel F. Solis, Administrative Judge
Kimberly Bizor Tolbert, Chief of Staff to the City Manager
Majed A. Al-Ghafry, Assistant City Manager
Jo M. (Jody) Puckett, P.E., Assistant City Manager (Interim)
Jon Fortune, Assistant City Manager
Joey Zapata, Assistant City Manager
M. Elizabeth Reich, Chief Financial Officer
Nadia Chandler Hardy, Chief of Community Services
Raquel Favela, Chief of Economic Development & Neighborhood Services
Theresa O'Donnell, Chief of Resilience
Directors and Assistant Directors

Case 5:17-cv-00837-DAE Document 7 Filed 08/31/17 Page 1 of 9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD BREWER, JEAN CAROL LANE, TEXAS DIVISION SONS OF CONFEDERATE VETERANS, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>RON NIRENBERG, ROBERTO TREVINO, WILLIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, JOHN COURAGE, CLAYTON PERRY,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § | No. SA:17–CV–837–DAE |

ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER WITH DIRECTION TO DEFENDANTS

Before the Court is Plaintiffs Richard Brewer, Jean Carol Lane, and the Texas Division Sons of Confederate Veterans, Inc.'s ("Confederate Veterans") (collectively, "Plaintiffs") Motion for Temporary Restraining Order ("TRO"). (Dkt. # 2.) Plaintiffs' motion requests that the Court immediately restrain Defendants—the Mayor of San Antonio, Texas, and ten members of the San Antonio City Council—from removing a Confederate Monument ("the Monument") located in Travis Park in downtown San Antonio. (Id.) A hearing

EXHIBIT
16

Case 5:17-cv-00837-DAE Document 7 Filed 08/31/17 Page 2 of 9

was held on this matter on August 31, 2017. At the hearing, Plaintiffs were telephonically represented by Kirk David Lyons and in person by James Chapman. Defendants were represented by Deborah Klein.

After careful consideration of the memoranda in support and in Opposition to the motion, and the arguments of counsel at the hearing, the Court, for the reasons that follow, **DENIES** the motion for a TRO **WITH DIRECTION TO DEFENDANTS**.

BACKGROUND

The Confederate Veterans is an organization dedicated to preserving the memory of Americans who fought for the Confederacy during the Civil War.[1] (See Dkt. # 1.) According to the Confederate Veteran's website, its membership is limited to male descendants of Confederate Veterans. See http://www.scv.org/new/. Defendants are the Mayor and City Council members of the City of San Antonio. (Dkt. # 1 at 1–3.)

According to Plaintiffs, on July 31, 2017, City Councilmen Roberto Trevino and William Shaw filed a memo with the City Council's governance committee to request a full council vote to remove the Monument. (Dkt. # 1 at 5.) Plaintiffs assert that on August 31, 2017, today's date, the City Council will vote on whether to remove the Monument. (Id. at 6.) Plaintiffs represent to the Court

[1] Although not clear from Plaintiffs' filings, the individual Plaintiffs are presumably members of the Confederate Veterans. (See Dkts. ## 1, 2.)

that immediately after the vote, the City will remove the Monument. (Dkt. # 2 at 2.) On August 30, 2017, Plaintiffs filed suit against Defendants, alleging federal claims under the First Amendment and for Due Process, as well as state law claims for attempted trespass to land and for breach of an easement. (Dkt. # 1.) Plaintiffs simultaneously filed the instant motion for TRO, asking the Court to immediately restrain Defendants from removing the Monument.[2] (Dkt. # 2.) Defendants filed a response in opposition on August 31, 2017. (Dkt. # 5.)

## LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure provides that a district court:

> may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

In order to obtain injunctive relief, including a temporary restraining order, a plaintiff must establish that (1) there is a substantial likelihood that the

[2] It should be noted that, as of the date of Plaintiffs' filing of their complaint and motion for TRO, the City Council had not yet voted on the Monument's removal. At the hearing, however, Defendants' counsel informed the Court that the City Council had indeed voted to remove the Monument.

plaintiff will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury to the plaintiff outweighs whatever damage the proposed injunctive relief would cause the defendant; and (4) the granting of the injunction is not adverse to the public interest. Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974)).

## DISCUSSION

As an initial matter, the Court notes that Plaintiffs have not addressed the issue of standing in this case. Plaintiffs do not discuss this issue in their pleadings or in the instant motion for injunctive relief. (See Dkts. ## 1, 2.) To the extent they may assert standing as city taxpayers, they have not alleged any facts to support suit in that narrowly proscribed capacity. See Flast v. Cohen, 392 U.S. 83, 88 (1968). However, even if Plaintiffs can demonstrate standing, they have not established the elements necessary for the Court's issuance of a TRO. Each of these elements is addressed below.

