_____

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

_____

| | |
|---|---|
| Hiram Patterson, Texas Division, Sons of Confederate Veterans, Inc., Plaintiffs, | § § § § |
| v. | § § |
| Mike Rawlings, In His Official Capacity as Mayor of the City of Dallas, and Scott Griggs, Adam Medrano, Casey Thomas, II, Dwaine Caraway, Rickey Callahan, Omar Narvaez, Kevin Felder, Tennell Atkins, Mark Clayton, Adam McGough, Lee Kleinman, Sandy Greyson, Jennifer Gates, Philip Kingston, In Their Official Capacities as Members of the Dallas City Council, Defendants. | § § § § § Civil Action No. 3:17-CV-02361-D § § § § § § § § § |

_____

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS

_____

/s/ KIRK DAVID LYONS
Texas Bar No. 12743500
P.O. Box 1235
Black Mountain, N.C. 28711
kdl@slrc-csa.org
Tel. (828) 669-5189
Fax (828) 575-5290

/s/ David D. Vandenberg
Mo. Bar No. 69873
Admitted to No. Dist. Tex.
3603D Las Colinas Drive
Austin, Texas 78731
davidvandenberg@hotmail.com
Tel. (512) 373-8694

ATTORNEYS FOR PLAINTIFFS

Plaintiffs ask the Court to impose sanctions against MIKE RAWLINGS, MAYOR of the CITY OF DALLAS; CITY COUNCIL MEMBERS SCOTT GRIGGS, ADAM MEDRANO, CASEY THOMAS, DWAINE CARAWAY, RICKY CALLAHAN, OMAR NARVAEZ, KEVEN FELDER, TENNELL ATKINS, MARK CLAYTON, ADAM McGOUGH, LEE KLEINMAN, SANDY GREYSON, JENNIFER GATES, PHILIP KINGSTON; and CITY ATTORNEYS LARRY E. CASTO, CHRIS CASO, CHARLES ESTEE, LEAH TUCCELLI, LISA PENNEY, YVONNE WALKER, and STACY RODRIGUEZ.

## A. INTRODUCTION

1. Plaintiffs are HIRAM PATTERSON and the TEXAS DIVISION, SONS of CONFEDERATE VETERANS, INC.

2. Defendants are MIKE RAWLINGS, in his official capacity as MAYOR of the CITY OF DALLAS, and SCOTT GRIGGS, ADAM MEDRANO, CASEY THOMAS, DWAINE CARAWAY, RICKY CALLAHAN, OMAR NARVAEZ, KEVEN FELDER, TENNELL ATKINS, MARK CLAYTON, ADAM McGOUGH, LEE KLEINMAN, SANDY GREYSON, JENNIFER GATES, and PHILIP KINGSTON, in their official capacities as DALLAS CITY COUNCIL MEMBERS.

## B. FACTS

3. On September 15, 2017, the Court established a briefing schedule relative to plaintiffs' application for a preliminary injunction. (ECF No. 12).

4. The Court ordered plaintiffs to file supporting materials and a separate brief. *Id.* at 1. The Court ordered defendants to file their "opposition materials and a separate brief." *Id.* at 2. The Court granted plaintiffs leave to file a reply brief. *Id.* at 3. The Court allowed for no other pleadings in the Scheduling Order.

5. On September 26, 2017, plaintiffs filed their Brief in Support of Motions for Preliminary Injunction & Declaratory Judgment. (ECF No. 16).

6. On September 29, 2017, defendants filed their Brief in Support of Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim. (ECF No. 19). Even though defendants had twenty-one days to respond, they chose to file three days after plaintiffs filed.

7. On October 12, 2017, defendants filed a second responsive brief, their Response to Plaintiffs' Motion[s] for Preliminary Inju[n]ction and Declaratory Judgment, etc. (ECF No. 21) and supporting Appendix (ECF No. 22).

8. On October 27, 2017, defendants filed a surreply to plaintiffs' reply brief. (ECF No. 28). This is defendants' second unauthorized pleading.

9. Plaintiffs served motions for sanctions on defendants and defendants' attorneys reasonably soon after discovering the sanctionable conduct. On October 13, 2017, plaintiffs filed a Motion to Strike defendants' second responsive brief. (ECF No. 23).

10. Plaintiffs filed their Amended Motion to Strike and Brief in Support of Amended Motion to Strike on October 21, 2017. (ECF Nos. 26 & 27).

11. On October 31, 2017, plaintiffs contacted defendants' attorneys to ask they withdraw their improper pleadings. Defendants' attorneys refused. Exhibit A.

