UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIRAM PATTERSON, TEXAS | § | |
| DIVISION SONS OF CONFEDERATE | § | |
| VETERANS, INC., | § | |
| | § | |
| Plaintiffs, | § | No. 3:17-CV-02361-D |
| | § | |
| v. | § | |
| | § | |
| MIKE RAWLINGS, et al., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS

TO THE HONORABLE COURT:

Defendants, the Mayor and City Council Members of the City of Dallas, all sued in their official capacities (hereafter collectively referred to as Defendants), file this response to Plaintiffs' motion for sanctions (ECF No. 37):

### I. Overview

Defendants filed a brief in support of their motion to dismiss and a subsequent reply after Plaintiffs filed their response. (ECF Nos. 19, 28). Defendants also filed a separate response to Plaintiffs' request for preliminary injunction. (ECF No. 21). Plaintiffs now seek sanctions because they believe two of these filings were "unauthorized." Plaintiffs fail to comprehend, or choose to ignore, the difference between a brief supporting a motion to dismiss and a brief opposing a request for preliminary injunction. The motion is meritless and should be summarily denied.

## II.     Defendants were entitled to file a brief in support of their motion to dismiss and a reply to Plaintiffs' response.

Rule 7(b) states a request for a court order must be made by a motion.  Fed. R. Civ. Pro.

7(b).  Rule 12 provides that a defendant, before filing a responsive pleading, may file a motion to

dismiss for lack of subject matter jurisdiction and a failure to state a claim upon which relief may

be granted.  Fed. R. Civ. Pro. 12(b)(1), (6).  The defendant does not need to file a responsive

pleading until the motions to dismiss are denied.  Fed. R. Civ. Pro. 12(a)(4).  Local Rule 7.1 sets

out the general requirements for motion practice in the Northern District of Texas.  Among other

things, it provides that motions to dismiss must be accompanied by briefs, any response and brief

must be filed within 21 days from the date the motion is filed, and the moving party may file a

reply brief within 14 days of the filing of a response.  Local Rule 7.1(d), (e), (f), (h).

Defendants timely filed a motion to dismiss supported by a brief and appendix.  (ECF Nos.

18, 19, 20).[1]  Plaintiffs filed a response.  (ECF Nos. 24).[2]  Defendants filed a reply.  (ECF No.

28).[3]

Defendants have complied with the requirements of the federal and local rules of civil

procedure and have not violated any scheduling order of the Court.  *See Spring Industries, Inc. v.*

*American Motorists Ins. Co.,* 137 F.R.D. 238, 239 (N.D. Tex. 1991) ("Following this court's

decision in *Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D.

---

[1] Plaintiffs, while correctly noting the brief was filed in support of the motions to dismiss, incorrectly assume it was filed in response to their brief requesting a preliminary injunction.  (ECF 37-1 at 3 [¶ 6]).

[2] The filing was titled "Plaintiffs' Brief Reply for Motions for Preliminary Injunction & Declaratory Relief." (ECF No. 24).  Even though labeled a reply, references in the filing reflect it was a response to Defendants' motions to dismiss.  (*See e.g.* ECF No. 24 at 8 [note 2]; 16 [¶ 23]; 21 [¶ 37]; 23 [note 4]).  Also, when Plaintiffs filed using PACER, they linked the filing to Defendants' motion to dismiss.  *See* Docket Report, ECF Entry No. 24.

[3] Plaintiffs incorrectly assert this was a surreply to their reply brief.  (ECF No. 37-1 at 3 [¶ 8]).

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS

Tex.1988) (en banc), there should be little doubt 'that the party with the burden on a particular matter will normally be permitted to open and close the briefing.'"). Defendants had the burden on the motion to dismiss and pursuant to the Local Rules and *Dondi* were entitled to file an initial brief in support of the motion and, after Plaintiffs' response, to file a reply.

### III. Defendants were entitled to file a brief in response to Plaintiffs' request for a preliminary injunction.

The Court issued an order concerning Plaintiffs' application for a preliminary injunction contained in Plaintiffs' second amended complaint. (ECF No. 12). The Court directed that it would decide the request on written submission of evidence unless a hearing was necessary to resolve a credibility issue. (ECF. No. 12 at 1). The Court ordered that if Plaintiffs filed a brief and supporting evidence, Defendants would have 21 days to respond. (*Id.* at 1-2). The Court further ordered that Plaintiffs could file a reply brief within 14 days of the response but no evidence was to be submitted unless leave of court was first obtained. (*Id.* at 3).

Plaintiffs filed their brief and appendix in support of their request for a preliminary injunction. (ECF No. 16, 16-1). Defendants timely filed their response with a supporting separate appendix. (ECF Nos. 21, 22).[4] No reply was filed by Plaintiffs.[5] Defendants complied with the requirements of the federal and local rules of civil procedure and have not violated any scheduling order of the Court. To the contrary, pursuant to the Court's scheduling order and Local Rule 7.1(e), Defendants were entitled to file a response to Plaintiffs' brief requesting a preliminary injunction.