### A. Substantial Likelihood of Success

To obtain a preliminary injunction, the movant must first show a substantial likelihood of success on the merits. Lindsay v. City of San Antonio, 821 F.2d 1103, 1107 (5th Cir. 1987). While Plaintiffs have made several state law

claims[3] against Defendants, the crux of their request for a TRO is their claim that removal of the Monument will abridge the political speech of the Monument, thus resulting in a violation of Plaintiffs' free speech rights under the First Amendment. (Dkt. # 2 at 3.) Plaintiffs also make a vague claim for due process. (Dkt. # 1 at 9.)

Plaintiffs' contentions are without merit. The Supreme Court has held that "the placement of a permanent monument in a public park is best viewed as a form of government speech and is therefore not subject to scrutiny under the Free Speech Clause." Pleasant Grove v. City of Summun, 555 U.S. 460, 464 (2009). The Court reasoned that, "[w]hen a government entity arranges for the construction of a monument, it does so because it wishes to convey some thought or instill some feeling in those who see the structure." Id. at 470. Indeed, "[g]overnments have long used monuments to speak to the public." Id. Further, a government entity "is entitled to say what it wishes" and "select the views that it wants to express." Id. at 467–68. "Therefore, the removal of the [M]onument[] is a form of government speech and is exempt from First Amendment scrutiny." Monumental Task Comm., Inc. v. Foxx, 157 F. Supp. 3d 573, 594 (E.D. La. 2016), aff'd 678 F. App'x 250 (5th Cir. 2017). Accordingly, Plaintiffs cannot establish a substantial

[3] Plaintiffs have not made any showing, or for that matter, any argument in their motion for TRO, in support of their state law claims. Therefore, Plaintiffs have not established a substantial likelihood of success on the merits of those claims.

likelihood of success on the merits of a claim based on free speech violations under the First Amendment.

Additionally, Plaintiffs have not clearly alleged whether they are asserting a claim for procedural due process or substantive due process from Defendants' removal of the Monument. (See Dkt. # 1 at 9–11.) And, Plaintiffs' motion for TRO does not address their likelihood of success on any due process claim. (See Dkt. # 2.) In any event, the Court finds that Plaintiffs are not likely to succeed on either a procedural or substantive due process claim. Plaintiffs cannot establish that they have any property interest in the Monument, thus failing to establish a substantial likelihood of success on any claim for substantive due process. See Monumental Task Comm., 157 F. Supp. 3d at 597 (determining that volunteer services or donations by organizations towards preserving monuments do not support property interests in the monuments). Likewise, Plaintiffs cannot establish the likelihood of success on any claim for procedural due process, especially where a vote to remove the Monument was held in an open city council meeting. And, as discussed, Plaintiffs cannot establish that they have a property interest in the Monument sufficient to require constitutionally adequate procedural due process. See id. at 598.

Accordingly, Plaintiffs have failed to establish a likelihood of success of any of their claims sufficient to meet the first element of a TRO.[4]

B. Substantial Threat of Irreparable Harm

As to the second element of a preliminary injunction, a plaintiff must demonstrate a substantial threat of irreparable harm if the injunction is not granted. Lindsay, 821 F.2d at 1107. In support of this element, Plaintiffs contend that the removal of the Monument will result in a loss of their First Amendment interests. (Dkt. # 2.) However, as discussed above, the Monument is a form of government speech and is exempt from First Amendment scrutiny. See Monumental Task Comm., 157 F. Supp. 3d at 594. Accordingly, Plaintiffs cannot demonstrate a substantial threat of irreparable harm if the Monument is removed, and this element fails.

C. Balancing of Equities and Service of the Public Interest

The third and fourth elements required for obtaining a preliminary injunction are whether the threatened injury to the movant of not granting the injunction outweighs any harm that may result to the non-movant from granting the injunction, and whether an injunction would harm the public interest. Lindsay, 821 F.2d at 1107. Because Plaintiffs have failed to demonstrate a likelihood of

[4] In any case, it does not appear that Plaintiffs have properly alleged a claim against city officials for First Amendment or due process violations; Plaintiffs' complaint fails to seek any relief pursuant to 42 U.S.C. § 1983 or the Fourteenth Amendment. (See Dkt. # 1.)

success, the Court need not weigh the relative harms to the parties or consider the public interest. See Monumental Task Comm., 157 F. Supp. 3d at 594. The last two elements fail. Accordingly, "[b]ecause a preliminary injunction may only be awarded upon a clear showing that the plaintiff is entitled to such relief," Barber v. Bryant, 860 F.3d 345, 352 (5th Cir. 2017) (internal quotations and citation omitted), the "denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish *any one* of the four criteria." Black Fire Fighters Ass'n v. City of Dall., 905 F.2d 63, 65 (5th Cir. 1990) (emphasis in original).