12. Plaintiffs now request sanctions against defendants and defendants' attorneys for disobedience of the Court's Scheduling Order by filing unauthorized briefs or pleadings and subsequently refusing to withdraw these pleadings when given the opportunity.

## C. ARGUMENT

13. A court may impose sanctions on a party or a party's attorney who does not obey a scheduling or pretrial order of the court. F. R. Civ. P. 16(f)(1)(C); 6A Wright, Miller & Kane § 1531 & nn. 4-5; *Fleming Assocs. v. Newby & Tittle*, 529 F.3d 631, 641-42 (5th Cir. 1996).

> [W]e recognize that district courts retain the ability to police their own rules through various punitive sanctions mechanisms, including issuing written opinions that describe attorney misconduct. Such admonitions play an important role in discouraging bad behavior by litigators, and where a district court has reviewed a case of misconduct and issued a well

    reasoned sanctions order, we should not allow a subsequent settlement to erase that language.

*Fleming*, 529 F.3d at 641; *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (trial court has broad discretion to preserve integrity and purpose of pretrial order) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)); *see also Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 45-46 (1st Cir. 2002) (where plaintiff repeatedly noncompliant with scheduling order, extreme sanction of case dismissal was proper sanction).

> [D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal). *Cosme Nieves v. Deshler*, 826 F.2d 1, 2 (1st Cir. 1987). This principle applies with undiminished force to scheduling orders. To manage a crowded calendar efficiently and effectively, a trial court must take an active role in case management. Scheduling orders are essential tools in that process—and a party's disregard of such orders robs them of their utility. For that reason, litigants have an "unflagging duty to comply with clearly communicated case-management orders." *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998).

*Tower Ventures*, 296 F.3d at 46.

    14.    Where a party or a party's attorney violates a scheduling order, "the court must order the party, the party's attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." F. R. Civ. P. 16(f)(2). "Among the sanctions authorized by [Rule 16] are: preclusion order, striking a pleading, staying the proceeding, default judgment, contempt, and charging a party, his attorney, or both with

expenses, including attorney's fees, caused by noncompliance. The contempt sanction, however, is only available for a violation of court order." 1983 Notes to F. R. Civ. P. 16 at ¶39.

15. Defendants and defendants' attorneys violated the Court's Scheduling Order, because defendants and attorneys submitted a second responsive brief (ECF No. 21) and a surreply to plaintiffs' reply brief (ECF No. 28) without seeking the Court's leave. Defendants' additional pleadings greatly increase the adjudicative burden on the Court, because defendants are providing forty-five additional pages of argument and 115 additional pages of appendix. Defendants have on two occasions disregarded the Court's Scheduling Order and prevented the Court from managing its calendar by presenting redundant pleadings and unnecessarily extending the time for adjudication of plaintiffs' application for preliminary injunction.

16. Defendants' pleadings have robbed the Court of the utility of its Order, i.e., to manage its heavy caseload and to manage the case at bar efficiently to resolution. *Tower Ventures*, 296 F.3d at 46. Defendants' conduct has breached their duty of unflagging duty to comply with clearly communicated case-management orders. *Id.* Defendants' filing two unauthorized and redundant pleadings in contravention of the Court's Scheduling Order constitutes extreme and repeated misconduct and warrants extreme sanctions. *Id.* Defendants have filed two unreasonable and vexatious pleadings in violation of the Court's Scheduling Order, and the

Page 6 of 14

Court must, therefore, charge defendants, defendants' attorney, or both, with plaintiffs' attorney's fees. 1983 Notes to F. R. Civ. P. 16 at ¶39. The Court should also find defendants in contempt for violation of the Court's Scheduling Order and strike the two unauthorized pleadings. *Id.*

17. A court may impose sanctions on an attorney who multiplies a proceeding unreasonably and vexatiously. 28 U.S.C. § 1927; *Maguire Oil Co. v. City of Houston*, 143 F.3d 205, 208 (5th Cir. 1998) (attorneys individually liable for sanctions under Sec. 1927). Sanctions for attorney's fees and costs under 28 U.S.C. § 1927 is reserved for behavior that violates the recognized standards of litigation conduct. *F.D.I.C. v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994) (Sec. 1927 sanctions employed "only in instances evidencing serious and standard disregard for orderly process of justice," including failure to comply with court order); *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1201-02 (10th Cir. 2008) (attorney unreasonably and vexatiously filed motion that misstated opposing counsel's position, creating needless expense).

18. Defendants' attorneys have multiplied the proceeding unreasonably and vexatiously. Defendants' attorneys have evidenced a serious and standard disregard for the orderly process of justice by willfully disobeying the Court's Scheduling Order in filing two unauthorized pleadings. The Rules allow for a complaint, an answer, and, if ordered by the court, a reply to an answer. 7(a). The Scheduling Order allows for the same.