---

[4] Plaintiffs incorrectly assert this was a second response. (ECF No. 37-1 at 3 [¶ 7]).

[5] Without leave of court, Plaintiffs have untimely filed affidavits in apparent support of Plaintiffs' request for a preliminary injunction. (ECF Nos. 16 at 27; 25-1; 25-2; 30-1; 30-2; 31-1; 34-1). Defendants have objected to the consideration of the affidavits in deciding the request for preliminary injunction. (ECF No. 36). *See Spring Industries, Inc.,* 137 F.R.D. at 239 ("It follows that a reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond.")

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS

**IV.    Plaintiffs' Meritless Motion for Sanctions Should Be Denied**

**A.   Defendants did not violate the Court's scheduling order.**

Plaintiffs' motion seeks sanctions against the Defendants, attorneys in the Dallas City Attorney's Offices, and a paralegal and secretaries in the City Attorney's Office because Defendants filed a response to Plaintiffs' request for injunctive relief, (ECF No. 21), and a reply to Plaintiffs' response to the motion to dismiss, (ECF No. 28). Plaintiffs request a show cause order, findings of contempt, the striking of the response and reply. (ECF Nos. 37, 37-1). Plaintiffs assert that Defendants and their counsel violated the Court's scheduling order by filing two responses to their request for preliminary injunction. Again, the assertion is based on Plaintiffs' inability to understand, or decision to ignore, the distinction between briefing in support of Rule 12(b) motions and briefing in opposition to a preliminary injunction request. As detailed above Defendants have complied with the Court's order and the applicable rules of civil procedure. The motion is frivolous.

**B.   Plaintiffs seek to sanction secretaries and other unrelated individuals.**

The frivolousness of Plaintiffs' motion is highlighted by Plaintiffs' contention that sanctions should be imposed on seven individuals because "these attorneys" failed to obey the Court's scheduling order. (ECF No. 37-1 at 11-12 [¶¶ 24-26]). Among those named are Leah Tuccelli, Lisa Penney, and Yvonne Walker. (*Id.*). These individuals are secretaries and paralegals for the Dallas City Attorney's Office. (Defendants' App'x at 1). They have not signed, filed, submitted, or advocated for any of Defendants' filings or otherwise appeared before the Court. The only conceivable reasons for naming them is because they may have communicated with

Plaintiffs' counsel or are registered to receive filings in this case through PACER.[6]   Seeking sanctions against them is frivolous.

Larry Casto is also named and, while he is the Dallas City Attorney, he has not entered an appearance or signed or submitted any filing in this case. (Defendants' App'x at 1). Chris Caso and Stacy Rodriguez have appeared in the case but they did not sign nor are they responsible for the challenged filings. (*Id.*). Likewise, Plaintiffs seeks sanctions against Defendants but they too did not sign, present, or submit nor are they responsible for the challenged filings. (*Id.*). Plaintiffs offer no evidence, argument, or authority how any of these individuals are involved with the filings. (*Id.*). The undersigned, Charles S. Estee, signed, filed, submitted, and is solely responsible for the challenged filings. Without regard to the complete absence of merit to the motion, seeking sanctions against these other attorneys is frivolous.

### C.  Plaintiffs persisted with their sanctions motion despite knowing it was meritless.

Prior to filing the sanctions motion, Plaintiffs filed a motion to strike and an amended motion to strike the claimed duplicative briefs. (ECF Nos. 23, 26, 27). They asserted the same argument now made in the sanctions motion. Plaintiffs claimed the Defendants' briefs were redundant, violated the Court's scheduling order, and should be struck. (*Id.*). Defendants filed a response which explained the distinction between briefing for the motions to dismiss and briefing for the request for preliminary injunction. (ECF No. 29). Plaintiffs did not file a reply.

Instead, apparently unhappy that the Court had not acted quickly to strike the filings, Plaintiffs filed their sanctions motion and brief. (ECF Nos. 37, 37-1). In their brief, Plaintiffs

---

[6] Rule 11(b)(3) states in part that by presenting a filing to a court, the attorney certifies that to the best of their knowledge, information and belief formed after reasonable inquiry, "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). *See also Chaplin v. Du Pont Advance Fiber Systems*, 124 Fed. Appx. 771, 774-75 (4th Cir. 2005). There is no evidentiary support for seeking sanctions against the paralegal and secretaries.

appear to attempt to distinguish briefing related to motions to dismiss and briefing related to requests for a preliminary injunction. (ECF 37-1 at 8 [¶ 19]).  The argument is unintelligible.