D. Conclusion

Plaintiffs have failed to demonstrate or even allege standing for their claims against Defendants. Even if Plaintiffs have standing, they have not established they are entitled to the extraordinary remedy of a TRO or other injunctive relief. Plaintiffs' motion is therefore denied.[5]

DIRECTION TO DEFENDANTS

At the hearing, Defendants indicated their intention of removing the Monument in a manner that protects it from damage or from being defaced. The Court hereby **DIRECTS** that, should Defendants or their assigns remove the Monument in question from its present location, that the removal of the Monument

[5] At the hearing, Plaintiffs' counsel announced Plaintiffs' intent to file an amended complaint in this matter. The Court, however—having only the original complaint before it at this time—is unable to determine whether any defects in Plaintiffs' pleadings, as noted above, can and will be cured by an amended pleading.

be carried out in such a manner as to preserve the integrity of the Monument; and further, that the Monument be stored in a secure location in order to protect it from damage or from being defaced pending resolution of this lawsuit or further order of this Court.

CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for TRO, **WITH DIRECTION TO DEFENDANTS** as stated above, and for any other injunctive relief other than as specifically noted herein. (Dkt. # 2.)

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, August 31, 2017.

David Alan Ezra
Senior United States Distict Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIRAM PATTERSON, TEXAS DIVISION SONS OF CONFEDERATE VETERANS, INC., | § | |
| Plaintiffs, | § | No. 3:17-CV-02361-D |
| v. | § | |
| MIKE RAWLINGS, et al., | § | |
| Defendants. | § | |

## AFFIDAVIT OF ASHLEY EUBANKS

THE STATE OF TEXAS }
COUNTY OF DALLAS }

Before me, the undersigned authority, personally appeared ASHLEY EUBANKS who, being by me duly sworn, deposed as follows:

My name is Ashley Eubanks, and I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am one of the custodians of the records for the City of Dallas ("City") documents for the Sustainable Development and Construction Department ("Sustainable Development Department"). I have researched the records maintained by the Sustainable Development Department for the City of Dallas and did not find any transactions that the City of Dallas has had with either Hiram Patterson or with Texas Division Sons of Confederate Veterans, Inc. I have also obtained information from the Business Development and Procurement Services Department that neither Hiram Patterson or with Texas Division Sons of Confederate Veterans, Inc. have been listed as a vendor with the City of Dallas. For transactions involving the sale or

EXHIBIT 17

disposition of City real property, documents are maintained and kept by the City's Sustainable Development Department in the regular course of business, and it was the regular course of business and was part of the activities of the City for an employee or representative of the City with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. I have not located any document in the Sustainable Development Department records that indicate Hiram Patterson or Texas Division Sons of Confederate Veterans, Inc. have any ownership or other interest in Lee Park, the Confederate Cemetery, Fair Park, or Pioneer Memorial Park.

ASHLEY EUBANKS, Affiant

SWORN TO AND SUBSCRIBED before me on the 11th day of October 2017.

MARK PROCTOR
Notary Public
STATE OF TEXAS
My Comm. Exp. 12-29-2018
NOTARY PUBLIC
STATE OF TEXAS

Notary Public, State of Texas

# Office of Cultural Affairs

## Presentation to the Task Force on Confederate Monuments

## August 31, 2017

Jennifer Scripps, Director
Kay Kallos, Public Art Program Manager
John Spriggins, South Dallas Cultural Center Manager

tabbies
EXHIBIT
18

# Purpose

- Public Art in Dallas
- What is being done nationally
- Confederate Monuments in Dallas
- Additional Representations of the Confederacy in Dallas
- Process for Removal of City-owned Artwork
- Questions

City of Dallas

# Origins of Public Art in Dallas

**Before 1989**

- Historic murals, bas reliefs and sculptures at Fair Park.
- Monuments and Artwork donated to the City became part of the Public Art Collection in 1989.
  - ***Confederate Monument*** by Frank Teich, 1896-7
  - ***Robert E. Lee and the Confederate Soldier***, Alexander Phimister Proctor, 1936
  - ***The Dallas Piece*** at City Hall Plaza by Henry Moore, 1978 (at right)
  - ***Floating Sculpture*** by Marta Pan, 1979 (at right)

Marta Pan, *Floating Sculpture* (1979), Dallas City Hall

# Confederate Monuments in Dallas

| Title of Work | Artist | Date | Location | Information |
|---|---|---|---|---|
| Confederate Monument | Frank Teich | 1896-97 | Pioneer Cemetery, Young Street | Donated by the Daughters of the Confederacy<br><br>Has Dallas Landmark Status<br><br>1897 installed at Old City Park<br><br>Relocated 1961 |
| Robert E. Lee and the Confederate Soldier | Alexander P. Proctor | 1936 | Lee Park, 3400 Turtle Creek Blvd | Donated by the Southern Memorial Association<br><br>On Park Property |

7

# Confederate Monuments in Dallas

Frank Teich, *Confederate Monument*, 1896-97

Alexander Phimister Proctor, *Robert E. Lee and the Confederate Soldier*, 1936