(ECF No. 12). The effect of defendants' unauthorized and redundant pleadings is to prolong litigation and supplement their single authorized responsive pleading and supporting materials without leave of the Court. The Court authorized defendants to submit "opposition materials and a separate brief." (ECF No. 12 at 2). However, defendants' arguments in all three substantive pleadings are identical defenses: 12(b)(1), 12(b)(6), and an alleged political question.

19. Defendants aver that they have submitted discrete pleadings relative to plaintiffs' discrete pleadings and that defendants may, therefore, submit multiple pleadings. (ECF No. 29 at 2-3). This is an inaccurate construction of the pleading Rules and does not comport with the principle of *in pari materia*. Under the canons of construction, discrete documents relating to the same subject matter, should be construed as one. "It is a canon of construction that statutes that are *in pari materia* may be construed together, so that inconsistencies in one statute may be resolved by looking at another statute on the same subject." *Black's Law Dictionary* 911 (10th ed. 2014). Since defendants have submitted three separate pleadings all on the same subject matter, the Court should construe the three pleadings as a single, divisible argument in which the two latter divisible pleadings can and should be severed from the case, because they were submitted in violation of the Court's Order.

20.     These unauthorized supplements usurp the Court's authority in case management and prevent plaintiffs from exercising their right to rebut defendants' answer, which prejudices plaintiffs' case. The *Hamilton* court ruled that where an attorney unreasonable and vexatiously misstated an opponent's position, attorney's fees were warranted. 519 F.3d at 1201-02. In the instant matter, the prejudice to plaintiffs is more severe than a mere statement of their position. Plaintiffs have no authorized rebuttal to defendants' repeated violation of the Court's Scheduling Order. The Court should remedy defendants' attorneys' violation of the Scheduling by a finding of contempt, the striking of the unauthorized pleadings, and the award of attorney's fees.

21.     The Court has the inherent power to assess attorney's fees against counsel. *Chambers v. Nasco, Inc.*, 501 U.S. 33, 45 (1991) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980)). Even though the American Rule prohibits fee shifting, courts may assess attorney's fees as a sanction for the "willful disobedience of a court order." *Chambers*, 501 U.S. at 45 (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259 (1975) (in turn quoting *Fleischmann Distilling Corp. v. Maier Brewing Corp.*, 386 U.S. 714, 718 (1967))). Depending on the severity of the contempt, the Court may also impose the full cost of litigation. *Chambers*, 501 U.S. at 45 (quoting *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 428 (1923)). A court may impose sanctions under its inherent power on

a person when necessary to regulate its docket, promote judicial efficiency, and deter frivolous filings. *Mann v. Boatright*, 477 F.3d 1140, 1150 (10th Cir. 2007).

> Beverly's repeated frivolous motions have caused this court to expend valuable time and resources that could have been better spent addressing meritorious arguments advanced by rule-abiding litigants.

*Mann*, 477 F.3d at 1150.

22. Defendants' attorneys have filed their unauthorized pleadings in bad faith. Bad faith is "dishonesty of belief, purpose, or motive." *Black's Law Dictionary* 166 (10th ed. 2014).

> A complete catalog of types of bad faith is impossible, but the following types are among those which have been recognized in judicial decisions: evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference or failure to cooperate in the other party's performance. Restatement (Second) of Contracts ¶ 205 cmt. d (1979).

*Black's Law Dictionary* 166. Defendants' attorneys exercised bad faith, because they filed two pleadings and a lengthy appendix in violation of the Scheduling Order. Willful disobedience of a court order suffices for a court to award attorney's fees to the objecting party in order to vindicate the inherent power of the court. *Chambers*, 501 U.S. at 45. Defendants' attorneys went beyond mere violation of the Court's Scheduling Order. Plaintiffs also requested defendants voluntarily withdraw their unauthorized pleadings, Exhibit A; defendants, however, refused. *Id.* Defendants' attorneys are attempting to evade the spirit of the Scheduling Order and evincing

dishonesty of purpose by effectively amending their answer on two occasions without leave of the Court. The Court should vindicate the force of Its orders and remedy the prejudice and bad faith against plaintiffs that defendants' attorneys have established by awarding attorney's fees against defendants' attorneys.