First, Plaintiffs claim Defendants have filed "pleadings" but they reference all filings as pleadings.  (ECF Nos. 37, 37-1).  The term "pleading" is specifically defined to include such filings as a complaint or an answer but does not include motions or responses.  *See* Fed. R. Civ. P 7.  To date, Defendants have filed no pleadings, they have only filed motions, responses, and replies with supporting briefs.  The only live pleading is Plaintiffs' second amended complaint.

Second, Plaintiffs claim *in pari materia* as to the federal rules and then somehow contend that multiple "pleadings" on the same subject should be construed as one and thus "the latter divisible pleadings can and should be severed from the case, because they were submitted in violation of the Court's Order."  (ECF 37-1 at 8 [¶ 19]).  No authority is cited for these conclusory and confusing assertions.  Moreover, Plaintiffs misconstrue *in pari materia* and then seek to have it simultaneously apply to the federal rules, the local rules, the Court's orders, and Defendants' filings.  *In pari materia* is a canon of construction whereby statutes on the same subject are construed together.  *Black's Law Dictionary* (10th ed. 2014).  As explained above, construing Rules 7 and 12 and Local Rules 7.1 together and consistently confirms that Defendants were authorized to file briefing in support of dismissal and separate briefing in opposition to the requested preliminary injunction.   Plaintiffs have failed to articulate a non-frivolous colorable or plausible violation of the Court's order or any applicable rule.

Third, Plaintiffs incorrectly assert that the "pleadings" repeat the "identical defenses: 12(b)(1), 12(b)(6), and an alleged political question."  (ECF 37-1 at 8 [¶ 18]).  Repeating the obvious, Defendants through the motions to dismiss seek dismissal of the lawsuit and all of Plaintiffs' claims.  The burden of proof is on Defendants.  Through their opposition of the request

for preliminary injunction, Defendants seek the denial of the request for a preliminary injunction. The burden of proof is on Plaintiffs. The difference is established by comparing Plaintiffs second amended complaint and their request for a preliminary injunction and the Defendants' response to each.

In the second amended complaint, Plaintiff assert claims of interest in Pioneer Memorial Park and the Confederate Cemetery, quiet title, copyright violations, specific performance, estoppel, and free speech infringement. (ECF No. 10). Defendants sought dismissal of these claims based on a lack of standing and a failure to state a claim. (ECF No. 19). Plaintiffs' response was silent as to these claims, except as to the free speech and Confederate Cemetery claims. (ECF No. 24). The inability or the refusal to offer any response in defense of the other claims is a clear indicator of lack of merit.

In their request for preliminary injunction, the only basis urged for a preliminary injunction was based on free speech infringement and an imagined property interest in the Confederate Cemetery. (ECF No. 16). With supporting evidence, Defendants disproved the likelihood of success of these two claims and disproved the remaining elements for injunctive relief. (ECF Nos. 21, 22). Plaintiffs did not reply.

While some of Defendants' arguments supporting dismissal and opposing a preliminary injunction overlap, Defendants' briefs concern two separate matters, involving two different procedural requests, with different elements, burdens of proof, and requested relief.

Next, Plaintiffs complain that the filings caused "plaintiffs unreasonable and unnecessary legal costs" and they seek to be made whole from having to respond to Defendants "violative pleadings and bad faith." (ECF Nos. 37 at 1-2; 37-1 at 12-13). Any unreasonable and unnecessary legal costs are entirely of Plaintiffs' own making and they have elected not to actually address the

merits of Defendants' filings.  Again, Defendants filed a motion to dismiss and Plaintiffs filed a response and Defendants replied.  (ECF Nos. 18, 19, 24, 28).  Plaintiffs requested a preliminary injunction, Defendants filed a response, and Plaintiffs did not file a reply.  (ECF Nos. 16; 16-1; 21; 22).  Instead of addressing the merits through a reply, Plaintiffs engaged in a series of extraneous, unnecessary, and confusing filings concerning motions to strike, motion to withdraw affidavits, and submission of affidavits.  (ECF Nos. 23; 26; 27; 30; 30-1; 30-2; 34; 34-1).  Plaintiffs' arguments that they incurred unnecessary legal costs or were in any way prejudiced by the Defendants' filings are devoid of merit.

Next, Plaintiffs argue that sanction can be imposed pursuant to Rule 16(f), 28 U.S.C. § 1927, and the Court's inherent authority.  The Court has authority to impose sanction under those grants of authority as well as other authority such as Rule 11.  However, none of the cited cases by Plaintiffs support the imposition of sanctions.  For support under Rule 16(f), Plaintiffs cited:

> -*Fleming Assocs. v. Newby & Tittle*, 529 F.3d 631 (5th 1996) but the award of attorney fees was reversed and there was a failure to timely file an expert report, the only explanation for the untimely filing was conclusory, and there were questionable changes to the report;
> -*Barrett v. Atlantic Richfield Co.*, 95 F.3d 375 (5th Cir. 1996) involved the exclusion of expert testimony because of a failure to comply with disclosure deadlines;
> -*Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 4353 (1st Cir. 2002) involved sanctions for failing to comply with deadlines, after a prior extension, and failing to explain the failure to comply.