23. Specifically, this Court must impose sanctions on Mike Rawlings, Mayor of the City of Dallas; and Scott Griggs, Adam Medrano, Casey Thomas, II, Dwaine Caraway, Rickey Callahan, Omar Narvaez, Kevin Felder, Tennell Atkins, Mark Clayton, Adam McGough, Lee Kleinman, Sandy Greyson, Jennifer Gates, Philip Kingston, Dallas City Council Members, because these defendants breached their affirmative duty to the Court to obey the Court's Scheduling Order in filing two unauthorized and lengthy pleadings. F. R. Civ. P. 16(f)(1)(C), (2); *Tower Ventures*, 296 F.3d at 46.

24. Specifically, this Court must impose sanctions on Dallas City Attorneys Larry E. Casto, Chris Caso, Charles Estee, Leah Tuccelli, Lisa Penney, Yvonne Walker, and Stacy Rodriguez, because these attorneys breached their affirmative duty to the Court to obey the Court's Scheduling Order in filing two unauthorized and lengthy pleadings. *Id.*

25. Specifically, this Court should impose sanctions on Dallas City Attorneys Larry E. Casto, Chris Caso, Charles Estee, Leah Tuccelli, Lisa Penney, Yvonne Walker, and Stacy Rodriguez, because these attorneys breached their affirmative duty to the Court to obey the Court's Scheduling

Order in filing two unauthorized and lengthy pleadings that have multiplied the proceeding unreasonably and vexatiously. 28 U.S.C. § 1927; *Maguire*, 143 F.3d at 208.

26. Specifically, the Court should also impose sanctions under Its inherent authority on Dallas City Attorneys Larry E. Casto, Chris Caso, Charles Estee, Leah Tuccelli, Lisa Penney, Yvonne Walker, and Stacy Rodriguez for willful disobedience of the Court's Scheduling Order and exercising bad faith in these proceedings. *Chambers*, 501 U.S. 45; *Mann*, 477 F.3d at 1150.

27. The Court must impose one or more of the following sanctions on defendants, on defendants' attorneys, or both: a finding of contempt, striking the three unauthorized pleadings, and/or awarding plaintiffs' reasonable attorney's fees.

28. The Court should impose the following on defendants' attorneys: plaintiffs' reasonable attorney's fees.

29. Defendants and defendants' attorneys filed two pleadings in violation of the Court's Scheduling Order, which has caused plaintiffs unreasonable and unnecessary legal costs and impugned the authority of the Court to regulate its docket efficiently. The Court's finding of contempt will vindicate the Court's authority; the Court's striking defendants' improper pleadings will enforce the Court's Scheduling Order; the Court's mandatory

award of plaintiffs' attorney's fees will make plaintiffs whole from responding to defendants' violative pleadings and bad faith.

### D.  CONCLUSION

30.  Defendants have filed pleadings in violation of the Court's Scheduling Order.  Defendants' pleadings violate Federal Rule of Civil Procedure 16(f)(1)(C), for which the Court must assess plaintiffs' reasonable attorney's fees against defendants, defendants' attorneys or both.  16(f)(2). Defendants' unauthorized pleadings violate 28 U.S.C. § 1927, for which the sanction of attorney's fees should lie against defendants' attorneys. Defendants' unauthorized pleadings violate the inherent power of the Court, for which the sanction of attorney's fees should also lie against defendants' attorneys.  In light of the unusual circumstances of this case, plaintiffs respectfully submit that the Court may wish to issue an order to show cause why defendants and defendants' attorneys should not be found in contempt, not have the Court strike the offending pleadings, and not have the Court impose reasonable attorney's fees against defendants and/or their attorneys. Respectfully submitted this 8th day of November 2017.

/s/ KIRK DAVID LYONS  
Texas Bar No. 12743500  
P.O. Box 1235  
Black Mountain, N.C. 28711  
kdl@slrc-csa.org  
Tel. (828) 669-5189  
Fax (828) 575-5290  

/s/ David D. Vandenberg  
Mo. Bar No. 69873  
Admitted to No. Dist. Tex.  
3603D Las Colinas Drive  
Austin, Texas 78731  
davidvandenberg@hotmail.com  
Tel. (512) 373-8694

## CERTIFICATE OF SERVICE

I certify that on November 8, 2017, a copy of Plaintiffs' Motion for Sanctions was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for defendants, Mike Rawlings, et al.

Charles S. Estee
Office of the City Attorney
1500 Marilla Street
Dallas, Texas 75201
Tel. (214) 670-3519
charles.estee@dallascityhall.com

/s/ David D. Vandenberg

## CERTIFICATE OF CONFERENCE

On 31 OCT 2017, I conferred with Stacy Rodriguez, attorney for defendants, and she states that she is opposed to Plaintiffs' Amended Motion for Sanctions in that she believes that Plaintiffs' Motion for Sanctions lacks merit.

/s/ David D. Vandenberg

Attorney for Plaintiffs