For support under 28 U.S.C. 1927, Plaintiffs cite:

> -*Maguire Oil Co. v. City of Houston*, 143 F.3d 205, 208, 212 (5th Cir. 1998) and Plaintiffs state the case upheld sanctions against the attorneys; however, the court of appeals reversed the imposition of sanction awarded under the statute;

-*F.D.I.C. v. Conner*, 20 F.3d 1376 (5th Cir. 1994) but the court of appeals vacated the sanction award;

-*Hamilton v. Boise Cascade Express*, 519 F.3d 1197 (10th Cir. 2008) but the case involved a motion to enforce a settlement agreement that was without "good basis" and misstated opposing counsel's position without a reasonable basis.

For support of the Court's inherent authority, Plaintiffs cite:

-*Chambers v. Nasco, Inc*., 501 U.S. 33 (1991) which involved the imposition of fees against a party for his actions in obstructing a sale for three years;

-*Mann v. Boatright*, 477 F.3d 1140 (10th Cir. 2007) which involved a pro se appellant who filed 5 to 7 motions seeking "unwarranted relief" and had been earlier warned that further violations would lead to sanctions.

None of the cases support Plaintiffs' requested relief.

Without fact or law, Plaintiffs' motion accuses Defendants and their counsel of bad faith and dishonesty as to their dealing with the Court.  (*See* ECF No. 37-1 at 10).  The allegations are as offensive as they are unsupported.  The *Dondi* court admonished that characterization of opposing party's conduct as acting in bad faith and in defiance of a court's prior orders "should be sparingly employed by counsel and should be reserved for only those instances in which there is a sound basis in fact demonstrating a party's deliberate and intentional disregard of an order of the court or of obligations imposed under applicable Federal Rules." *Dondi*, 121 F.R.D. at 289. Indeed, unsupported claims of dishonesty and bad faith may result in the imposition of sanction on the accuser.  *See Wessels v. BSZ Medical PA*, No. SA–16–CA–00297–FB, 2017 WL 2999417 (W.D. Tex. May 31, 2017) ("The unfounded and undignified allegations of criminal behavior against plaintiff and of unprofessional and immoral conduct by her lawyer were vexatiously made in bad faith and violated Rule 11, 28 U.S.C. § 1927 and warranted holding both [counsel and his client] in contempt.").  At a minimum, the Court should deny Plaintiffs' motion and award Defendants their cost in defending this frivolous and offensive motion.

### V.   Defendants Should be Awarded Their Reasonable Expenses, Including Attorney Fees Incurred in Defending Against the Motion

Rule 16(1) provides that the Court may issue any "just order."  Fed. R. Civ. P. 16.  While Defendants have not located authority whether this provision grants or denies authority for the award of fees to a prevailing party, a "just order" would allow Defendants to recover the costs incurred in responding to and defending against Plaintiffs' motion.  Alternatively, as Plaintiffs note, the Court has authority under its inherent power and under 28 U.S.C. § 1927 to award costs and attorney fees.  Finally, Rule 11(c)(2) states in part that the Court, if warranted, may award to the prevailing party reasonable expenses, including attorney fees, incurred for the motion.  Fed. R. Civ. P. 11(c).  While Plaintiffs did not cite Rule 11, their motion was one for sanctions for the filings by Defendants.  As detailed above, Defendants should be the prevailing party and the award of expenses, including attorney fees, is warranted.   Under any one of these bases, Defendants should be awarded their costs, including reasonable attorney fees.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, the Defendants requests that the Court deny in whole, or alternatively in part, Plaintiffs' for sanctions (ECF Nos. 37), award Defendants' reasonable expenses, including attorney fees, in defending the motion, and grant Defendants such other relief as the Court finds just.

Respectfully submitted,
CITY ATTORNEY OF THE CITY OF DALLAS

Larry E. Casto
Dallas City Attorney

*/s/  Charles S. Estee*
STACY JORDAN RODRIGUEZ
Executive Assistant City Attorney
Texas Bar No. 11016750
stacy.rodriguez@dallascityhall.com

CHARLES S. ESTEE
Senior Assistant City Attorney
State Bar of Texas No. 06673600
charles.estee@dallascityhall.com

7BN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone – 214/670-3519
Telecopier – 214/670-0622

## CERTIFICATE OF SERVICE

I certify that on November 29, 2017, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case failing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Charles S. Estee*
Charles S. Estee

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS